Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

September 1, 2023

<u>**Via ECF**</u>

Hon. John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1320
New York, NY 10007

Re:     *NCR Corp. v. B.A.T. Industries p.l.c.*, No. 1:23-cv-01172-JPC

Dear Judge Cronan:

This firm represents Defendant B.A.T. Industries p.l.c. ("BAT") in the above-captioned matter. Pursuant to Rule 6(A) of Your Honor's Individual Rules and Practices in Civil Cases, BAT writes to respond to the pre-motion letter filed by Plaintiff NCR Corporation ("NCR") requesting a conference as to three requested motions: (i) a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c); (ii) a motion to dismiss BAT's counterclaims under Fed. R. Civ. P. 12(b)(6); and (iii) a motion to strike BAT's affirmative defenses. All three are meritless, and BAT intends to oppose each motion should the Court permit NCR to file them.

## NCR's Anticipated Motion for Judgment on the Pleadings

In this case, NCR seeks to recover from BAT costs of remediation that it has incurred as a result of its intentional pollution of the Kalamazoo River. However, for the reasons BAT has pled in detail in its Answer and Counterclaims, the CSA simply does not apply to the costs NCR seeks to recover. Those costs relate to pollution caused by NCR, not the assets acquired by BAT. In any event, the contract itself is unenforceable because, as BAT later learned, it was the result of intentional misrepresentations by NCR at the time it was negotiated. At that time, NCR concealed its pollution of the Kalamazoo River in order to attempt to transfer its liabilities to BAT.

NCR has not identified any plausible grounds upon which to seek judgment on the pleadings. "When a plaintiff is the movant" under Fed. R. Civ. P. 12(c), "courts must accept all factual allegations in the answer and draw all reasonable inferences in favor of the defendants, who are the non-movants in that scenario." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021). As BAT's Answer and Counterclaims clearly show, BAT has specifically denied liability and asserted counterclaims and defenses that raise significant issues of fact precluding judgment on the pleadings. Among other things, BAT has specifically pled that the contract does not apply to the damages alleged in the Complaint (e.g., Dkt. 21 ¶¶ 22 and 99), which alone precludes any judgment on the pleadings. In addition, as discussed in detail below, BAT

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Beijing Birmingham Boston Brussels Colorado Springs Denver Dubai Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston Johannesburg London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Moscow Munich New York Northern Virginia Paris Perth Philadelphia Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Sydney Tokyo Warsaw Washington, D.C. Associated Offices: Budapest Jakarta Riyadh Shanghai FTZ Ulaanbaatar Zagreb. Business Service Centers: Johannesburg Louisville. Legal Services Center: Berlin. For more information see www.hoganlovells.com

has specifically pled counterclaims and defenses for fraud in the inducement and negligent misrepresentation, which also plainly preclude judgment on the pleadings.

A Rule 12(c) motion is inappropriate when a defendant has asserted fact-based counterclaims and defenses. When a plaintiff's entitlement to relief depends on the outcome of a defendant's counterclaims, judgment on the pleading is inappropriate. *Aluminum Co. of America v. Toba Adjustments, Inc.*, 1998 WL 120355, at *2 (S.D.N.Y. Mar. 18, 1998); *see also Samsung C&T Am., Inc. v. Tommy Bahama Grp., Inc.*, 2022 WL 624555, at *3-8 (S.D.N.Y. Mar. 3, 2022) (Cronan, J.) (denying motion for judgment on pleadings because counterclaims plausibly stated claims for relief). BAT has raised several fact-intensive counterclaims and defenses, including, among others, that NCR fraudulently induced BAT into entering various agreements, that BAT is entitled to setoff, and that NCR is barred from seeking recovery under the doctrine of *in pari delicto*. Each of these claims will require additional discovery prior to judgment.

NCR's argument for judgment on the pleadings is based on the misplaced contention that a defendant's pleading that a contract "speaks for itself" is an admission that the contract is unambiguous and must be construed in favor of the plaintiff. That is simply incorrect. BAT emphatically denies that the contract imposes any liabilities for the Kalamazoo cleanup and that the contract is unambiguous in that regard or, in the alternative, is ambiguous and requires factual development. A pleading that a document "speaks for itself" is an assertion that the document must be construed based on its text, not based on a characterization of the document by the plaintiff. *See, e.g.*, *Kleiman v. Wright*, 2020 WL 11420664, at *8 (S.D. Fla. Nov. 18, 2020) ("[T]he Court does not agree . . . that Defendant's statement that a document 'speaks for itself' constitutes a judicial admission that binds Defendant to the authenticity, veracity, and supposed plain meaning of each document."); *see also Noramco LLC v. Dishman USA, Inc.*, 2022 WL 2817876, at *4 (D. Del. July 19, 2022) (same).

