# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NCR Corporation ,

                      **Plaintiff(s),**

        -against-

B.A.T Industries p.l.c ,

                      **Defendant(s).**

No: 23 -cv- 01172 ( JPC ) (SDA)

### REPORT OF RULE 26(f) MEETING AND [PROPOSED] CASE MANAGEMENT PLAN

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, counsel for the parties spoke on October 9, 2024 and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:

**1.  Summary of Claims, Defenses And Relevant Issues:**

**Plaintiff [Attach Additional Pages As Needed]:** NCR seeks a declaratory judgment that BAT is obligated to pay its contractually-allocated share of cleanup costs at the Kalamazoo River federal Superfund Site as part of a 1998 Confidential Settlement Agreement ("CSA") between the parties. In an Opinion and Order dated September 14, 2024, the Court found that BAT is liable for its share of cleanup costs at the Kalamazoo River under the CSA. However, the Court denied NCR's Motion for Judgment on the Pleadings because BAT alleged certain counterclaims and affirmative defenses concerning the enforceability of the CSA.

**Defendant [Attach Additional Pages As Needed]:** BAT asserts that NCR's claim for contribution to cleanup costs is unenforceable because, among other things, NCR fraudulently and/or negligently induced BAT into entering the CSA by concealing its knowledge of pollution in the Kalamazoo River. BAT also alleges that NCR should not be able to enforce a contract for indemnification of its own intentional misconduct as a matter of public policy. BAT also asserts defenses based on laches, waiver, and/or estoppel based on delay in seeking relief, as well as based on NCR's failure to mitigate damages.

**2.  Basis of Subject Matter Jurisdiction:**

The Court's subject matter jurisdiction is based on 28 U.S.C. § 1332(a) .

*Last Revised on April 18, 2024*

**3.**    **Subjects On Which Discovery May Be Needed:**

**Plaintiff**: BAT's documents and communications concerning the negotiation of the CSA; BAT's and Appleton Papers Inc.'s ("API's") knowledge of the possible locations where carbonless copy paper ("CCP") broke from the Appleton mills was sent; BAT's and API's knowledge of information known to NCR before 1978 regarding the hazards of PCBs, the potential for environmental contamination from CCP broke, production of CCP, and efforts to teliminate the use of PCBs in CCP manufacture.

**Defendant**: NCR's production of carbonless copy paper, and its knowledge of, and efforts to conceal, the toxicity of its PCBs at the Fox River and Kalamazoo River. NCR's knowledge of pollution attributable to NCR and its subsidiaries on the Kalamazoo River. NCR's reasons for including "Future Sites" language in the CSA and the negotiations between BAT and NCR resulting in the CSA, including NCR's representations to BAT in negotiations. NCR's attempts to conceal or downplay its role at the Kalamazoo River from BAT and others. The source of PCB contamination of the Kalamazoo River that was attributable to NCR. NCR's documentary productions and evidence in cases related to the Fox River and Kalamazoo River.

**4.**    **Initial Disclosures:**

The information required by Rule 26(a)(1) was disclosed by Plaintiff(s) on October 23, 2024. In addition, on November 8, 2024, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) was disclosed by Defendant(s) on October 23, 2024. In addition, on November 8, 2024, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

**5.**    **Formal Discovery:**

The parties jointly propose to the Court the following discovery plan:

a.    All fact discovery must be completed by NCR: 5/2/25; BAT: 9/19/25.

b.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent and without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 5(a) above.

   i.    **Depositions**: Depositions shall be completed by NCR: 5/2/25; BAT: 9/19/25 and limited to no more than 10 depositions per party. Absent an agreement between the parties or an Order from the Court, non- party depositions shall follow initial party depositions.

   ii.    **Interrogatories**: Initial sets of interrogatories shall be served on or before NCR: 11/8/24; BAT: 11/20/24. All subsequent interrogatories must be served no later than 30 days from the discovery deadline.

   iii. <u>Requests for Admission</u>: Requests for admission must be served on or before <u>NCR: 3/7/25; BAT: 8/19/25</u>.

   iv. <u>Requests for Production</u>: Initial requests for production were/will be exchanged on <u>NCR: 11/8/24; BAT: 11/20/24</u>, and responses shall be due on <u>NCR: 12/8/24; BAT: 12/20/24</u>. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

   v. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

**6. <u>Anticipated Discovery Disputes</u>:**

 Does either party anticipate discovery disputes or seek limitations on discovery? Describe.

