USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/09/2024

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NCR CORPORATION,

                Plaintiff,

vs.

B.A.T. INDUSTRIES p.l.c.,

                Defendant.

Case No.: 1:23-cv-1172-JPC-SDA

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

**WHEREAS**, Plaintiff NCR Voyix Corporation and Defendant BAT Industries, p.l.c. (together "the Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

1.    Any party (the "Disclosing Party") may designate as "Confidential" ("Confidential Information") only such portion of such material the public disclosure of which either is restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

    a.    previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

    b.    previously nondisclosed information relating to ownership or control of any non-public company;

    c.    previously nondisclosed sensitive commercial information relating to any party's business including, but not limited to, tax data; proposed strategic transactions or other business combinations; internal audit practices, procedures and outcomes; trade secrets; marketing plans and strategies; studies or analyses by internal or outside experts; competitive analyses; customer or prospective customer lists and information; product or service pricing or billing agreements or guidelines; and/or confidential project-related information;

    d.    any information of a personal or intimate nature regarding any individual; or

  e. any other category of information hereinafter given confidential status by the Court.

Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

  2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action, and any appeals.

  3. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

  a. The Parties to this action (including any employee or representative of a Party's corporate affiliate that has been designated to act on a Party's behalf), their insurers, and counsel to their insurers;

  b. Counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter

  c. Outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

  d. Any mediator or arbitrator who the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

  e. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

  f. Any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

  g. Stenographers engaged to transcribe depositions conducted in this action; and

  h. This Court, including any appellate court, and the court reporters and support personnel for the same.

  4. If a party contends that any document or information designated as "CONFIDENTIAL" should not be deemed "CONFIDENTIAL" under this Confidentiality Agreement, it shall notify the Disclosing Party of that fact in writing and shall provide the basis for its challenge to the designation on a document-by-document basis. Any challenged designation shall remain until the dispute regarding the designation has been resolved.

5. In the event a party challenges another party's confidentiality designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court consistent with the Court's individual practices and rules related to discovery disputes. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

6. Prior to disclosing or displaying the Confidential Information to any consultants or experts assisting in the prosecution or defense of the matter, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Protective Order in the form attached as Exhibit A.

7. In the case of depositions or other pretrial testimony, the following procedures shall be followed:

    a. Designation of the portion of the transcript (including exhibits) that contains Confidential Information shall be made either (a) by a statement to such effect on the record in the course of the deposition or (b) upon review of such transcript by counsel of record for the Disclosing Party, if counsel notifies opposing counsel of record of the designation within thirty (30) days after counsel's receipt of the transcript. In connection with such a notification pursuant to this paragraph, counsel shall list the numbers of the pages and lines of the transcript containing Confidential Information and provide the transcript to counsel of record for all Parties.

    b. If no designation is made on the record, the transcript shall be presumptively Confidential Information for a period not to exceed thirty (30) days from the date of receipt of the transcript by counsel of record for each of the parties herein. Upon the expiration of this thirty (30) day period, any portions of the transcript not so designated shall be considered not to contain any Confidential Information.

8. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of discovery material that she, he or it previously had produced without limitation should be designated as Confidential, she, he or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material thereafter will be deemed to be and treated as Confidential under the terms of this Protective Order..

9. A Party may be requested to produce discovery material that is subject to contractual or other obligations of confidentiality owed to a third party. As soon as practicable

after receiving the request, but in no event later than seven days after receiving the request, the receiving party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from the Court. If neither the third party nor the receiving party seeks a protective order or other relief from the Court within 21 days of that notice, the receiving party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

10. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

11. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. In the event the party who received PII experiences a data breach, it shall immediately notify the Disclosing Party of same and cooperate with the Disclosing Party to address and remedy the breach. Nothing herein shall preclude the Disclosing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

12. Third parties producing documents in the course of this action may also designate documents as "CONFIDENTIAL" subject to the same protections, obligations, and constraints as the Parties to the action, upon confirming, in writing, that such third party will abide by the terms of this Protective Order, including being subject to the jurisdiction of the Court for the purpose of any issue or dispute arising hereunder. Any party serving document requests on a third party shall inform the third party of the existence of this Protective Order.

13. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any discovery material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential. All persons seeking to file redacted documents or documents under seal with the Court in connection with non-dispositive matters shall follow Section II(B)(3) of Magistrate Judge Aaron's Individual Practices. With respect to dispositive matters, Section 4(B) of Judge Cronan's Individual Rules and Practices in Civil Cases shall be followed. The Parties shall use their best efforts to minimize such sealing.

14. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

15. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal or upon request by the Disclosing Party, whichever is later) returned to the Disclosing Party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

16. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| **SIDLEY AUSTIN LLP** | **HOGAN LOVELLS US LLP** |
|---|---|
| /s/ Zachary Payne<br>John J. Kuster<br>Zachary Payne<br>787 Seventh Avenue<br>New York, NY 10019<br>Tel.: (212) 839-5300<br>jkuster@sidley.com<br>zpayne@sidley.com<br><br>Bruce R. Braun (admitted pro hac vice)<br>Charles K. Schafer (admitted pro hac vice)<br>One South Dearborn<br>Chicago, IL 60603<br>(312) 853-7000<br>bbraun@sidley.com<br>cschafer@sidley.com<br><br>*Attorneys for Plaintiff NCR Voyix Corporation* | /s/ Dennis H. Tracey, III<br>Dennis H. Tracey, III<br>David R. Michaeli<br>Peter W. Bautz<br>390 Madison Avenue<br>New York, NY 10017<br>Tel.: (212) 918-3000<br>dennis.tracey@hoganlovells.com<br>david.michaeli@hoganlovells.com<br>peter.bautz@hoganlovells.com<br><br>*Attorneys for Defendant BAT Industries p.l.c..* |

Dated: New York, New York
        November 9, 2024

SO ORDERED.

_____

Hon. Stewart D. Aaron
United States Magistrate Judge

## **EXHIBIT A**

### **Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *NCR Corporation v. BAT Industries, p.l.c.* (23-cv-1172-JPC-SDA) have been designated as confidential.

I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I have received a copy of the Confidentiality Stipulation and Protective Order (the "Protective Order") entered in the above-entitled action on _____.

I hereby agree that I will not disclose any information contained in such documents labeled "CONFIDENTIAL" to any other person. I further agree not to use any such information for any purpose other than this litigation.

Upon request, I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.


DATED: _____

_____