**SIDLEY**

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

ZPAYNE@SIDLEY.COM

November 20, 2024

**Via ECF**

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

The Honorable Stewart D. Aaron
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>*NCR Corporation v. B.A.T Industries p.l.c.*</u>, No. 1:23-cv-01172-JPC-SDA

Dear Judge Cronan and Judge Aaron:

    In accordance with Rule 6(A) of Judge Cronan's Individual Rules and Practices in Civil Cases, NCR respectfully submits this pre-motion letter in anticipation of a motion under Federal Rule of Civil Procedure 39(a)(2) to strike the jury demand filed by Defendant B.A.T Industries p.l.c. ("BAT") on October 30, 2024 (Dkt. 48). For the reasons set forth below, BAT is not entitled to a jury on any claim or counterclaim in this action.

    ***First***, to the extent BAT seeks a jury on NCR's Complaint, which is not clear from its request for a jury "on all issues so triable in this action," *id.*, such demand is untimely by more than one year. Federal Rule of Civil Procedure 38(b) requires that a jury demand be filed "no later than 14 days after the last pleading directed to the issue is served." And Rule 38(d) provides that a "party waives a jury trial unless its demand is properly served and filed" within that time. The "last pleading directed to" an issue "is the pleading that contests the issue." *McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir. 1990). For issues raised in a complaint, that pleading is the answer. *Id.*; *see also e.g., Jones v. Dana*, 2006 WL 1153358, at *25 (S.D.N.Y. May 2, 2006) (last pleading directed to complaint was defendant's answer). As such, the last pleading directed to NCR's Complaint was BAT's June 23, 2023 Answer (Dkt. 21). BAT did not demand a jury until October 30, 2024, and therefore missed Rule 38's 14-day deadline by more than a year.

    ***Second***, while BAT's demand for a jury as to its Counterclaims was timely (as filed within 14 days of NCR's Answer), the Counterclaims are not eligible to be decided by a jury. The Seventh Amendment of the United States Constitution "guarantees the right to jury trial only in 'Suits at common law.' The Seventh Amendment has no application to cases in equity."

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

*Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 487 F. Supp. 999, 1001 n.1 (S.D.N.Y. 1980) (quoting U.S. Const. Amend. VII). To determine whether a claimant is entitled to a jury, courts employ a two-part test set forth in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), and analyze: (1) whether the claim would have been deemed legal or equitable in eighteenth century England; and (2) whether the remedy sought is legal or equitable in nature. *Bank of New York Mellon v. WMC Mortg., LLC*, 2015 WL 4164691, at *3 (S.D.N.Y. July 10, 2015). BAT's Counterclaims are purely equitable in nature. The Counterclaims request a declaration that the parties' Confidential Settlement Agreement is unenforceable and do not seek any monetary damages. *See* Dkt. 21 at 39-40. BAT is therefore not entitled to a jury on its Counterclaims. *See e.g., Design Strategy, Inc. v. Davis*, 469 F.3d 284, 299 (2d Cir. 2006) (affirming grant of motion to strike jury demand where plaintiff's "claimed remedies were equitable" where no damages were sought).

\* \* \*

NCR proposes the following briefing schedule on its motion to strike the jury demand.

NCR's opening brief: December 11, 2024
BAT's opposition brief: January 15, 2025
NCR's reply brief: January 29, 2025

Respectfully submitted,

/s/ Zachary Payne

Zachary Payne