UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NCR CORPORATION,

        Plaintiff,

v.

B.A.T INDUSTRIES p.l.c.,

        Defendant.

Case No.: 1:23-cv-1172-JPC

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF NCR VOYIX CORPORATION'S MOTION TO STRIKE DEFENDANT B.A.T INDUSTRIES p.l.c.'S JURY DEMAND**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND......................................................................................................1

LEGAL STANDARDS ...............................................................................................................2

ARGUMENT................................................................................................................................3

        A.      BAT Waived Its Jury Demand as to NCR's Complaint. .........................................3

        B.      BAT is not Entitled to a Jury on Its Counterclaims. ................................................4

CONCLUSION.............................................................................................................................6

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bank of New York Mellon v. WMC Mortg., LLC*,
  2015 WL 4164691 (S.D.N.Y. July 10, 2015) ................................................................. 3

*C3 Media & Mktg. Grp., LLC v. Firstgate Internet, Inc.*,
  419 F. Supp. 2d 419 (S.D.N.Y. 2005) .......................................................................... 6

*Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*,
  494 U.S. 558 (1990) ..................................................................................................... 2

*In re Coated Sales, Inc.*,
  119 B.R. 452 (Bankr. S.D.N.Y. 1990) ...................................................................... 2, 4

*Deckert v. Independence Shares Corp.*,
  311 U.S. 282 (1940) ..................................................................................................... 4

*F.T.C. v. Kitco of Nevada, Inc.*,
  612 F. Supp. 1280 (D. Minn. 1985) ............................................................................. 6

*Fed. Hous. Fin. Agency for Fed. Nat'l Mortg. Ass'n v. Nomura Holding Am., Inc.*,
  873 F.3d 85 (2d Cir. 2017) ........................................................................................... 4

*FHFA v. Nomura Holding Am. Inc.*,
  68 F. Supp. 3d 486 (S.D.N.Y. 2014) ............................................................................ 5

*Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*,
  487 F. Supp. 999 (S.D.N.Y. 1980) ............................................................................... 2

*Granfinanciera, S.A. v. Nordberg*,
  492 U.S. 33 (1989) ............................................................................................... 3, 4, 5

*Ivinson v. Hutton*,
  98 U.S. 79, 25 L. Ed. 66 (1878) .................................................................................... 4

*Jones v. Dana*,
  2006 WL 1153358 (S.D.N.Y. May 2, 2006) ................................................................ 3

*McCarthy v. Bronson*,
  906 F.2d 835 (2d Cir. 1990) ......................................................................................... 3

*Merex A.G. v. Fairchild Weston Sys., Inc.*
  29 F.3d 821 (2d Cir. 1994) ........................................................................................... 1

*Pereira v. Farace*,
    413 F.3d 330 (2d Cir. 2005)..................................................................................................4

*Provident Life & Acc. Ins. Co. v. Adie*,
    982 F. Supp. 1269 (E.D. Mich. 1997).................................................................................5, 6

*In re Rosenman & Colin*,
    850 F.2d 57 (2d Cir. 1988)...................................................................................................3

*Royal Am. Managers, Inc. v. IRC Holding Corp.*,
    885 F.2d 1011 (2d Cir. 1989)................................................................................................6

*Stafford Invs., LLC v. Vito*,
    2009 WL 1362513 (E.D. Pa. May 14, 2009) .......................................................................6

**Other Authorities**

Seventh Amendment to the U.S. Constitution ................................................................................2

Blacks Law Dictionary, Rev. 4th Ed. (1968)..................................................................................5

Federal Rule of Civil Procedure 38(b)....................................................................................1, 2, 3

Federal Rule of Civil Procedure 39(a)(2) .......................................................................................1

Plaintiff NCR Voyix Corporation ("NCR") respectfully submits this memorandum of law in support of its Motion to Strike Defendant B.A.T Industries p.l.c.'s ("BAT") jury demand under Federal Rule of Civil Procedure 39(a)(2).

