# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NCR CORPORATION, | |
| Plaintiff, | Case No.: 1:23-cv-1172-JPC |
| v. | |
| B.A.T. INDUSTRIES P.L.C., | |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT B.A.T. INDUSTRIES P.L.C.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S JURY DEMAND

HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000

*Attorneys for Defendant*

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................................... 1

FACTUAL BACKGROUND ............................................................................................................ 2

ARGUMENT ....................................................................................................................................... 3

     A.     BAT is Entitled to a Jury on its Counterclaims ...................................... 3

     B.     BAT is Entitled to a Jury on NCR's Claim ............................................ 9

CONCLUSION ................................................................................................................................. 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bank of New York Mellon v. WMC Mortg., LLC*,
  No. 12-cv-7096 (DLC), 2015 WL 4164691 (S.D.N.Y. July 10, 2015) ....................................5

*Bank of New York v. Cheng Yu Corp.*,
  67 A.D.2d 961 (2d Dep't 1979) ..........................................................................................5

*Beacon Theatres, Inc. v. Westover*,
  359 U.S. 500 (1959) ..........................................................................................................12

*In re Ben Cooper, Inc.*,
  896 F.2d 1394 (2d Cir. 1990), *vacated sub nom. Ins. Co. of State of Pa. v.
  Ben Cooper, Inc.*, 498 U.S. 964 (1990), <u>*and opinion reinstated,*</u>
  924 F.2d 36 (2d Cir. 1991)..............................................................................................5, 6

*Binger v. Unger*,
  7 F.R.D. 121 (S.D.N.Y. 1946) ..........................................................................................10

*Bro-Tech Corp. v. Thermax, Inc.*,
  Civ. No. 05–CV–2330, 2009 WL 737349 (E.D. Pa. Mar. 19, 2009) ....................................12

*C3 Media & Marketing Group, LLC v. Firstgate Internet, Inc.*,
  419 F. Supp. 2d 419 (S.D.N.Y. 2005) .................................................................................8

*Deckert v. Independence Shares Corp.*,
  311 U.S. 282 (1940) .......................................................................................................7, 8

*Doe No. 1 v. Knights of Columbus*,
  930 F. Supp. 2d 337 (D. Conn. 2013) ...........................................................................1, 3, 4

*Fed. Hous. Fin. Agency for Fed. Nat'l Mortg. Ass'n v. Nomura Holding Am., Inc.*,
  873 F.3d 85 (2d Cir. 2017)..................................................................................................7

*Full Spectrum Software, Inc. v. Forte Automation Systems, Inc.*,
  858 F.3d 666 (1st Cir. 2017) ...............................................................................................4

*Gluckman v. Am. Airlines, Inc.*,
  No. 92 Civ. 3740 (SWK), 1994 WL 705324 (S.D.N.Y. Dec. 16, 1994),
  modified, 1995 WL 11065 (S.D.N.Y. Jan. 12, 1995) .............................................................4

*Granfinanciera, S.A. v. Nordberg*,
  492 U.S. 33 (1989)......................................................................................................3, 4, 5

*McCarthy v. Bronson*,
  906 F.2d 835 (2d Cir. 1990), *aff'd*, 500 U.S. 136 (1991) ......................................................11

*Monolith Portland Midwest Co. v. R.F.C.*,
  240 F.2d 444 (9th Cir. 1957) ......................................................................................10

*In re Mullaney*,
  179 B.R. 942 (D. Col. 1995)........................................................................................5

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Burger*,
  No. 86 Civ. 8633 (LLS), 1991 WL 197625 (S.D.N.Y. Sept. 24 1991) ................................1, 4

*Provident Life & Acc. Ins. Co. v. Adie*,
  982 F. Supp. 1269 (E.D. Mich. 1997)..............................................................................8

*Quinn Constr., Inc. v. Skanska USA Bldg., Inc.*,
  C.A. No. 07–406, 2010 WL 4909587 (E.D.P.A Nov. 30, 2010)..............................................5

*Ross v. Bernhard*,
  396 U.S. 531 (1970).....................................................................................................6

*Royal Am. Managers, Inc. v. IRC Holding Corp.*,
  885 F.2d 1011 (2d Cir. 1989).........................................................................................7

*Rush v. Oppenheimer & Co.*,
  638 F. Supp. 872 (S.D.N.Y. 1986) ..................................................................................4

