# EXHIBIT A

**POLSINELLI LLP**
Randye B. Soref (SBN 99146)
Tanya Behnam (SBN 322593)
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:    310.556.1801
Facsimile:    310.556.1802
Email:        rsoref@polsinelli.com
Email:        tbehnam@polsinelli.com

Bradley R. Gardner (*Admitted Pro Hac Vice*)
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone:    (816) 753-1000
Facsimile:    (816) 753-1536
Email:        bgardner@polsinelli.com

*Attorneys for Newport Healthcare Center, LLC
and Hoag Memorial Hospital Presbyterian*

FILED & ENTERED

OCT 11 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY steinber DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>HOAG URGENT CARE-TUSTIN, INC., et al.,<br><br>    Debtor and Debtor in Possession,<br><br>---<br><br>DR. ROBERT AMSTER, ROBERT AMSTER, M.D., INC., YOUR NEIGHBORHOOD URGENT CARE, LLC, HOAG URGENT CARE-ANAHEIM HILLS, INC., HOAG URGENT CARE-HUNTINGTON HARBOUR, INC., and HOAG URGENT CARE-TUSTIN, INC.<br><br>        Plaintiffs,<br><br>    v.<br><br>HOAG MEMORIAL HOSPITAL PRESBYTERIAN; NEWPORT HEALTHCARE CENTER LLC,<br><br>        Defendants. | Lead Case No.: 8:17-bk-13077-TA<br><br>(Jointly Administered with Case Nos. 8:17-bk-13078-TA, 8:17-bk-13079-TA, 8:17-bk-13080-TA, 8:17-bk-13089-TA and 8:17-bk-13090-TA)<br><br>Chapter 7<br><br>Adv. No. 8:17-ap-01230-TA<br><br>**ORDER GRANTING THE HOAG PARTIES' MOTION TO STRIKE UNTIMELY JURY DEMAND**<br><br>DATE:   SEPTEMBER 26, 2019<br>TIME:   2:00 P.M.<br>PLACE:  COURTROOM 5B<br>        U.S. BANKRUPTCY COURT<br>        411 W. FOURTH ST.<br>        SANTA ANA, CA  92701 |

-----------------------------------------------------------

HOAG MEMORIAL HOSPITAL PRESBYTERIAN; NEWPORT HEALTHCARE CENTER LLC

        Counterclaim Plaintiffs,

    v.

DR. ROBERT AMSTER, ROBERT AMSTER, M.D., INC., and YOUR NEIGHBORHOOD URGENT CARE, LLC,

        Counterclaim Defendants.

On September 26, 2019, Defendants and Counterclaimants' Hoag Memorial Hospital Presbyterian and Newport Healthcare Center, LLC (collectively, the "**Hoag Parties**") *Motion to Strike Untimely Jury Demand* [Dkt. No. 261] ("**Motion**") came on for hearing before the above-referenced Court, the Honorable Theodor C. Albert presiding. Appearances were made as stated on the record.

The Court having reviewed and considered the Motion and all pleadings and papers filed in support thereof and in opposition thereof, having heard and considered the arguments of counsel made at the hearing, having found that notice of the Motion was adequate and appropriate under the circumstances, and that no further notice need be given, and finding good cause therefor,

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED.

2. Plaintiffs' jury demand as to claims pursuant to their Amended Complaint [Dkt. No. 42] and the Hoag Parties' Answer thereto [Dkt. No. 79] is stricken.

3. Plaintiffs' jury demand as to claims pursuant to the Hoag Parties' Counterclaims [Dkt. No. 79] and the Amster Parties' Answer thereto [Dkt. No. 106] is stricken.

4. Nothing contained herein shall have any force or effect in connection with the right of Plaintiffs and Cross Defendants, Dr. Robert Amster, M.D., Robert Amster, M.D., Inc. and Your Neighborhood Urgent Care, LLC ("**Crossclaim Plaintiffs**") to demand a jury in connection with Crossclaim Plaintiffs' Crossclaim [Dkt. No. 257].

5. The Tentative Ruling issued by the Court on September 26, 2019 and attached as **Exhibit A** hereto is adopted and incorporated herein.

