# EXHIBIT A



SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

+1 212 839 5760
ZPAYNE@SIDLEY.COM

March 25, 2025

**By Email**
Dennis H. Tracey, III
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
dennis.tracey@hoganlovells.com

Re:    NCR Response to BAT Discovery Letter in *NCR Corporation v. B.A.T* Industries *p.l.c.*, 23-cv-1172-JPC-SDA (S.D.N.Y.)

Counsel:

We write in response to your March 18 letter regarding the relevant period for discovery in this action.

**A. <u>Documents Prior to 1994.</u>**

NCR has explained in letters dated January 9 and March 7 the reasons why the relevant period for discovery begins in 1994: that is when NCR first received a government notice of potential CERCLA liability (for the Fox River). In response, BAT points to a number of events (with no connection to NCR) and then proposes a modified series of date ranges based on those events, which still date back to 1980. While NCR appreciates BAT's work to find a compromise, the response continues to miss the point and the new proposed date ranges still provide an unjustifiable burden.

BAT's response presumes knowledge on the part of unidentified individuals at NCR untethered to anything in documents NCR has produced, prior depositions BAT has taken of NCR personnel, or anything else. It then jumps over any connection between that speculation and any knowledge on the part of such hypothetical individuals that NCR may have arranged for the disposal of hazardous materials at the Kalamazoo River *decades earlier*. Perhaps most importantly, BAT utterly fails to connect any of those events or NCR's imagined knowledge from the 1980s to the individuals negotiating the CSA on NCR's behalf in the late 1990s, the period that is actually relevant to its claims.

BAT's position is, at best, pure speculation and certainly no basis to construct a discovery period, especially given the burdens associated with collecting documents from the 1980s and 1990s. NCR has produced tens of thousands of documents from the Kalamazoo River litigation and will continue to make rolling productions of documents from that litigation. If BAT believes there is evidence that NCR actually knew about the potential for liability at the Kalamazoo River

# SIDLEY

Page 2

before 1994, it is free to present that to NCR and we can reevaluate the date range. But as it stands, NCR has no reason to believe that the prospect of NCR's liability at the Kalamazoo River arose before 1994 or that any such theoretical pre-1994 knowledge would bear on what the parties knew when the CSA was actually negotiated.

**B.  Documents from 2000-2023.**

NCR stands on its position that a search of documents for the 2000 to 2023 period, i.e., a period of more than twenty years *after* the execution of the CSA, is not proportionate to the needs of the case. BAT's case rests on the proposition that NCR either misrepresented or failed to disclose some fact that would have been material to BAT's decision to sign the CSA, a decision it made in 1999. Despite our requests, BAT has failed to identify any alleged NCR act *after* BAT's signature on the CSA that has any relevance to BAT's remaining defenses and counterclaims. As a result, the only use for these 24 years' worth of documents would be to conduct a fishing expedition for a later document that happens to reference events between 1994 and 1999. Such a fishing expedition is not proportionate to the needs of the case, and NCR cannot agree to conduct it.

Sincerely,

/s/ Zachary Payne

Zachary Payne