**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NCR CORPORATION,<br><br>                    Plaintiff,<br><br>     v.<br><br>B.A.T INDUSTRIES p.l.c.,<br><br>                    Defendant. | Case No.: 1:23-cv-1172-JPC |

## PLAINTIFF NCR VOYIX CORPORATION'S PARTIAL OBJECTIONS TO THE REPORT AND RECOMMENDATION ON NCR'S MOTION TO STRIKE DEFENDANT B.A.T INDUSTRIES p.l.c.'S JURY DEMAND

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

BACKGROUND ...................................................................................................................3

LEGAL STANDARDS ..........................................................................................................4

ARGUMENT ........................................................................................................................6

    I.       NO FACT-FINDING IS REQUIRED ON NCR'S AFFIRMATIVE CLAIM........6

    II.      BAT IS NOT ENTITLED TO A JURY TO RESOLVE ITS AFFIRMATIVE
           DEFENSES..........................................................................................................7

    III.     BAT IS NOT ENTITLED TO A JURY ON ITS COUNTERCLAIMS, WHICH
           ARE EQUITABLE IN NATURE..........................................................................9

    IV.     THE R&R ERRED IN FINDING THAT BAT IS ENTITLED TO A JURY
           BECAUSE THE "SAME ISSUES" ARE RAISED BY THE COMPLAINT,
           AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS. ................................12

CONCLUSION....................................................................................................................14

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                              **Page(s)**

*3801 Beach Channel, Inc. v. Shvartzman*,
    No. 05–CV–0207, 2010 WL 6471990 (E.D.N.Y. Sept. 30, 2010) ..........................................11

*American International Specialty Lines v. Connecticut Res. Recovery Authority*
    No. 3:06CV699, 2012 WL 13018509 (D. Conn. Mar. 29, 2012) ...........................................13

*Bank of New York Mellon v. WMC Mortg., LLC*,
    2015 WL 4164691 (S.D.N.Y. July 10, 2015) .............................................................................5

*Bernardez v. Graham*,
    No. 11-CIV-6463-NSR-JCM, 2016 WL 8715936 (S.D.N.Y. Apr. 15, 2016) ..........................5

*Berrios v. N.Y. City Hous. Auth.*,
    564 F.3d 130 (2d Cir. 2009)......................................................................................................7

*In re Coated Sales, Inc.*,
    119 B.R. 452 (Bankr. S.D.N.Y. 1990) ......................................................................................5

*F.T.C. v. E.M.A. Nationwide, Inc.*,
    No. 1:12–CV–2394, 2013 WL 3153771 (N.D. Ohio June 19, 2013) ....................................11

*Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*,
    487 F. Supp. 999 (S.D.N.Y. 1980) ...........................................................................................5

*Granfinanciera, S.A. v. Nordberg*,
    492 U.S. 33 (1989)....................................................................................................................5

*Kelley v. Boosalis*,
    2018 WL 6322631 (D. Minn. Dec. 3, 2018)............................................................................8

*King v. Innovation Books, a Div. of Innovative Corp.*,
    976 F.2d 824 (2d Cir.1992).......................................................................................................8

*Pauling v. Sec'y of Dep't of Interior*,
    71 F. Supp. 2d 231 (S.D.N.Y. 1999)........................................................................................8

*Rose v. PSA Airlines, Inc.*,
    80 F.4th 488 (4th Cir. 2023) ...................................................................................................11

*Sabby Healthcare Master Fund Ltd. v. Microbot Med. Inc.*,
    180 A.D.3d. 529 (1st Dep't 2020) ..........................................................................................11

*U.S. v. Stein*,
    452 F. Supp. 2d 230 (S.D.N.Y 2006)........................................................................................8

*Winchester Indus., Inc. v. Sentry Ins.*,
   630 F. Supp. 2d 237 (D. Conn. 2009) ...................................................................13

**Statutes**

28 U.S.C. § 636(b)(1)(C) .......................................................................................4

**Rules and Regulations**

Fed. R. Civ. P. 38 ..........................................................................................3, 5, 12

Fed. R. Civ. P. 78(b)(3) ........................................................................................4

## INTRODUCTION

Nearly two years after plaintiff NCR Voyix Corporation ("NCR") filed this lawsuit, defendant B.A.T Industries p.l.c. ("BAT") "demand[ed] a trial by jury on all issues so triable in this action." Dkt. 48. NCR moved to strike this late demand. Dkt. 59. Judge Aaron's Report & Recommendation, Dkt. 82 (the "R&R") correctly applied the law to most of the claims and issues in the various pleadings here and recommended that BAT's jury demand be stricken as to its counterclaims seeking rescission and equitable recoupment and its affirmative defenses asserting equitable recoupment, unclean hands, and laches. But the R&R misapplied the law or misconstrued the pleadings in recommending that BAT is entitled to a jury on the remaining claims and defenses in this action. BAT is not entitled to a jury on those claims and defenses either because there is no issue triable by jury on those pleadings or because BAT waived its jury demand.