### **BAT's Counterclaims and NCR's Anticipated Motion to Dismiss**

NCR's proposed motion to dismiss is meritless because BAT has amply pleaded its counterclaims.

*Breach of Contract*. NCR's motion to dismiss the contract claim cannot succeed for the same reasons that NCR's motion for judgment on the pleadings cannot succeed, i.e., BAT has alleged that the costs NCR seeks are "not attributable to the assets that were the subject of the SPA" (Dkt. 21 ¶¶ 22 and 99) and has asserted fact-based defenses. The Court cannot resolve these issues on the pleadings.

*Fraudulent Inducement and Negligent Misrepresentation*. NCR argues that BAT failed to allege an actionable statement or omission, a duty to disclose, and reliance. But BAT alleged each of these elements in detail. First, BAT alleged specific misrepresentations and omissions by NCR, including concealment of (1) the fact that it had "intentionally arranged for discharges of PCB's into the Kalamazoo River" and (2) NCR's knowledge of its associated liability. *See, e.g.*, Dkt. 21 ¶ 77. This concealment in respect of both matters concerned *existing facts* (not future events, as

NCR incorrectly contends). Second, BAT specifically alleges that NCR had a duty to disclose as a result of its unique knowledge of these concealed facts, and its knowledge that BAT was relying on NCR's false and misleading statements. *Id.* ¶ 79. Third, BAT specifically alleged reliance on NCR's false statements. *Id.* ¶ 81.

*In Pari Delicto*. NCR's argument that *in pari delicto* does not apply because its conduct has nothing to do with the claims in this case is simply wrong. The basis of BAT's counterclaims is the same pollution by NCR and its concealment of its wrongdoing that is the subject of NCR's claims. NCR's other argument – that a defendant must admit to wrongdoing in order to assert the *in pari delicto* defense – is also wrong as a matter of law. *See, e.g.*, *Concord Capital Management, LLC v. Fifth Third Bank*, No. 650478/2010, 2011 WL 10564345, at *5 (N.Y. Sup. Ct. Dec. 01, 2011) (*in pari delicto* defense applied even though defendant was "not alleged to have willfully aided [the] wrongful conduct or to have benefitted from" it), *aff'd sub nom, Concord Cap. Mgt., LLC v. Bank of Am., N.A.*, 958 N.Y.S.2d 93 (1st Dep't 2013).

*Public Policy.* Nor is there any viable basis to dismiss BAT's public policy claim. Numerous courts have found NCR to have engaged in wrongful behavior in its pollution of the Kalamazoo River, and have imposed punitive remedies as a result, including disproportionate amounts of damages. It is black letter law in New York that it is against public policy to award indemnification for damages that are "punitive in nature." *See, e.g.*, *Rental & Mgmt. Assocs., Inc. v. Hartford Ins. Co.*, 206 A.D.2d 288, 288 (1st Dep't 1994) (denying indemnification for damages "analog[ous] to punitive damages). Indeed, the courts have held that indemnification for actions that are intended to cause injury is against public policy. *Barbagallo v. Marcum LLP*, 2012 WL 1664238, at *4 (E.D.N.Y. May 11, 2012) (citations omitted) (collecting cases for principle that public policy bars attempts to indemnify for intentional wrongdoing, including punitive damages that are a punishment for such conduct); *see also Derechin v. State Univ. of New York*, 963 F.2d 513, 519 (2d Cir. 1992). NCR has already been *judicially determined* to have dumped toxic substances in waterways, and to have arranged to do so, with the specific intent to dispose of toxins. Its actions are precisely what the courts have in mind when they apply the public policy doctrine. Any motion to dismiss this claim would be meritless.

## NCR's Motion to Strike BAT's Affirmative Defenses

Equally meritless is NCR's proposed motion to strike BAT's affirmative defenses. "Courts in this District have held that Rule 12(f) motions are 'highly disfavored'" and "are not to be granted unless there is a strong reason for so doing." *McIntosh v. Katapult Holdings, Inc.*, 2023 WL 5049044, at *3 (S.D.N.Y. Aug. 8, 2023) (internal quotations and citations omitted). No conceivable basis exists to do so here, for the same reasons outlined above with respect to BAT's counterclaims.

BAT respectfully requests that the Court deny NCR's application. Should the Court allow a motion, BAT has no objection to the schedule proposed by NCR. We thank the Court for its attention to this matter.

Hon. John P. Cronan                                  - 4 -                                  September 1, 2023

                Respectfully submitted,

                By: /s/ Dennis H. Tracey, III
                Dennis H. Tracey, III
                Partner
                Direct: (212) 918-3524
                dennis.tracey@hoganlovells.com

cc:     All counsel (by ECF)