 <u>NCR anticipates a discovery dispute relating to the scope of BAT's requested discovery.</u>
_____
_____
_____

**7. <u>Amendments To Pleadings</u>:**

 a. No amended pleadings may be filed after <u>November 29, 2024</u>. Any motion to amend after this date will need to meet the good cause requirements of Rule 16(b).

 b. No additional parties may be joined after <u>November 29, 2024</u>. Any motion to join after this date will need to meet the good cause requirements of Rule 16(b).

**8. <u>Expert Witness Disclosures</u>:**

 At this time, the parties [☒ do / ☒ do not] anticipate utilizing experts. Expert discovery shall be completed by _____. <span style="color:red">Only BAT anticipates expert discovery. To be completed by 12/12/2025</span>

**9. <u>Electronic Discovery And Preservation Of Documents And Information</u>:**

 a. Have the parties discussed electronic discovery? [☒ Yes / ☐ No]

 b. Is there an electronic discovery protocol in place? [☐ Yes / ☒ No] If not, when do the parties expect to have one in place? <u>November 8, 2024</u>

 c. Do the parties want the Court to enter a Rule 502(d) Order? (*See* [Rule 502(d) Order](#)) [☒ Yes / ☐ No]

 d. Will the parties enter into a Protective Order? (*See* [Model Protective Order](#))? [☒ Yes / ☐ No] If yes, the Protective Order shall be submitted no later <u>November 8, 2024</u>.

3

     e.    Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference? Describe.

Given the presence of third parties that have been spun out from the parties, BAT wishes to discuss the preservation of documents in the possession of third parties.

**10.** **Anticipated Motions:**

The parties anticipate motion(s) for summary judgment, motions in limine, and Daubert motion(s) should expert discovery take place.

**11.** **Early Settlement Or Resolution:**

The parties [☐ have / ■ have not] discussed the possibility of settlement. The parties shall request a settlement conference no later than NCR: 5/2/25; BAT: 1/16/26. The following information is needed before settlement can be discussed:

NCR: exchange of documents and deposition testimony; BAT: fact discovery and expert discovery

**12.** **Trial:**

     a.    The parties anticipate that this case will be ready for trial by NCR: 9/25; BAT: 3/2/26.

     b.    The parties anticipate that the trial of this case will require NCR: 5; BAT: 10 days.

     c.    The parties [☐ do / ■ do not] consent to a trial before a Magistrate Judge.

     d.    The parties request a [☐ jury / ☐ bench] trial. BAT is still determining whether to demand a jury trial within the time permitted by Fed. R. Civ. P. 38(b).

**13.** **Status Letter (To Be Completed By The Court):**

The parties shall file a joint letter regarding the status of discovery on _____.

**14.** **Consent To Proceed Before A United States Magistrate Judge:**

The parties are advised that they may consent to Judge Aaron's jurisdiction at any time during the case pursuant to 28 U.S.C. § 636(c). To consent to Judge Aaron's jurisdiction, please utilize the form to [Consent for All Purposes](#) or [Consent For Specific Dispositive Motions](#), which are hyperlinked herein and also available on Judge Aaron's Individual Practices Webpage.

4

15. **Other Matters:**

   None.
   _____
   _____
   _____
   _____
   _____

Respectfully submitted this  23rd  day of  October  ,  2024  .

| **Attorney(s) for Plaintiff(s):** | **Attorney(s) for Defendant(s):** |
|---|---|
| Zachary Payne | Dennis H. Tracey, III |

**SO ORDERED.**

Dated:      New York, New York
            _____

_____
**STEWART D. AARON**
United States Magistrate Judge

5