## PRELIMINARY STATEMENT

BAT is not entitled to a jury on any claim or counterclaim in this action. First, BAT waived its right to request a jury on the single claim in NCR's complaint because BAT missed the 14-day window to demand a jury under Federal Rule of Civil Procedure 38(b)(1) by more than one year. Second, BAT's counterclaims seek only equitable relief—in the form of a request for a declaration that the Confidential Settlement Agreement ("CSA") between NCR and BAT is null and void. BAT is not entitled to a jury on equitable claims under long-established legal authority. *See e.g.*, *Merex A.G. v. Fairchild Weston Sys., Inc.*, 29 F.3d 821, 825-826 (2d Cir. 1994). The Court should thus strike BAT's jury demand.

## FACTUAL BACKGROUND

This case was commenced by NCR through a complaint for declaratory relief on February 10, 2023. Dkt. 1. NCR sought a declaration that the Kalamazoo River is a "Future Site" covered by the CSA, for which BAT must pay its contractually-obligated share of investigation and cleanup costs. Dkt. 1 ¶ 8. On June 23, 2023, BAT answered the complaint and filed counterclaims seeking a declaration that the CSA is void and unenforceable based on theories of fraudulent inducement, negligent misrepresentation, *in pari delicto*, public policy, and NCR's alleged breach of contract. Dkt. 21 ¶¶ 4, 21-24. BAT also pleaded various affirmative defenses. *Id.* at 15-16.

On October 2, 2023, NCR filed: (i) a motion for judgment on the pleadings on its complaint; (ii) a motion to strike BAT's affirmative defenses; and (iii) a motion to dismiss BAT's counterclaims. Dkt. 30. In an order dated September 14, 2024, Judge Cronan granted in part and denied in part NCR's motions, finding that the CSA "covers the Kalamazoo River Site as a 'Future

1

Site[],'" but because BAT had plausibly pleaded certain counterclaims and defenses going to the enforceability of the CSA, the Court could not grant judgment on the pleadings on NCR's Complaint. Dkt. 38 at 16-17. The Court also dismissed three of BAT's counterclaims, leaving only BAT's requests for a declaration that the CSA is void based on alleged fraud and negligence theories. *Id.* at 18-36. On October 30, 2024, BAT filed a jury demand "on all issues so triable in this action." Dkt. 48.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 38(b) provides that on "any issue triable of right by a jury, a party may demand a jury trial" and requires that a jury demand be filed "no later than 14 days after the last pleading directed to the issue is served." Federal Rule 38(d) provides that a "party waives a jury trial unless its demand is properly served and filed."

The determination of what issues are "triable of right by jury," centers on the Seventh Amendment's guarantee of the right to jury trial in "suits at common law." U.S. Const. Amend. VII. That constitutional provision has been interpreted to refer to "suits in which legal rights are to be ascertained and determined, in contradistinction to those where equitable rights alone are recognized, and equitable remedies are administered." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (cleaned up). Therefore, "the Seventh Amendment has no application to cases in equity." *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 487 F. Supp. 999, 1001 n.1 (S.D.N.Y. 1980). As a general matter, the "Supreme Court has tended to analyze this dichotomy with regard to the Seventh Amendment right to a jury trial by distinguishing between legal claims, which seek money damages, and equitable claims, which seek the exercise of a court's equitable jurisdiction." *In re Coated Sales, Inc.*, 119 B.R. 452, 457 n.7 (Bankr. S.D.N.Y. 1990).

It is a "long-settled rule that declaratory judgment actions are inherently neither equitable nor legal and that the nature of the underlying dispute determines whether a jury trial is available." *In re Rosenman & Colin*, 850 F.2d 57, 60 (2d Cir. 1988). To determine whether a claim is equitable or legal, courts employ a two-part test set forth in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989), and analyze: (1) whether the claim would have been deemed legal or equitable in 18th century England; and (2) whether the remedy sought is legal or equitable in nature. *Bank of New York Mellon v. WMC Mortg., LLC*, 2015 WL 4164691, at *3 (S.D.N.Y. July 10, 2015).