*Shum v. Intel Corp.*,
  499 F.3d 1272 (Fed. Cir. 2007)......................................................................................12

*Stafford Invs., LLC v. Vito*,
  C.A. No. 04–3182, 2009 WL 1362513 (E.D. Pa. May 14, 2009) *aff'd*,
  375 F. App'x 221 (3d Cir. 2010) ....................................................................................7

*Tights, Inc. v. Stanley*,
  441 F.2d 336 (4th Cir. 1971) .........................................................................................9

*Tull v. United States*,
  481 U.S. 412 (1987).................................................................................................4, 5

*Whirlpool Fin. Corp. v. Sevaux*,
  866 F. Supp. 1102 (N.D. Ill. 1994) ................................................................................10

*Winchester Indus., Inc. v. Sentry Ins.*,
  630 F.Supp.2d 237 (D. Conn. 2009)................................................................................5

**Other Authorities**

Wright and Miller § 2320 Time for the Demand,
    9 Fed. Prac. & Proc. Civ. § 2320 (4th ed.) ............................................................................1, 10

Fed. R. Civ. P. 38 ................................................................................................................3, 9

U.S. Const. amend. VII ...................................................................................................3, 11, 12

Defendant B.A.T Industries P.L.C. ("BAT") by its attorneys, Hogan Lovells US LLP, respectfully submits this memorandum of law in opposition to Plaintiff NCR Corporation's ("NCR") Motion to Strike Defendant's Jury Demand filed on December 19, 2024 (the "Motion").

## PRELIMINARY STATEMENT

The central issue in this case is whether a contract between the parties requires BAT to pay money. That is a quintessential legal claim as to which BAT has a constitutionally-guaranteed right to have the facts tried to a jury. Having exercised that right, BAT is entitled to a jury on all claims in this action. BAT is entitled to a jury on its counterclaims because claims for fraud and negligence are quintessential claims "at law" that qualify for the Constitutionally-guaranteed right to trial by jury. Specifically, courts in this circuit and elsewhere have held that when a party sued for enforcement of a contract asserts that the contract is void due to fraud and/or misrepresentation, either by affirmative defense or counterclaim, such claim is "legal" in nature and the party is entitled to a jury. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Burger*, No. 86 Civ. 8633 (LLS), 1991 WL 197625, at *3 (S.D.N.Y. Sept. 24 1991); *see also Doe No. 1 v. Knights of Columbus*, 930 F. Supp. 2d 337, 380 n.59 (D. Conn. 2013). The cases cited by Plaintiff involve different types of claims and in no way support depriving BAT of its jury rights. The types of claims BAT has asserted are routinely tried to juries and this case should be no different.

BAT is also entitled to a jury on NCR's claim, and its affirmative defenses thereto. It is black letter law that a jury demand properly filed in relation to a counterclaim requires a jury trial on the original complaint and any affirmative defenses if they "raise the same issues" as the counterclaim. *See, e.g.*, Wright and Miller § 2320 Time for the Demand, 9 Fed. Prac. & Proc. Civ. § 2320 (4th ed.) ("If the counterclaim raises the same issues as does the answer, then a demand made within 14 days after the reply to the counterclaim is effective as to those issues."). NCR's claim and BAT's

affirmative defenses raise the same issues and turn on the same facts as BAT's counterclaims. BAT is therefore entitled to a jury determination as to those facts and NCR's claims.

## FACTUAL BACKGROUND

On February 10, 2023, NCR filed its complaint seeking a declaration that "the Kalamazoo River Site is a 'Future Site' under the terms of the Confidential Settlement Agreement ['CSA'], and that BAT is therefore obligated to compensate NCR for 60 percent of any costs it incurs relating to the Kalamazoo River Site." Dkt. 1 (" NCR's Complaint") ¶ 65. On June 23, 2023, BAT filed its Answer ("BAT's Answer"), including affirmative defenses for: failure to state a claim; breach of contract; fraudulent inducement; unclean hands; waiver, estoppel and/or laches; failure to mitigate damages; public policy, and *in pari delicto*. Dkt. 21 at 15-16. Additionally, BAT brought counterclaims against NCR seeking a declaration that the CSA is "null and void" based on theories of fraudulent inducement, negligent misrepresentation, public policy, breach of contract, and *in pari delicto*. *Id.* at 4, 33-40. BAT also sought a declaration that NCR is not entitled to any payments from BAT under the CSA relating to the Kalamazoo River CERCLA action, and any additional relief deemed fair and just. Dkt. 21. *Id.*