###

Date: October 11, 2019

*Theodor C. Albert*
Theodor C. Albert
United States Bankruptcy Judge

- 4 -
**ORDER DENYING DEFENDANTS' MOTION TO STRIKE UNTIMELY JURY DEMAND**

70569594.2

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

---

**Thursday, September 26, 2019**                                             Hearing Room    5B

---

<u>2:00 PM</u>
**8:17-13077**    **Hoag Urgent Care-Tustin, Inc.**                                                   Chapter 7
Adv#: 8:17-01230        Amster et al v. Hoag Memorial Hospital Presbyterian et al

  #22.00    The Hoag Parties' Motion to Strike Untimely Jury Demand

                                     Docket      261

**Tentative Ruling:**

Tentative for 9/26/19:

This is Defendants Hoag Memorial Hospital Presbyterian's and Newport Healthcare Center LLC's (collectively "Defendants'") motion to strike, as untimely, Plaintiffs Dr. Robert Amster, Robert Amster M.D., Inc., (together, "Amster Parties"), Your Neighborhood Urgent Care ("YNUC"), and Hoag Urgent Care – Anaheim Hills, Inc., Hoag Urgent Care-Huntington Harbor, Inc. and Hoag Urgent Care-Tustin, Inc. (together, "HUC Debtors") (all entities collectively, "Plaintiffs") demand for a jury trial.  Defendants assert that Plaintiffs' demand for a jury trial comes more than 7 months after the deadline for such a demand passed.  Therefore, Defendants argue, under FRBP 9015 and FRCP 38, Plaintiffs have waived any right to demand a jury trial and their demand should be stricken. Further, Defendants argue that the case law in the Ninth Circuit rejects Plaintiffs' assertion that Courts have broad discretion to allow untimely jury trial demands under FRCP 39.  Defendants conclude that Plaintiffs' demand for a jury trial should be stricken because the court's discretion under Rule 39 is narrow and Plaintiffs have not shown that their failure to timely demand a jury trial was the product of something more than mere inadvertence.

  1. **FRCP 38 and 39 Standards**

Federal Rule of Civil Procedure 38, made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 9015, states in pertinent part:

# United States Bankruptcy Court
# Central District of California
### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

**Thursday, September 26, 2019**                                                                      **Hearing Room**          **5B**

<u>2:00 PM</u>
**CONT...**          **Hoag Urgent Care-Tustin, Inc.**                                                                       **Chapter 7**

"On any issue triable of right by a jury, a party may demand a jury trial by:

> (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served…"

The Rule further states:

"A party waives a jury trial unless its demand is properly served and filed."

Courts have noted that, "'the last pleading directed to' an issue is not the pleading that raises the issue, it is the pleading that contests the issue. Normally, that pleading is an answer, or, with respect to a counterclaim, a reply[.]" *McCarthy v. Bronson*, 906 F.2d 835, 840 (2d. Cir. 1990). "A constellation of federal district court opinions defines what is 'the last pleading' in the case of jointly liable defendants. All arrive at the same conclusion: When defendants are jointly and severally liable for a claim containing an issue on which there is a right to jury trial, the 'last pleading directed at such issue' is the last pleading required to be filed as between the plaintiff and any of the jointly liable defendants." *Bentler v. Bank of America Nat'l Trust & Sav. Ass'n*, 959 F.2d. 138, 140 (9th Cir. 1992). "The requirements of these rules are strictly enforced… and a waiver from this default, pursuant to Rule 39, will not be granted, 'except under highly exceptional circumstances[.]'" *Transocean Air Lines v. Pan American World Airways, Inc.*, 36 F.R.D. 43, 45 (S.D.N.Y.1964). Where the issues raised by the counterclaim and reply are essentially similar to those in the complaint, a jury demand, timely as to the former but not the latter, will extend to all the issues in the case. *Id*. "The definition of an issue for purposes of Rule 38 is not a matter solely of fact or of law." *In re N-500L Cases*, 691 F.2d 15, 23 (1st Cir. 1982) "One issue is the same as another when it is based on the same conduct or concerns the same general area of dispute." *Id*.

# United States Bankruptcy Court
# Central District of California
### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

**Thursday, September 26, 2019**                                            **Hearing Room    5B**

<u>2:00 PM</u>
**CONT...**     **Hoag Urgent Care-Tustin, Inc.**                                        **Chapter 7**

Further, FRCP 39(b) provides that when no demand for a jury trial is made: "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Courts in the Ninth Circuit recognize that this discretion is "narrow" and "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086-87 (9th Cir. 2002).  "An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001).

Here, Plaintiffs do not contest the following facts: Plaintiffs initiated this action on December 4, 2017 (Dkt. #1).  The original complaint was dismissed (Dkt. #40).  Plaintiffs then filed an amended complaint on June 25, 2018 (Dkt. #42). The amended complaint did not contain a jury demand. Defendants answered the amended complaint and also filed counterclaims against Plaintiffs on October 4, 2018 (Dkt. #79). Plaintiffs answered Defendants' counterclaims on February 19, 2019 (Dkt. #106). Plaintffs' answer to Defendants' counterclaims also did not contain a demand for a jury trial.