The Court should have no illusions about why this issue is surfacing only now. NCR filed its complaint, containing a single declaratory judgment count, on February 10, 2023. BAT filed its answer, affirmative defenses and counterclaims on June 23, 2023 without demanding a jury. With no jury demanded on NCR's complaint or its own affirmative defenses and counterclaims, BAT presumably determined that it was comfortable with this Court deciding all relevant issues. But BAT changed course after the Court's September 14, 2024 Opinion and Order on NCR's Motion for Judgment on the Pleadings, Dkt. 38, which rejected BAT's interpretation of the contract, dismissed a number of counterclaims and an affirmative defense, and laid out a narrow path for BAT to attempt to prove its defenses and counterclaims for fraudulent or negligent misrepresentation. Following that order, BAT decided that it wanted a different trier of fact and, after NCR's answer to BAT's surviving counterclaims, first demanded a jury on October 30, 2024. The questions presented by NCR's motion to strike BAT's jury demand are whether BAT's jury

demand entitles it to a jury on any aspect of NCR's complaint, BAT's affirmative defenses, or BAT's counterclaims. The answer to each question is "no"—for different reasons.

BAT is not entitled to a jury on NCR's complaint because no factfinding is required on NCR's single claim, which involves issues of pure contractual interpretation of the parties' Confidential Settlement Agreement ("CSA"). Indeed, this Court already interpreted the CSA in NCR's favor in its opinion on NCR's motion for judgment on the pleadings. *See* Dkt. 38 at 18–36. Judge Aaron's recommendation to the contrary, focusing on background allegations in the complaint, misconstrued the nature and effect of those allegations.

BAT either is not entitled to, or waived any entitlement to demand, a jury on its surviving affirmative defenses. BAT asserted eight affirmative defenses: the Court dismissed one of them (*in pari delicto*), one requires no factfinding (failure to state a claim), four are equitable in nature as to which there is no entitlement to a jury (as the R&R correctly found as to equitable recoupment, unclean hands, and laches), and BAT waived its right to demand a jury over the final two, arguably legal, defenses (breach of contract and failure to mitigate damages) by failing to demand a jury within 14 days of its answer—and because neither of those "issues" were the "same" as anything addressed in NCR's answer to BAT's counterclaims.

BAT also is not entitled to a jury on either of its remaining counterclaims because they are both equitable in nature. The R&R got much of the law right supporting this conclusion. It primarily erred, however, in conflating the nature of the relief BAT seeks as to those two counterclaims (rescission and equitable recoupment—both of which remedies the R&R correctly found to be equitable) with one of the forms of relief BAT sought in the three counterclaims this Court dismissed (a declaration that NCR was not entitled to the payment of monies under the CSA). It further failed to appreciate that such a declaration of non-entitlement to damages, under

the facts and allegations in the remaining counterclaims, could be reached only through one of the same forms of relief actually pleaded in the remaining counterclaims—rescission or equitable recoupment—and that no non-equitable route to such a declaration exists.

Finally, the R&R erred in determining that the issues raised by NCR's answer to BAT's counterclaims were the "same issues" raised in NCR's complaint and BAT's affirmative defenses, such that considerations of Rule 38(b)(1) could be satisfied in "resurrecting" BAT's right to make a jury demand as to those pleadings filed more than a year before the demand. As above, the only issue that was the "same" between the complaint, affirmative defenses, counterclaims, and answer thereto, is an affirmative defense and counterclaim that the R&R correctly found to be equitable in nature and not subject to a trial by jury.

For all of these reasons, the R&R should be modified as to those issues it found could be tried to a jury, and the Court should grant NCR's motion to strike BAT's jury demand in its entirety.