## ARGUMENT

### A. BAT Waived Its Jury Demand as to NCR's Complaint.

If BAT in fact seeks a jury on NCR's claim, which is not clear from its request for a jury "on all issues so triable in this action," such demand is untimely by more than one year. Dkt. 48. Federal Rule of Civil Procedure 38(b) requires that a jury demand be filed "no later than 14 days after the last pleading directed to the issue is served." The "last pleading directed to" an issue "is the pleading that contests the issue." *McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir. 1990). For issues raised in a complaint, that pleading is the answer. *Id.*; *see also e.g., Jones v. Dana*, 2006 WL 1153358, at *25 (S.D.N.Y. May 2, 2006).

As such, the last pleading directed to NCR's complaint was BAT's June 23, 2023 answer (Dkt. 21), making July 7, 2023, the deadline for BAT's jury demand. Because BAT did not demand a jury until October 30, 2024, it missed Rule 38's 14-day deadline by more than one year. BAT therefore waived its right to demand a jury on NCR's complaint and its jury demand must be stricken. *See* FED. R. CIV. P. 38(d) (a "party waives a jury trial unless its demand is properly served and filed" within the 14-day window).

3

**B. BAT is not Entitled to a Jury on Its Counterclaims.**

BAT is not entitled to a jury on its counterclaims because they are purely equitable in nature. Under the *Granfinanciera* test for determining whether a claim is legal or equitable for purposes of a jury demand, courts first "ask whether the action would have been deemed legal or equitable in 18th century England," and second "examine the remedy sought and determine whether it is legal or equitable in nature. We then balance the two, giving greater weight to the latter." *Pereira v. Farace*, 413 F.3d 330, 337 (2d Cir. 2005) (marks and citations omitted).

As to the first prong, BAT requests a declaration from the Court that the CSA is unenforceable due to fraud or negligence. BAT does not seek any monetary damages. *See* Dkt. 21 at 39-40. As between "legal claims, which seek money damages, and equitable claims, which seek the exercise of a court's equitable jurisdiction," BAT is asking the Court to impose its equitable powers to declare the CSA void; it is not attempting to assert any cognizable legal right. *In re Coated Sales, Inc.*, 119 B.R. at 457. BAT's action is therefore most similar to the "18th century action *at equity* for rescission, which extinguished a legally valid contract that had to be set aside due to fraud, mistake, or for some other reason." *Fed. Hous. Fin. Agency for Fed. Nat'l Mortg. Ass'n v. Nomura Holding Am., Inc.*, 873 F.3d 85 (2d Cir. 2017) (marks and citations omitted) (emphasis added). The Supreme Court in 1878 described the role of courts of equity as opposed to courts of law in voiding contracts for fraud:

> Owing to the ability of courts of equity not only to investigate complicated accounts, but also to compel the specific performance of agreements, and *to reform or rescind the same, in case of fraud* or mistake, and to restrain breaches of duty for the future, it is to them rather than courts of law that partners usually have recourse for the settlement of controversies among themselves.

*Ivinson v. Hutton*, 98 U.S. 79, 79–80, 25 L. Ed. 66 (1878) (emphasis added); *see also Deckert v. Independence Shares Corp.*, 311 U.S. 282, 289 (1940) ("That a suit to rescind a contract induced

4

by fraud and to recover the consideration paid may be maintained in equity . . . is well established.").

In one particularly instructive case, *Provident Life & Acc. Ins. Co. v. Adie*, 982 F. Supp. 1269 (E.D. Mich. 1997), the court struck a jury demand in a complaint seeking a declaration that an insurance policy was void due to alleged misrepresentations. The court found that the action was "comparable to a claim for rescission of a contract, which 18th Century England would have characterized as equitable" and to which no jury right attached. *Id.* at 1271. In so finding, the court cited the definition of rescission in Blacks Law Dictionary: "'an action of an equitable nature in which a party seeks to be relieved of his obligations under a contract on the grounds of mutual mistake, fraud, impossibility, etc.'" *Id.* (quoting Blacks Law Dictionary, Rev. 4th Ed., 1306–07 (1968)).