On October 2, 2023, NCR filed: (i) a motion for judgment on the pleadings on its complaint; (ii) a motion to strike BAT's affirmative defenses; and (iii) a motion to dismiss BAT's counterclaims. Dkt. 30. On September 14, 2024, the Court issued an order granting in part and denying in part NCR's motions. Dkt. 38 at 16-17. The Court's order found that BAT had properly alleged affirmative defenses based on failure to state a claim; breach of contract; fraudulent inducement; unclean hands; waiver, estoppel and/or laches; failure to mitigate damages; and public policy. *Id.* at 18-36. The Court also found that BAT properly alleged counterclaims for fraud and negligent misrepresentation. *Id.*

2

On October 18, 2024, NCR filed its Answer to Defendant's Counterclaims ("NCR's Answer"). Dkt. 43. On October 30, 2024, BAT filed its jury demand "on all issues so triable in this action." Dkt. 48 (the "Jury Demand"). On December 19, 2024, NCR filed a Motion to Strike BAT's Jury Demand. Dkt. 59 ("The Motion").

## ARGUMENT

### A.    BAT is Entitled to a Jury on its Counterclaims

The right to trial by jury is one of the oldest and most fundamental rights under the United States Constitution. As set forth in the Seventh Amendment to the Constitution, "[i]n Suits at common law . . . the right of trial by jury shall be preserved . . .". U.S. Const. amend. VII. In turn, the Federal Rules of Civil Procedure provide that, "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." Federal Rules of Civil Procedure ("FRCP") 38. Additionally, "[o]n any issue triable of right by a jury, a party may demand a jury trial." *Id*.

Whether an issue is triable by a jury "of right" depends on the nature of the claim. Specifically, the Seventh Amendment right to a jury trial has been held to apply to causes of action that existed at law, as opposed to in equity, at the time the United States was established. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989). Thus, whether a claim is "triable of right by a jury" turns on whether the claim is legal or equitable in nature. That the parties are seeking declaratory judgments does not change this analysis. *Doe No. 1 v. Knights of Columbus*, 930 F. Supp. 2d 337, 380 n.59 (D. Conn. 2013) (citing Second Circuit case law and stating that declaratory judgments are neither inherently legal or equitable and that courts therefore look to the nature of the underlying claim to determine whether a jury right applies).

In *Granfinanciera*, the United States Supreme Court held that in order to determine whether a statutory claim is legal or equitable, the court must engage in a two-pronged analysis.

3

492 U.S. at 42. First, the court must "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Id.* (citing *Tull v. United States*, 481 U.S. 412, 417–418 (1987)). And second, the court must "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.*

The first prong of the *Granfinanciera* test – to "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity" – is easily satisfied here. Indeed, BAT has not brought any statutory claims. Instead, it asserts common law counterclaims for fraud and misrepresentation, both of which were historically actions at law. *See Full Spectrum Software, Inc. v. Forte Automation Systems, Inc.*, 858 F.3d 666, 676 (1st Cir. 2017) (citing *Pasley and Another v. Freeman* (1789) 100 Eng. Rep. 450 (claim for misrepresentation and deceit brought as an action at law in the Court of King's Bench); *In re Evangelist*, 760 F.2d 27, 32 (1st Cir. 1985) (misrepresentation is "a classical tort action brought 'at law' ")). Moreover, courts have consistently held that claims for fraud and misrepresentation are to be tried by a jury. *See, e.g.*, *Gluckman v. Am. Airlines, Inc.*, No. 92 Civ. 3740 (SWK), 1994 WL 705324, at *4 (S.D.N.Y. Dec. 16, 1994), modified, 1995 WL 11065 (S.D.N.Y. Jan. 12, 1995) (plaintiff entitled to jury demand on fraudulent inducement claim); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Burger*, No. 86 Civ. 8633 (LLS), 1991 WL 197625, at *3 (S.D.N.Y. Sept. 24, 1991) (defendant entitled to have defense and counterclaim that contract was void due to fraudulent inducement decided by jury); *Rush v. Oppenheimer & Co.*, 638 F. Supp. 872, 876 (S.D.N.Y. 1986) (non-declaratory fraudulent inducement claim subject to jury right); *Doe No. 1*, 930 F. Supp. 2d at 380 n.59 ("[h]ere the declaratory judgment sought involves a determination as to whether common law fraud and/or misrepresentation has been employed to procure a release agreement. Such actions have traditionally been cognizable at common law, making them subject to determination by a