Plaintiffs filed their initial demand for a jury trial on September 3, 2019 and filed the amended demand for a jury trial on September 4, 2019.  In total, roughly 7 months passed between the Plaintiffs' answer to Defendants' counterclaims and the amended demand for a jury trial.  Plaintiffs' Amended Jury Demand seeks a trial on "all issues triable to a jury arising out of or related o the above-captioned adversary proceeding including all counterclaims and crossclaims." (Amended Jury Demand, p. 2).  Defendants point out that the last pleading directed at Plaintiffs' claim against Defendants was Defendants' answer to the amended complaint, which, as mentioned, was filed on October 4, 2018.  The last pleading directed at Defendants counterclaims was Plaintiffs' answer to the counterclaims, which was filed on February 19, 2019.  Therefore, Defendants conclude, the last date on which Plaintiffs could have demanded a jury trial on their claims against Defendants

# United States Bankruptcy Court
## Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

**Thursday, September 26, 2019**                                          Hearing Room        **5B**

**2:00 PM**
**CONT...**    **Hoag Urgent Care-Tustin, Inc.**                                          **Chapter 7**

was October 18, 2018, and the last day Plaintiffs could have demanded a jury trial on the counterclaims would have been March 5, 2019.

Plaintiffs take issue with Defendants' identification of the "last pleading." Plaintiffs argue that, pursuant to various discovery stipulations between the Defendants and Plaintiffs, discovery was continued through the end of August 2019. On September 3, 2019 the Amster Parties filed a cross-claim against the HUC Debtors for indemnity. Thereafter, Plaintiffs filed a jury demand in connection with the cross-claim. Plaintiffs conclude that the last pleading in this case is actually the cross-claim. Therefore, because the jury demand was filed within 14 days of when the cross-claim was filed, and because the issues raised in the cross-claim are in the same "general area of dispute" to those issues raised in the amended complaint and counterclaims, the jury trial demand is timely and should extend to all proceedings. Specifically, Plaintiffs point out that each of the pleadings derive from the same agreements and disputes by and among the parties, namely: (a) the Master Urgent Care Development Agreement (MUCDA), (b) the sublease agreements between YNUC, and Newport Healthcare Center, LLC, (c) guaranties between Robert Amster, M.D. and Robert Amster, M.D., Inc., (d) brand license agreement, and (e) sub-subleases between the HUC Debtors and YNUC, which each related to the creation and operation of urgent care centers by and among the parties.

Since there is general agreement about the background facts, it is only necessary to decide whether the issues in the cross-claim are sufficiently in the same "general area of dispute" as those in the amended complaint and counterclaims, or in words of the Rule "directed to the issue." Plaintiffs argue that the crossclaims, amended complaint, and counterclaims occupy the same general area of dispute because to adjudicate the issues in each of these proceedings, the court must necessarily look at the MUCDA, each of the agreements, leases, and guaranties in order to determine the intent of the parties. Plaintiffs further argue that each of the agreements, leases and guaranties must be analyzed in tandem with MUCDA because they were

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

**Thursday, September 26, 2019**                                                                                              **Hearing Room    5B**

**2:00 PM**
**CONT...**     **Hoag Urgent Care-Tustin, Inc.**                                                                                    **Chapter 7**

derived from the MUCDA. Finally, Plaintiffs argue that not only are the underlying agreements all inextricably linked because of their relation to the MUCDA, but the agreements were drafted similarly as well. This explains why, Plaintiffs argue, the indemnity provisions directly at issue in the cross-claim are nearly identical to the indemnity provisions that are drafted in the subleases between YNUC and Newport.