## **BACKGROUND**

NCR commenced this case on February 10, 2023 seeking a declaratory judgment that the Kalamazoo River is a "Future Site" as defined in the by the CSA, which requires BAT to pay its contractually-obligated share of investigation and cleanup costs at the Kalamazoo River. Dkt. 1. On June 23, 2023, BAT answered the complaint, asserted eight affirmative defenses, and filed counterclaims based on theories of fraudulent inducement, negligent misrepresentation, *in pari delicto*, public policy, and NCR's alleged breach of contract. Dkt. 21. BAT's answer and counterclaims did not include a jury demand.

On October 2, 2023, NCR filed: (i) a motion for judgment on the pleadings on its complaint; (ii) a motion to strike BAT's affirmative defenses; and (iii) a motion to dismiss BAT's counterclaims. Dkt. 30. In a September 14, 2024 order, the Court granted in part and denied in part

NCR's motions, finding that the Kalamazoo River was a Future Site as defined in the CSA, but that, because BAT had plausibly pleaded certain counterclaims and defenses going to the enforceability of the CSA, the Court could not enter judgment on NCR's complaint. Dkt. 38 at 16–17. The Court also dismissed three of BAT's counterclaims for breach of contract, *in pari delicto*, and public policy, leaving only BAT's counterclaims for fraudulent inducement and negligent misrepresentation. *Id.* at 18–36. After the Court entered that order and NCR answered BAT's counterclaims on October 18, 2024, BAT filed its October 30, 2024 jury demand "on all issues so triable in this action." Dkt. 48.

NCR moved to strike BAT's jury demand on December 19, 2024, BAT filed its opposition on January 30, 2025, and NCR its reply on February 20, 2025. The parties argued the motion on May 13, 2025. In his May 22, 2025 R&R, Judge Aaron recommended that the Court grant in part and deny in part BAT's motion to strike. Dkt. 82. Judge Aaron found that BAT's jury demand on NCR's complaint was timely because the last pleading directed to an issue in the complaint was NCR's answer to BAT's counterclaims. The R&R recommended that BAT's jury demand be stricken as to its counterclaims seeking rescission and equitable recoupment and its affirmative defenses asserting equitable recoupment, unclean hands, and laches. R&R at 17.

## LEGAL STANDARDS

### I.     REPORT & RECOMMENDATION

This Court is empowered to "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Upon a timely objection, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 78(b)(3)). This *de novo* review requires the court to "consider the '[r]eport, the record, applicable legal authorities, along with . . .

objections and replies." *Bernardez v. Graham*, No. 11-CV-6463-NSR-JCM, 2016 WL 8715936, at \*2 (S.D.N.Y. Apr. 15, 2016) (quoting *Diaz v. Girdich*, 04-CV-5061, 2007 WL 187677, at \*1 (S.D.N.Y. Jan 23, 2007)).

## II.      THE RIGHT TO A JURY TRIAL

Federal Rule of Civil Procedure 38(b) provides that on "any issue triable of right by a jury, a party may demand a jury trial" and requires that a jury demand be filed "no later than 14 days after the last pleading directed to the issue is served." Under Civil Rule 38(d), a "party waives a jury trial unless its demand is properly served and filed."

The determination of whether an issue is "triable of right by a jury" for purposes of Rule 38 depends on whether an issue is equitable or legal, with a right to a jury trial attaching to legal issues, but not equitable ones. *See Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 487 F. Supp. 999, 1001 n.1 (S.D.N.Y. 1980) ("The Seventh Amendment has no application to cases in equity."); *In re Coated Sales, Inc.*, 119 B.R. 452, 456 n.7 (Bankr. S.D.N.Y. 1990) ("The Supreme Court has tended to analyze this dichotomy with regard to the Seventh Amendment right to a jury trial by distinguishing between legal claims, which seek money damages, and equitable claims, which seek the exercise of a court's equitable jurisdiction.").

To determine whether a claim is equitable or legal, courts employ the test set forth in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989), and analyze: (1) whether the claim would have been deemed legal or equitable in 18th century England; and (2) whether the remedy sought is legal or equitable in nature. *See generally, e.g.*, *Bank of New York Mellon v. WMC Mortg., LLC*, 2015 WL 4164691 (S.D.N.Y. July 10, 2015).