In *FHFA v. Nomura Holding Am. Inc.*, 68 F. Supp. 3d 486, 497 (S.D.N.Y. 2014), Judge Cote similarly determined that there is no right to a jury on FHFA Section 12(a)(2) claims, which concern materially false statements or omissions in the sale of securities, because the nature of such a claim is rescissionary, i.e., to put the parties into the same position they were in *ex ante*, and is therefore "most analogous to an equitable action for rescission of contract, known in 18th-century England." *Fed. Hous. Fin. Agency v. Nomura Holding Am. Inc.*, 68 F. Supp. 3d 486, 496 (S.D.N.Y. 2014). These authorities make clear that BAT's action to nullify the CSA based on alleged fraud or misrepresentation is equitable in nature.

The second and "more important" prong of the *Granfinanciera* test concerns the remedy sought and likewise overwhelmingly supports a finding that BAT's counterclaims are equitable. 492 U.S. at 42. Federal courts consistently have held that the cancellation of a contract, i.e., an action for rescission, is an equitable remedy. *See e.g., Royal Am. Managers, Inc. v. IRC Holding*

*Corp.*, 885 F.2d 1011, 1019 (2d Cir. 1989) ("An equitable claim such as rescission is for the court, not the jury, to decide"); *C3 Media & Mktg. Grp., LLC v. Firstgate Internet, Inc.*, 419 F. Supp. 2d 419, 435 (S.D.N.Y. 2005) ("[R]escission is an equitable remedy"); *Stafford Invs., LLC v. Vito*, 2009 WL 1362513, at *11 (E.D. Pa. May 14, 2009), aff'd, 375 F. App'x 221 (3d Cir. 2010) ("Because rescission is an equitable remedy, it is for the Court to decide"); *Provident Life*, 982 F. Supp. at 1271 ("[T]he remedy sought by [the plaintiff] (i.e., rescission) is equitable in nature"); *F.T.C. v. Kitco of Nevada, Inc.*, 612 F. Supp. 1280, 1281 (D. Minn. 1985) ("Viewed in a historical light, [a] request for rescission and restitution is equitable."). In sum, BAT's request that the Court declare the CSA void is quintessentially equitable and does not entitle BAT to a jury.

## CONCLUSION

For all the foregoing reasons, the Court should grant NCR's motion to strike the jury demand.

Dated: December 19, 2024　　　　　　　　　Respectfully submitted,
New York, New York

　　　　　　　　　　　　　　　　　　　　/s/ Zachary Payne
　　　　　　　　　　　　　　　　　　　　John J. Kuster
　　　　　　　　　　　　　　　　　　　　Zachary Payne
　　　　　　　　　　　　　　　　　　　　SIDLEY AUSTIN LLP
　　　　　　　　　　　　　　　　　　　　787 Seventh Avenue
　　　　　　　　　　　　　　　　　　　　New York, NY 10019
　　　　　　　　　　　　　　　　　　　　(212) 839-5300
　　　　　　　　　　　　　　　　　　　　jkuster@sidley.com
　　　　　　　　　　　　　　　　　　　　zpayne@sidley.com

　　　　　　　　　　　　　　　　　　　　Bruce R. Braun (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Charles K. Schafer (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　SIDLEY AUSTIN LLP
　　　　　　　　　　　　　　　　　　　　One South Dearborn
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60603
　　　　　　　　　　　　　　　　　　　　(312) 853-7000
　　　　　　　　　　　　　　　　　　　　bbraun@sidley.com
　　　　　　　　　　　　　　　　　　　　cschafer@sidley.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff NCR Corporation*