jury."); *Winchester Indus., Inc. v. Sentry Ins.*, 630 F.Supp.2d 237 (D. Conn. 2009) (granting jury trial

on claim for negligence); *In re Mullaney*, 179 B.R. 942 (D. Col. 1995) (granting jury trial on claim

for negligent misrepresentation); *Quinn Constr., Inc. v. Skanska USA Bldg., Inc.*, C.A. No. 07–406,

2010 WL 4909587 (E.D.P.A Nov. 30, 2010) (denying Motion to Strike Jury Demand as to negligent

misrepresentation claim); *Bank of New York v. Cheng Yu Corp.*, 67 A.D.2d 961 (2d Dep't 1979)

(holding that a party to a contract "is entitled to a jury trial on the defense of misrepresentation").

As the Second Circuit itself has explicitly recognized, "[t]he conclusion that 'in an ordinary tort

action . . . the right of trial by jury is guaranteed by the Constitution,' is so obvious that it hardly

needs belaboring." *In re Ben Cooper, Inc.*, 896 F.2d 1394, 1402 (2d Cir. 1990), *vacated sub

nom. Ins. Co. of State of Pa. v. Ben Cooper, Inc.*, 498 U.S. 964 (1990), *and opinion reinstated,* 924

F.2d 36 (2d Cir. 1991) (internal citations omitted).  The same result obtains under the test outlined

in *Granfinanciera* and *Tull* because BAT's counterclaims are undeniably legal in nature.

 The second prong of the *Granfinanciera* test is to "examine the remedy sought and

determine whether it is legal or equitable in nature."  *Tull*, 481 U.S. at 417-18.   BAT's

counterclaims seek declaratory judgments that NCR fraudulently and/or negligently induced BAT

to enter into the CSA and that NCR is not entitled to any payments from BAT under the CSA

relating to the Kalamazoo River CERCLA action.  Dkt. 21.  At base, both parties ask the Court to

determine whether payments are due under the CSA – a quintessentially legal remedy.   It is

immaterial that the parties positioned their requests for such relief as claims for declaratory

judgments as to the validity of the CSA, as the right to a jury trial does not turn on the form of the

complaint.  *See Bank of New York Mellon v. WMC Mortg., LLC*, No. 12-cv-7096 (DLC), 2015 WL

4164691, at *3 (S.D.N.Y. July 10, 2015) (citing *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 477-78

(1962) *(*holding that "the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings.")).

While NCR argues that because BAT seeks rescission of the CSA its claims are equitable in nature, this is a fundamental misunderstanding of Seventh Amendment case law. As the Supreme Court has stated, "[t]he Seventh Amendment question depends on the *nature of the issue* to be tried rather than the character of the overall action." *Ross v. Bernhard*, 396 U.S. 531, 538 (1970) (emphasis added) (finding a right to jury trial in a shareholder's derivative suit, a type of suit traditionally brought in courts of equity, because plaintiffs' case presented legal issues of breach of contract and negligence). Here, as in *Ross*, the issues presented (namely, fraud and negligence) are unquestionably legal.

In fact, the Second Circuit has expressly held that when a dispute involves liability under a contract, and the validity of that contract is challenged in light of alleged fraud and/or misrepresentation, "the basic issues are legal" and the parties are entitled to a jury trial. *In re Ben Cooper,* 896 F.2d at 1401-02. Specifically, in *In re Ben Cooper*, an insurer sued to have an insurance policy rescinded and to have its obligations under the contract declared void based on alleged fraud by the insured in obtaining the policy. In granting the defendant's request for a jury trial, the court rejected plaintiff's contention that "merely because [defendant] arguably is seeking rescission, the nature of the action is equitable." *Id*. at 1401. Rather, the court agreed that, where a party "defends and/or counterclaims for cancellation on the ground of fraud," "the basic issues are legal." *Id*. at 1402 (citation omitted). "That the claim may be construed as a request for a declaratory judgment does not change matters." *Id*. NCR's arguments and case citations to the contrary are inapplicable, distinguishable, and unavailing.