However, Defendants argue, more persuasively, that the cross-claim is actually quite dissimilar to the amended complaint and counterclaims. Also, sound policy considerations argue decisively in favor of striking the Plaintiffs' jury demand. Although Defendants readily concede that the cross-claim, amended complaint, and counterclaims share *some* factual components, Defendants cite *Davidson Pipe Co. v. Laventhol & Horwath*, 125 F.R.D. 363, 367 (S.D.N.Y. 1989) for the proposition that "the fact that the issues share some factual components is not sufficient for them to be deemed the 'same issue' for purpose of a jury demand." Defendants argue that there are significant differences between the cross-claim, amended complaint, and counterclaims. Defendants begin by reciting the causes of action in each proceeding. The amended complaint alleges that the Defendants breached fiduciary duties owed to the Amster parties. The counterclaims assert that the Amster parties breached certain subleaseses and guaranty agreements. By contrast, Defendants argue, the cross-claim involves neither of those two issues nor does it involve the Defendants at all. The cross-claim is simply a contractual indemnity claim based only on language in certain sub-sublease agreements that are separate from the dispute among the Defendants and Plaintiffs. Defendants persuasively argue that even though the sub-subleases are mentioned in the amended complaint and counterclaims, it is only by way of background information. However, the cross-claim is the only pleading that requires analyzing, interpreting, and enforcing any provision of the sub-subleases.

To illustrate this point, Defendants go to the text of the cross-claim itself. The cross-claim's only cause of action alleges that (1) the sub-

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

**Thursday, September 26, 2019**                                                                 **Hearing Room        5B**

**2:00 PM**
**CONT...        Hoag Urgent Care-Tustin, Inc.                                                                         Chapter 7**

subleases obligate the HUC Debtors to indemnify the Amster parties and (2) if the Amster parties are liable to the Defendants as a result of the counterclaims, the HUC Debtors must indemnify the Amster parties. Therefore, Defendants argue, the cross-claim only requires the court to decide whether (1) the HUC Debtors actually agreed to indemnify the Amster parties; (2) the Amster parties performed their obligations under the indemnity provisions in the sub-subleases; and (3) the Amster parties have incurred liability covered by those indemnity provisions (i.e., a judgment against them). Defendants persuasively argue that all these determinations are separate and distinct from the issues requiring resolution in the amended complaint and counterclaims.

The court agrees with Defendants that although all three proceedings obviously share some factual similarities, the actual causes of action in the cross-claim, amended complaint, and counterclaims are where the meaningful and contested issues are found.  Therefore, pursuant to the language from *Davidson Pipe* and *N-500L*, the mere observation that these proceedings share some factual content is, by itself, insufficient to find that they occupy the same general area of dispute for purposes of a jury demand.

The court also agrees with Defendants that the cross-claim should not be considered the "last pleading directed at an issue" in these circumstances. Instead, the court finds that the last pleading on the amended complaint was Defendants' answer, and the last pleading on the counterclaims was Plaintiffs' answer.  The deadline to demand a jury trial in both of these proceedings passed some time ago and should not be allowed to be revived by the cross-claims because they involve insufficiently similar issues.

### 2.  Jury Trial Demand Under FRCP 39

Plaintiffs argue, as an alternative, that the court should allow a jury trial under FRCP 39 because the failure to demand a jury earlier was not simply

# United States Bankruptcy Court
## Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

**Thursday, September 26, 2019**                                                       **Hearing Room**     **5B**

**2:00 PM**
**CONT...**      **Hoag Urgent Care-Tustin, Inc.**                                           **Chapter 7**

the product of mere inadvertence pursuant to *Zivkovic*. Plaintiffs argue that the decision not to demand a jury trial earlier in the process was a strategic decision based on their belief that they should wait until each claim in the adversary proceedings was identified. The court does not understand the strategy in waiting, given the possibility (and one might say, probability) that such a long delay would likely be viewed as a waiver of the right to demand a jury trial. The court understands Plaintiffs' argument that the issues lacked some clarity and that further discovery would be required to fully understand the issues involved in the litigation. However, what is missing is the logical bridge between wanting further clarity and not exercising the right to demand a jury trial. How would doing so have prejudiced the Plaintiffs in any way? Certainly, the demand for a jury could have been withdrawn if it were to be deemed unnecessary based on what discovery in the adversary proceedings revealed. Moreover, the obvious commonality of interests and control between the Amster Parties and the HUC Debtors creates suspicion about just how 'deliberate' any such strategy was. Instead, Plaintiffs find themselves clinging to tenuous arguments.

As an illustration of that tenuousness, Plaintiffs rely heavily on *Smith v. U.S. Bank*, 2012 WL 12887916 (C.D. Cal. 2012) for the proposition that the court should essentially ignore Plaintiffs' lengthy delay in demanding a jury trial, and instead focus on the spirit of the federal rules. *Smith* relies on a case called *Johnson v. Dalton*, 57 F. Supp. 2d 958 (C.D. Cal. 1999) for the proposition that, notwithstanding Ninth Circuit cases suggesting a court may not allow a jury trial where demand was untimely as a result of oversight or inadvertence, "[r]ule [FRCP]39 itself, case law, and policy support the court's exercise of discretion" in allowing an untimely jury trial demand. The *Smith* court then, citing *Johnson*, lays out several factors that the court should consider when deciding whether to allow a jury trial based on an untimely demand. Essentially what *Smith* stands for is the basic idea that the court has a much wider degree of discretion in this area than Ninth Circuit jurisprudence suggests.