## ARGUMENT

## I.    NO FACT-FINDING IS REQUIRED ON NCR'S AFFIRMATIVE CLAIM.

NCR's complaint contains a single count seeking a "declaration that the Kalamazoo River Site is a 'Future Site' under the Confidential Settlement Agreement and that BAT must therefore compensate NCR for 60 percent of any costs it incurs relating to the Kalamazoo River Site." Dkt. 1 ¶ 65. As Judge Aaron correctly determined, the question of whether the Kalamazoo River constitutes a "Future Site" under the CSA is a question of contract interpretation already decided by the Court. R&R at 10.

Judge Aaron separately held, however, that NCR's requested declaration also involves the "enforceability of the CSA." R&R at 10. But this is mistaken. The R&R focuses on two paragraphs of NCR's complaint, R&R at 11 and n.4 (citing Dkt. 1 ¶¶ 51, 61), which describe BAT's refusal, in a June 2019 letter, to pay its contracted share of Kalamazoo River costs. But NCR sought no relief with respect to these paragraphs; they merely provide background on the parties' pre-suit discussions and help show that an actual controversy exists between the parties. Although these paragraphs describe generally reasons that BAT gave before the litigation for not paying its share, they are not part of NCR's claim that it is required to prove.

Instead, the two aspects of the declaration sought by NCR involve issues of pure contractual interpretation. As the R&R elsewhere correctly acknowledges: "There does not appear to be a dispute that, as a matter of contract interpretation, if the Kalamazoo River is a Future Site, then under the plain language of the CSA and the subsequent arbitration decision, BAT is obligated to compensate NCR for sixty percent of any costs." R&R at 10. NCR did not raise any issues regarding the enforceability of the CSA; had BAT not filed counterclaims and affirmative

6

defenses, the Court would not have had to address issues of enforceability in order to grant the relief NCR sought.

As a result, no fact-finding is required on NCR's case-in-chief, and BAT is not entitled to a jury for any aspect of thereof.

## II.    BAT IS NOT ENTITLED TO A JURY TO RESOLVE ITS AFFIRMATIVE DEFENSES.

The R&R correctly found that "the issues that remain for trial concern the validity of the CSA based on allegations that NCR fraudulently and/or negligently induced BAT to agree to its terms." R&R at 9. Those issues were not raised by NCR, however, but by BAT in a single one of its affirmative defenses.[1] BAT is not entitled to a jury to resolve the affirmative defense raising that issue. Nor is it entitled to a jury on any of its other affirmative defenses.

None of BAT's affirmative defenses addresses *negligent* misrepresentation at all and the only defense addressing fraudulent inducement is BAT's Third Defense, which asserts that "NCR's claims are barred, in whole or in part, under the doctrine of equitable recoupment because, as set forth more fully below, NCR fraudulently induced BAT to enter into the CSA. NCR is accordingly barred from any recovery from BAT under the CSA." Dkt. 21 at 15. Critically, the R&R correctly determined that this defense was equitable in nature and did not entitle BAT to a jury. R&R at 16 ("[T]o the extent that Defendant seeks equitable recoupment either by way of its affirmative defense (*see* Aff. Defenses. at 15), or by way of its Counterclaims (Counterclaims ¶¶ 4, 85, 95), such defense and counterclaim raise equitable, not legal issues, as to which there is no right to a jury trial.").

---

[1] These issues were also raised by BAT's two remaining counterclaims, regarding which BAT also is not entitled to a jury, as addressed *infra* at Section III.

BAT asserted seven other affirmative defenses, but it is not entitled to a jury on any of them. The Court struck one of the defenses—the Eighth Defense asserting *in pari delicto*. Dkt. 38 at 39–40. Four of the other defenses are not entitled to be tried to a jury:

- The First Defense, for failure to state a claim on which relief may be granted, requires no fact-finding for the reasons addressed in Section I above and because a "failure to state a claim" is a pure issue of law that requires no fact-finding. *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (stating that "the sufficiency of a complaint to state a claim on which relief may be granted is a question of law.").

- The Fourth Defense—asserting unclean hands; and Fifth Defense—asserting waiver, estoppel, and/or laches, are equitable and offer no right to a jury. *See* R&R at 16–17 (finding unclean hands and laches to be equitable); *Pauling v. Sec'y of Dep't of Interior*, 71 F. Supp. 2d 231, 233 (S.D.N.Y. 1999) (finding that equitable estoppel is a question for the court to determine); *King v. Innovation Books, a Div. of Innovative Corp.*, 976 F. 2d 824, 828 (2d Cir. 1992) (assessing "equitable defenses of laches, estoppel and waiver").