6

In contrast to the common law cases cited by BAT, NCR relies almost exclusively on cases involving statutory claims.  In fact, nearly all of the cases NCR cites involve statutory claims for rescission under Section 12(a)(2) of the Securities Act of 1933.  *See* Motion at 4-7 (citing *FHFA v. Nomura Holding Am. Inc.*, 68 F. Supp. 3d 486 (S.D.N.Y. 2014); *Fed. Hous. Fin. Agency for Fed. Nat'l Mortg. Ass'n v. Nomura Holding Am., Inc.*, 873 F.3d 85 (2d Cir. 2017); *Royal Am. Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011 (2d Cir. 1989); and *Deckert v. Independence Shares Corp.*, 311 U.S. 282 (1940)).  Such cases have no relevance in this context as neither party here is asserting a statutory claim – and certainly not a claim with a sharply limited, statutorily defined remedy.  In contrast to the claims asserted here, which at heart go to whether BAT has any liability under a contract, a plaintiff asserting a Section 12(a)(2) rescission claim has no entitlement to seek any compensatory damages and is not required to plead or prove scienter, reliance, or loss causation.  The *sole* remedy under Section 12(a)(2) is a statutory "entitle[ment] to rescission but not damages" which "allow[s] the plaintiff no choice of remedy."  *Royal Am. Managers, Inc.*, 885 F.2d at 1019 n.4;  *see also Federal Housing Finance Agency for Fed. Nat'l Mortg. Ass'n*, 873 F.3d 85.

In contrast, and as outlined in one of the cases cited by NCR, BAT's traditional fraud and negligence claims are remediable by damages as well as rescission, and are thus claims "at law."  *See Stafford Invs., LLC v. Vito*, C.A. No. 04–3182, 2009 WL 1362513, at *10 (E.D. Pa. May 14, 2009) *aff'd*, 375 F. App'x 221 (3d Cir. 2010) (explaining that "when a plaintiff proves fraud in the inducement" he may "choose between rescinding the contract, or affirming the contract and suing for damages.").  Additionally, NCR fails to account for the fact that BAT does not seek only a declaration that the CSA is unenforceable; it also seeks a declaration that NCR is not entitled to

any payments from BAT under the CSA relating to the Kalamazoo River CERCLA action. NCR's case law on rescission is therefore inapplicable.

The few other cases NCR cites are also distinguishable. For example, *C3 Media & Marketing Group, LLC v. Firstgate Internet, Inc.,* 419 F. Supp. 2d 419 (S.D.N.Y. 2005) does not even mention jury rights, and thus cannot support NCR's position. The language cited by NCR from *C3 Media* addresses when rescission is an appropriate remedy, and has nothing to do with BAT's claims for fraud and negligent misrepresentation. *Id.* The plaintiff in *C3 Media* requested a jury (04-cv-9508 Dkt. 1), which request was not contested by the defendant, and a jury trial was scheduled (04-cv-9508 Dkt. 30).

*Deckert v. Independence Shares Corp.*, cited by NCR, is similarly inapposite. 311 U.S. 282 (1940). NCR claims that *Deckert* stands for the proposition that "a suit to rescind a contract induced by fraud and to recover the consideration" is a suit in equity. NCR omits to mention that the court in *Deckert* specifically stated that such a claim "*may* be maintained in equity, *at least where there are circumstances making the legal remedy inadequate*." 311 U.S. at 289 (emphasis added). That is not the case here. The parties in this case are litigating whether BAT has to pay money under the CSA. Moreover, as in *C3 Media*, *Deckert* makes no mention of jury trial rights.