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

**Thursday, September 26, 2019**     Hearing Room     **5B**

<u>2:00 PM</u>
**CONT...**     **Hoag Urgent Care-Tustin, Inc.**     **Chapter 7**

The problem with appealing to *Smith* is that the approach outlined in *Johnson* has been heavily criticized. In *Sardinas v. United Airlines, Inc.*, 2019 U.S. Dist. LEXIS 75199, *11 (2019 WL 1979322) (W.D. Wash. 2019) the court noted that *Johnson* was, "a case in which a district court admittedly contravened Ninth Circuit authority and relied on cases in other circuits to permit a jury trial despite an untimely demand due to inadvertence." The *Sardinas* court continued, "[t]he *Johnson* decision came years prior to the Ninth Circuit's *Pacific Fisheries* decision, which reaffirmed a court's 'narrow' discretion under Rule 39(b)." *Id*. The court concluded, "[m]oreover, courts in this Circuit have not widely adopted the *Johnson* court's approach to Rule 39(b)." *Id*.

Defendants also persuasively argue on policy that, in circumstances such as these, accepting Plaintiffs' arguments and allowing a jury trial would render FRCP 38 meaningless because it would, essentially, allow an indefinite or no deadline to demand a jury. Indeed, a party could simply knowingly "choose" to file a cross-claim the day before a trial and immediately file a jury demand. While this is perhaps an extreme example, the underlying policy concerns appear valid. The basic idea is that courts do not want to over-accommodate a party who files an untimely jury demand because it could open the door to all manner of abuse. Therefore, it is not surprising that, in the Ninth Circuit, courts take a narrow view of the discretion that courts have in granting untimely demands for a jury.

### 3. Sanctions

Defendants argue that Plaintiffs' belated demand for a jury trial warrants sanction. However, in the reply, Defendants assert that the matter of sanctions is not properly before the court at this time, and so sanctions need not be addressed.

*Grant*

**Party Information**

Case 17-ap-01307 Doc 332 Filed 10/16/19 Entered 02/20/25 Page 14 of 16sc
Case 8:17-bk-13077-TA Doc 332 Filed 10/16/19 Entered 10/16/19 Page 13 of 15
Main Document    Page 13 of 15

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

**Thursday, September 26, 2019**                                                       **Hearing Room    5B**

<u>2:00 PM</u>
**CONT...**     **Hoag Urgent Care-Tustin, Inc.**                                             **Chapter 7**

**Debtor(s):**

|   |   |
|---|---|
| Hoag Urgent Care-Tustin, Inc. | Represented By<br>  Ashley M McDow<br>  Michael T Delaney<br>  Fahim  Farivar<br>  Teresa C Chow<br>  Tiffany  Payne Geyer |

**Defendant(s):**

|   |   |
|---|---|
| Hoag Memorial Hospital | Represented By<br>  Randye B Soref<br>  Tanya  Behnam |
| Newport Healthcare Center, LLC | Represented By<br>  Randye B Soref<br>  Tanya  Behnam |

**Plaintiff(s):**

|   |   |
|---|---|
| Dr Robert  Amster | Represented By<br>  Ashley M McDow<br>  Teresa C Chow<br>  Faye C Rasch |
| Robert Amster, M.D., Inc. | Represented By<br>  Ashley M McDow<br>  Teresa C Chow<br>  Faye C Rasch |
| Your Neighborhood Urgent Care, | Represented By<br>  Ashley M McDow<br>  Teresa C Chow<br>  Faye C Rasch |
| Richard A Marshack | Represented By<br>  Caroline  Djang |

**Trustee(s):**

|   |   |
|---|---|
| Richard A Marshack (TR) | Represented By |

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

**Thursday, September 26, 2019**                                                                          **Hearing Room    5B**

**2:00 PM**
**CONT...**      **Hoag Urgent Care-Tustin, Inc.**                                              **Chapter 7**

                                           Caroline Djang
                                           Cathy Ta
                                           Elizabeth A Green

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

# EXHIBIT "A"

- 5 -
**ORDER GRANTING THE HOAG PARTIES' MOTION TO STRIKE UNTIMELY JURY DEMAND**

70569594.2