- The Seventh Defense, alleging that NCR's claims are barred by public policy "is ultimately one for resolution by the courts." *U.S. v. Stein*, 452 F. Supp. 2d. 230, 253 (S.D.N.Y. Sept. 6, 2006), *vacated on other grounds*, *Stein v. KPMG, LLP*, 486 F. 3d 753 (2nd Cir. 2007).

That leaves only the Second Defense, alleging that NCR breached the CSA, and the Sixth Defense, for alleged failure to mitigate damages. While these defenses can be legal in nature, BAT did not demand a jury on them within 14 days of its answer, so it waived its right to a jury on those claims under Rule 38(b). As addressed in Section IV below, while the R&R did find that BAT's eventual jury demand after NCR filed its answer to BAT's counterclaims served to resurrect BAT's right to demand a jury for "the same issues" raised in NCR's answer to the counterclaims, R&R at 11–12, that does not aid BAT as to either of these counterclaims. BAT did not even argue, nor did the R&R find (having not addressed these two affirmative defenses at all) that anything in the counterclaims or NCR's answer thereto addressed issues of breach of contract or failure to

mitigate damages. As a result, BAT waived any jury right it may have had on its Second and Sixth Defenses.[2]

In sum, BAT has no right to a jury on any of its affirmative defenses.

### III.  BAT IS NOT ENTITLED TO A JURY ON ITS COUNTERCLAIMS, WHICH ARE EQUITABLE IN NATURE.

NCR agrees with most of Judge Aaron's analysis of BAT's remaining counterclaims.[3] The R&R correctly found that the mere labeling of those claims as fraudulent or negligent misrepresentation did not answer the question of whether they were legal or equitable, and also recognized that the two forms of relief BAT seeks in its remaining counterclaims—equitable recoupment and rescission—are equitable in nature. The R&R erred only with respect to its findings relating to an additional form of relief sought by BAT, namely, "[a] declaration that NCR is not entitled to any payments from BAT under the CSA." The R&R's recommendation that BAT is entitled to a jury on its counterclaims based on this request for relief was in error for at least three reasons.

*First*, the R&R failed to appreciate that the equitable remedies of rescission and equitable recoupment are the *only* forms of relief BAT seeks with respect to its remaining counterclaims because BAT sought a "declaration that NCR is not entitled to any payments" only as to counterclaims that the Court has dismissed. Of the five counterclaims pleaded by BAT, only three of them—Count 3 (Breach of Contract), Count 4 (*In Pari Delicto*), and Count 5 (Public Policy))—

---

[2] Even assuming *arguendo* that BAT had a right to seek a jury as to its first, fourth, fifth, and seventh affirmative defenses at the time it filed its answer (which it did not), it would have waived that right for the same reasons it did so as to its second and sixth defenses: it did not file a timely jury demand and nothing in BAT's counterclaims or NCR's answer thereto addressed any of the same issues as these defenses.

[3] Only BAT's first two counterclaims remain in the case; the Court previously dismissed Count III (labeled "Declaratory Judgment (Contract)"), Count IV (labeled "Declaratory Judgment (*In Pari Delicto*)"), and Count V (labeled "Declaratory Judgment (Public Policy)"). *See* Dkt. 38 at 30–36.

sought as relief a declaration that BAT has no liability for costs at the Kalamazoo River. *See* Dkt. 32 ¶¶ 101, 108, 120. The Court dismissed all three of those counterclaims. Dkt. 38 at 30–36. The remaining two counterclaims for fraudulent inducement and negligent misrepresentation seek *only* two remedies (both counterclaims seek the same two forms of relief): (a) "a declaration that . . . the CSA is null and void," and (b) a declaration that BAT may "equitably recoup any alleged damages NCR seeks to recover from BAT under the CSA." Dkt. 32 ¶¶ 84–85; 94–95.

Because the R&R correctly found both of those remedies to be equitable in nature, R&R at 15–16, BAT is not entitled to a jury thereon. Accordingly, the R&R erred in finding otherwise by citing BAT's *general* Prayer for Relief, which consolidated the relief sought in all five of BAT's counterclaims. R&R at 15; Dkt. 32, Prayer for Relief (pp. 39–40). Had the R&R traced the requests in that general Prayer for Relief section to the individual counterclaims, it would have found that the request for a "declaration that NCR is not entitled to any payments" had been dismissed with the three counterclaims that actually requested that declaration as a form of relief.