Finally, *Provident Life & Acc. Ins. Co. v. Adie,* 982 F. Supp. 1269 (E.D. Mich. 1997), which NCR describes as "particularly instructive," Motion at 5, supports BAT's position that it is entitled to a jury trial on its common law claims for fraud and negligent misrepresentation. In that case, while the court held that the remedy of rescission should be decided by the court, it also held that "where both legal and equitable issues are presented in a single case, 'only under the most imperative circumstances. . . can the right to a jury trial of legal issues be lost through prior determination of equitable claims.'" *Id.* at 1271 (citing *Dairy Queen, Inc. v. Wood,* 369 U.S. 469,

472-73 (1962)).  The court accordingly held that the fraud issues, which were material to both the contract claims and the declaratory judgment claim, must be submitted to a jury.  *Id.*

**B.**    **BAT is Entitled to a Jury on NCR's Claim**

BAT is also entitled to a jury trial on NCR's claim and BAT's affirmative defenses thereto.  BAT's Jury Demand is timely with respect to all issues in this action, including NCR's declaratory judgment claim and the related defenses.  NCR's contention that BAT's jury demand was untimely with respect to NRC's claim should be rejected.

FRCP 38 provides that, "[o]n any issue triable of right by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served."  Fed. R. Civ. P. 38(b)(1).  The "last pleading directed to the issues" in this instance is NCR's Answer, which was filed on October 18, 2024.  BAT filed its Jury Demand on October 30, 2024, within the 14 day period set forth in FRCP 38.  Accordingly, BAT's jury demand is timely with respect to issues and claims raised by NCR's Complaint.

NCR argues that BAT waived its right to a jury demand.  However, NCR's waiver argument premised on its erroneous assertion that the "last pleading" on their claim was BAT's Answer.  This is incorrect under existing caselaw.  Where, as here, a counterclaim raises the same issue as the complaint, the reply to the counterclaim is considered the last pleading on that issue.  *See Tights, Inc. v. Stanley*, 441 F.2d 336, 344 n.21 (4th Cir. 1971).  In *Tights*, the plaintiff alleged infringement of a patent.  In response, defendants' answer denied infringement, denied the validity of the patent, and included counterclaims seeking a declaratory judgment that the patent was invalid and not infringed.  *Id.* at 337.  Plaintiff filed a timely reply to the affirmative defenses and counterclaim, and timely filed a jury demand on all issues.  *Id.*  Defendants argued that plaintiff's jury demand was untimely, but the Fourth Circuit rejected this argument, explaining that plaintiff's

9

reply was the "last pleading" because the issues of validity and infringement were equally raised by both the counterclaim and the original complaint.  This is directly analogous to the procedural posture of this case.

Additionally, in *Binger v. Unger*, 7 F.R.D. 121, 121 (S.D.N.Y. 1946), a Southern District of New York case dealing with similar issues, the court reached the same conclusion.  In that case, the Court found that the "amended complaint, the counterclaim and the reply as well, set forth the issues of [patent] validity."  The court concluded that the reply to the counterclaim was the "last pleading" on the issue and that the demand for jury trial filed eight days after said reply was timely. *Id.* at 122; *see also* Wright and Miller § 2320 Time for the Demand, 9 Fed. Prac. & Proc. Civ. § 2320 (4th ed.) ("If the counterclaim raises the same issues as does the answer, then a demand made within 14 days after the reply to the counterclaim is effective as to those issues."); *see also Monolith Portland Midwest Co. v. R.F.C.*, 240 F.2d 444, 448 (9th Cir. 1957) ("the 'last pleading directed to issue' of [plaintiff's] Complaint was [plaintiff's] 'Answer to Counterclaim' and its Request for Jury Trial filed concurrently therewith came within the requirements of Rule 38(b)."); *Whirlpool Fin. Corp. v. Sevaux*, 866 F. Supp. 1102, 1105 (N.D. Ill. 1994) ("Although some of the factual issues raised by [defendant] in his counterclaims were not addressed in [plaintiff's] complaint, they are inextricably intertwined with [plaintiff]'s allegation that he wrongfully failed to repay the Note.  Therefore, we find that [defendant]'s jury demand was timely as to all issues.").

Here, BAT's counterclaims, BAT's Answer and NCR's Complaint all involve the same factual issue.  NCR's Complaint seeks a declaratory judgment that, under the terms of the CSA, BAT is obligated to pay sixty percent of costs NCR incurs in certain environmental cleanup efforts in the Kalamazoo River.  NCR's Complaint ¶¶ 56-65.  BAT's counterclaims seek a declaratory judgment that the CSA is "null and void" based on theories of fraud and negligent misrepresentation

and that BAT does not have to make the payments demanded by NCR.  BAT's Answer ¶¶ 74-95.