*Second*, even if BAT had sought a declaration that it does not need to pay NCR money in connection with the two remaining counterclaims, the R&R erred in finding this to be a legal remedy. As recited above, the Court's order on NCR's motion for judgment on the pleadings stopped short of granting judgment in favor of NCR because "relief [for NCR] turns on whether the relevant terms of the agreement are binding." Dkt. 38 at 18; *see also id.* (because "certain counterclaims and affirmative defenses that challenge the CSA's enforceability survive, the Court concludes that judgment on the pleadings in favor of NCR is not warranted"). Accordingly, the only avenues for BAT to obtain a declaration that it does not owe NCR money (had it even sought such relief in connection with the remaining counterclaims) is the Court's determination that the contract is unenforceable, i.e., rescission, or that BAT is entitled to equitable recoupment, both of

which are equitable forms of relief. R&R at 16–17. There is no other, non-equitable, basis for BAT to obtain a declaration on either of its counterclaims that it does not need to pay money to NCR. BAT recognized as much in drafting its surviving counterclaims to seek only rescission and equitable recoupment as remedies. Dkt. 32 ¶¶ 84–85, 94–95.

This is not just a matter of parsing BAT's words; it also flows from the remedies available under New York law for fraudulent inducement or negligent misrepresentation. *See Sabby Healthcare Master Fund Ltd. v. Microbot Med. Inc.*, 180 A.D.3d. 529, 530 (1st Dep't 2020) (stating that a "defrauded party to a contract may elect to either disaffirm the contract by a prompt rescission or stand on the contract and thereafter maintain an action at law for damages attributable to the fraud.") (quoting *Big Apple Car v City of New York*, 204 A.D.2d 109, 110–11 (1st Dep't 1994)). As between these remedies, parties are entitled to the "relief that restores them to the position they would have occupied in the absence of such fraud." *3801 Beach Channel, Inc. v. Shvartzman*, No. 05–CV–0207, 2010 WL 6471990, at *15 (E.D.N.Y. Sept. 30, 2010). BAT has no remedy available at law as it has paid no money to NCR with respect to NCR's expenses at the Kalamazoo River[4] and, as such, BAT has never claimed that it could be made whole by affirming the contract and seeking monetary damages. Restoration of the status quo for BAT is a rescission of the contractual provisions it alleges to have been procured by fraud or negligence—or equitable recoupment if NCR obtains damages.

*Third*, while Judge Aaron found that a declaration that BAT does not owe NCR money to be legal in nature because it "relates to the payment of money," R&R at 15, that is not the test. There are numerous equitable remedies that *relate* to the payment of money. *See e.g.*, *Rose v. PSA*

---

[4] And, as the R&R notes, counsel for BAT conceded that it does not allege any misrepresentations with respect to the Fox River Site, regarding which BAT paid certain monies long ago that are not at issue in this litigation. *See* R&R at 15–16.

*Airlines, Inc.*, 80 F.4th 488, 498 (4th Cir. 2023) ("Money does not neatly divide, and never has neatly divided, law from equity . . . there were many monetary equitable remedies."); *F.T.C. v. E.M.A. Nationwide, Inc.*, No. 1:12–CV–2394, 2013 WL 3153771, at *3 (N.D. Ohio June 19, 2013) ( "Restitution and disgorgement are part of this Court's equitable authority even when they require an exchange of monies."). While the *non*-payment of money may be incidental to the relief BAT seeks, the only remedies BAT seeks through its surviving counterclaims are uses of the Court's equitable discretion to void the CSA or award equitable recoupment.

As such, the R&R erred in holding that BAT is entitled to a jury on either of its two remaining counterclaims.

### IV. THE R&R ERRED IN FINDING THAT BAT IS ENTITLED TO A JURY BECAUSE THE "SAME ISSUES" ARE RAISED BY THE COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS.

The R&R also erred in holding that BAT resurrected its right to demand a jury on the complaint and affirmative defenses—despite not filing a jury demand until more one year after its answer—because those pleadings raised the "same issues" as BAT's counterclaims and NCR's answer thereto. Judge Aaron reasoned:

> Because the same issues are raised in the Complaint, affirmative defenses and Counterclaims, and because the demand for a jury trial was filed by Defendant twelve days after Plaintiff filed its Answer to Defendant's Counterclaims (i.e., the last pleading addressed to the issues raised in the Complaint), Defendant's demand for jury trial timely was filed during the 14-day window provided by Rule 38(b)(1).