These dueling declaratory judgments are two sides of the same coin, rendering NCR's Answer the

last pleading on the issue.  Indeed, this Court recently denied NCR's motion for judgment on the

pleadings with respect to its claim because "BAT's affirmative defenses and counterclaims call

into question the CSA's enforceability as to BAT's liability for costs incurred at the Kalamazoo

River Site . . . "  Dkt 38 at 10-11.  It therefore cannot be seriously disputed that NCR's claim and

BAT's counterclaims are "inextricably intertwined."

The sole case cited by NCR on this point, *McCarthy v. Bronson*, 906 F.2d 835 (2d Cir. 1990),

*aff'd*, 500 U.S. 136 (1991), is inapposite.  Not only did the defendant in *McCarthy* not file a

counterclaim, but the court in that case did not even find that the relevant jury demand was untimely.

Instead, the *McCarthy* Court found that the plaintiff waived his right to a jury trial when plaintiff

expressly agreed in open court that his claims would be resolved via a bench trial.  Such a holding

has no relevance to the present action.

Finally, denying BAT's right to a jury on NCR's claim is particularly inappropriate in light

of the fact that, as explained above, a jury trial must be held on BAT's counterclaims.  Thus,

accepting NCR's waiver argument would require this Court to hold a jury trial on BAT's

counterclaim and then separately issue a ruling regarding NCR's claim, addressing many of the same

issues decided by the jury.  This raises several concerns.

First, it would violate the Seventh Amendment of the United States Constitution, which

provides:

> In Suits at common law, where the value in controversy shall exceed
> twenty dollars, the right of trial by jury shall be preserved, and no fact tried
> by a jury, shall be otherwise re-examined in any Court of the United States,
> than according to the rules of the common law.

U.S. Const. amend. VII.   As outlined above, BAT's counterclaims raise substantially the same issues as does NCR's claim and BAT's affirmative defenses thereto.  Bifurcating the claims would therefore accomplish exactly what the Seventh Amendment forbids.  *See Shum v. Intel Corp.*, 499 F.3d 1272, 1279 (Fed. Cir. 2007) (holding that where "commonality exists between the factual issues underlying the [relevant] claims," the decision to try one claim before the court and another before a jury would "[run] afoul of the Seventh Amendment."); *see also Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959) (holding that a trial judge could not conduct a bench trial, and preclude a jury trial, on equitable declaratory relief claims where that trial would resolve "common" issues with a claim subject to jury resolution.).

Second, holding a jury trial and then separately briefing the same issues to be decided by the Judge would be a waste of resources for all involved.  *See Bro-Tech Corp. v. Thermax, Inc.*, Civ. No. 05–CV–2330, 2009 WL 737349, at *3 (E.D. Pa. Mar. 19, 2009) (permitting jury trial on all claims that may be tried by a jury because the plaintiff's claim and the defendant's counterclaim "are plainly 'offshoots of the same basic controversy between the parties,' and to hear them separately would be duplicative and wasteful of judicial and party resources").

Third, such a procedure risks conflicting determinations on the same issue.

## **CONCLUSION**

For the foregoing reasons, BAT respectfully requests that the Court deny NCR's Motion.


Dated:     January 30, 2025
           New York, New York

                                        Respectfully Submitted,

                              By:     */s/ Dennis H. Tracey, III*
                                        Dennis H. Tracey, III
                                        David R. Michaeli
                                        Nathaniel Benfield
                                        Benjamin Diamond
                                        HOGAN LOVELLS US LLP
                                        390 Madison Avenue
                                        New York, NY 10017
                                        Telephone: (212) 918-3000
                                        dennis.tracey@hoganlovells.com
                                        david.michaeli@hoganlovells.com
                                        nathaniel.benfield@hoganlovells.com
                                        benjamin.diamond@hoganlovells.com

                                        *Attorneys for Defendant*

## <u>WORD COUNT CERTIFICATION</u>

I hereby certify that this Memorandum of Law complies with Local Rule 7.1(c) of the United States District Courts for the Southern and Eastern Districts of New York. This certificate certifies that the document complies with the word count limit. Compliance relied on the word count of the word-processing system used to prepare the document. The total number of the words in this Memorandum, exclusive of the caption, table of contents, table of authorities and signature block is 4,062 words.

Dated:   January 30, 2025
        New York, New York

                                   */s/ Dennis H. Tracey, III*
                                   Dennis H. Tracey, III