R&R at 11. This conclusion is mistaken for two principal reasons.

*First*, there is no overlap between the complaint and the counterclaims (or NCR's answer thereto). Rule 38(b)(1) provides that a jury demand is timely if filed "no later than 14 days after the last pleading directed to the issue is served." Accordingly, in order for NCR's answer to BAT's counterclaims to have provided BAT a right to seek a jury as to any aspect of the complaint, two

12

things must be true: (a) some "issue" has to be the same between NCR's complaint and its answer to BAT's counterclaims, and (b) BAT must be entitled to demand a jury on that issue. Neither criterion is met here.

Because the complaint raises only issues of contractual interpretation, *see supra* at Section I, and BAT's counterclaims (and NCR's answer thereto) raise only issues of contractual formation and enforceability, *id.* at Sec. III, there is no "issue" that is the "same" between these pleadings. *See Winchester Indus., Inc. v. Sentry Ins.*, 630 F. Supp. 2d 237, 240 (D. Conn. 2009) (rejecting argument that a complaint and counterclaim were sufficiently similar to toll a jury demand deadline where the counterclaim "asserts how [the insurance] policy should be construed, which is unrelated to the issue [in the complaint] of whether the agent was negligent in obtaining [that] policy"); *American International Specialty Lines v. Connecticut Resources Recovery Authority* No. 3:06CV699, 2012 WL 13018509, at *2 (D. Conn. Mar. 29, 2012) (finding same in situation where the issue in the complaint—"how the policy at issue should be construed"—was not the same issue as those raised in counterclaims, which related to how the policy was carried out). And because the only issue that *could* be the "same" between NCR's complaint and its answer to the counterclaims is the proper interpretation of the contract, BAT would not be entitled to a jury on that issue, which is squarely within the province of this Court to decide. *See supra* at Sec. I.

*Second*, while there is a single issue that is the "same" between one of BAT's surviving counterclaims (for fraudulent inducement) and one of its affirmative defenses (its Third Defense for equitable recoupment based on fraudulent inducement), that overlap does not—and cannot— "resurrect" a right to a jury on that affirmative defense, because BAT never had such a right in the first place. The R&R correctly found that BAT's third affirmative defense seeking equitable recoupment on the basis of fraudulent inducement (as well as its similar counterclaim) was

equitable in nature and, as a result, that BAT is not entitled to a jury thereon. R&R at 16. That is true no matter when BAT filed its jury demand. In other words, while BAT's filing of a jury demand within two weeks of NCR's answer to BAT's counterclaims theoretically could have *resurrected* BAT's right to seek a jury as to *legal* issues that were the "same" between the two pleadings, it could not have *created* a right to seek a jury over an *equitable* affirmative defense.[5]

Because the only overlap between NCR's answer to BAT's counterclaims on the one hand and NCR's complaint or BAT's affirmative defenses on the other is an equitable affirmative defense regarding which the R&R determined BAT had no entitlement to a jury, the relation back doctrine for which the R&R cites Wright & Miller has no application here.

## CONCLUSION

For the foregoing reasons, the Court should modify the R&R and find that BAT is not entitled to a jury on any aspect of NCR's complaint or BAT's counterclaims.

Dated: June 5, 2025      Respectfully submitted,
New York, New York

             /s/ Zachary Payne
             John J. Kuster
             Zachary Payne
             SIDLEY AUSTIN LLP
             787 Seventh Avenue
             New York, NY 10019
             (212) 839-5300
             jkuster@sidley.com
             zpayne@sidley.com

             Bruce R. Braun (admitted *pro hac vice*)
             Charles K. Schafer (admitted *pro hac vice*)
             SIDLEY AUSTIN LLP
             One South Dearborn
             Chicago, IL 60603
             (312) 853-7000

---

[5] By contrast, as addressed above, had BAT's counterclaims (and NCR's answer thereto) addressed issues of breach of contract or mitigation of damages, BAT's jury demand within 14 days of NCR's answer might have resurrected BAT's right to seek a jury on its two arguably legal affirmative defenses. *See Supra* at 8–9. But neither issue was addressed in BAT's counterclaims and NCR's answer thereto. *See* Dkt. 21.

bbraun@sidley.com
cschafer@sidley.com

*Attorneys for Plaintiff NCR Voyix*
*Corporation*