**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| NCR CORPORATION, |
| Plaintiff, |
| v. |
| B.A.T. INDUSTRIES P.L.C., |
| Defendant. |

Case No. 1:23-cv-1172-JPC

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT B.A.T. INDUSTRIES P.L.C.'S OPPOSITION TO PLAINTIFF NCR VOYIX CORPORATION'S PARTIAL OBJECTIONS TO THE REPORT AND RECOMMENDATION ON NCR'S MOTION TO STRIKE DEFENDANT B.A.T INDUSTRIES P.L.C.'S JURY DEMAND</u>**

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ................................................................................................... 3

ARGUMENT ........................................................................................................................... 5

    A.   Standard of Review .................................................................................................. 5

    B.   Legal Standards ........................................................................................................ 6

    C.   BAT is Entitled to a Jury on NCR's Claim .............................................................. 8

    D.   BAT is Entitled to a Jury on its Affirmative Defenses .......................................... 10

    E.   BAT is Entitled to a Jury on its Counterclaims ..................................................... 13

CONCLUSION ...................................................................................................................... 16

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*34-06 73, LLC v. Seneca Ins. Co.*,
    198 N.E.3d 1282 (N.Y. 2022) ...................................................................................................11

*Abu-Nassar v. Elders Futures, Inc.*,
    No. 88 CIV 7906, 1994 WL 445638 (S.D.N.Y. Aug. 17, 1994) .......................................6, 11

*Binger v. Unger*,
    7 F.R.D. 121 (S.D.N.Y. 1946) ..................................................................................................9

*Black v. Riker-Maxson Corp.*,
    401 F. Supp. 693 (S.D.N.Y. 1975) ..........................................................................................12

*Clark v. Hanley*,
    89 F.4th 78 (2d Cir. 2023) .......................................................................................................13

*Day v. Meyer*,
    No. 99 CIV 10708, 2001 WL 456327 (S.D.N.Y. Apr. 30, 2001) ...........................................12

*Dimick v. Schiedt*,
    293 U.S. 474 (1935) ..................................................................................................................2

*Doe No. 1 v. Knights of Columbus*,
    930 F. Supp. 2d 337 (D. Conn. 2013) ..................................................................................6, 13

*Dunham v. Hastings Pavement Co.*,
    56 A.D. 244 (1st Dep't 1900) ..................................................................................................12

*F.T.C. v. E.M.A. Nationwide, Inc.*,
    No. 12-CV-2394, 2013 WL 3153771 (N.D. Ohio June 19, 2013) ..........................................15

*Granfinanciera, S.A. v. Nordberg*,
    492 U.S. 33 (1989) ....................................................................................................................6

*Great–West Life & Annuity Ins. Co. v. Knudson*,
    534 U.S. 204 (2002) ................................................................................................................15

*Guiliani v. Duke Univ.*,
    No. 1:08CV502, 2010 WL 1292321 (M.D.N.C. Mar. 30, 2010) ..............................................8

*Hagen v. Siouxland Obstetrics & Gynecology, PC*,
    799 F.3d 922 (8th Cir. 2015) ..................................................................................................12

*Hudson & Manhattan R. Co. v. United States*,
    28 F. Supp. 137 (S.D.N.Y. 1939) ........................................................14

*Lockhart v. Leeds*,
    195 U.S. 427 (1904)..............................................................................14

*Morrison v. B. Braun Med. Inc.*,
    663 F.3d 251 (6th Cir. 2011) ...............................................................12

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Burger*,
    No. 86 Civ. 8633, 1991 WL 197625 (S.D.N.Y. 1991) .....................6, 13

*NCR Corp. v. B.A.T. Indus. P.L.C.*,
    No. 23 CIV. 1172 (JPC), 2024 WL 4188358 (S.D.N.Y. Sept. 14, 2024)................................8

*Prudential Oil Corp. v. Phillips Petroleum Co.*,
    392 F. Supp. 1018 (S.D.N.Y. 1975).......................................................2

*Robinson v. Keane*,
    No. 92 CIV. 6090, 1999 WL 459811 (S.D.N.Y. June 29, 1999)........6, 11

*Rose v. PSA Airlines, Inc.*,
    80 F.4th 488 (4th Cir. 2023) ................................................................15

*Settlement Funding, LLC v. AXA Equitable Life Ins. Co.*,
    No. 09 CV 8685, 2011 WL 1097635 (S.D.N.Y. 2011) ........................14

*Starr Int'l Co. v. Am. Int'l Grp., Inc.*,
    623 F. Supp. 2d 497 (S.D.N.Y. 2009)....................................................2

*Stoneback v. ArtsQuest*,
    No. CIV.A. 12-3286, 2012 WL 4963624 (E.D. Pa. Oct. 17, 2012)........12

*Tights, Inc. v. Stanley*,
    441 F.2d 336 (4th Cir. 1971) .................................................................9

*Wadler v. Bio-Rad Laboratories, Inc.*,
    916 F.3d 1176 (9th Cir. 2019) .............................................................12

*Watts v. Waddle*,
    31 U.S. 389 1832 ................................................................................14

*Wm. H. Taylor Fin. Corp. v. Or. Logging & Timber Co.*,
    116 Or. 440 (1925)..............................................................................14

**Statutes**

28 U.S.C. § 636(b)(1) ...............................................................................5

**Other Authorities**

Fed. R. Civ. P. 38 ................................................................................................................9

Fed. R. Civ. P. 72(b) ...........................................................................................................5

Wright and Miller § 2320 Time for the Demand, 9 Fed. Prac. & Proc. Civ. (4th
     ed.) .............................................................................................................................7, 9

Defendant B.A.T Industries p.l.c. ("BAT") by its attorneys, Hogan Lovells US LLP, respectfully submits this Memorandum of Law in Opposition to Plaintiff NCR Voyix Corporation's ("NCR") Partial Objections to the Report and Recommendation on NCR's Motion to Strike Defendant's Jury Demand (the "Report") (Dkt. No. 82) filed on June 5, 2025 ("NCR's Objection") (Dkt. No. 83).

## PRELIMINARY STATEMENT

This case is currently before the Court on NCR's motion to strike BAT's jury demand. NCR contends that the Court should grant that drastic relief because, according to NCR, "no factfinding is required on NCR's single claim" and BAT's counterclaims and defenses are all equitable.[1]  Because the Magistrate Judge correctly rejected both of these assertions, the Court should adopt the Report in full.

As the Magistrate Judge noted, the Court denied NCR's motion for judgment on the pleadings precisely because factfinding *is* required as to NCR's claim – specifically, factfinding regarding whether or not the contract at issue in this case, the CSA, is enforceable.  That is a legal claim as to which a jury right arises.  Indeed, "the Complaint, as admitted by Plaintiff during oral argument relates to the payment of money" pursuant to a written contract and, accordingly, asserts a classic claim at law.  Report at 13–14 (citing Tr. at 11:12–14).  NCR also seeks a "quintessential legal" remedy for its legal claim: a declaration that BAT has to pay for NCR's Kalamazoo liabilities under the CSA.  *Id*. at 13.  Those are exactly the types of claims that are tried to juries every day and this case is no different.

---

[1] NCR Objections, at 2.

The Magistrate Judge was also correct in finding that "the same issues are raised in the Complaint, affirmative defenses and Counterclaims," and that BAT accordingly has a constitutional right to a jury as to all three. Report at 11.[2] BAT's counterclaims and defenses seek a declaration that BAT does not have to pay for NCR's Kalamazoo liabilities under the CSA – a mirror of the relief NCR seeks and which, like NCR's claim, is also a request for legal relief on legal claims. NCR's arguments to the contrary are meritless.

Courts have long recognized that the right to a jury trial is one of the most fundamental rights in the American legal system. *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935) ("Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care."); *Starr Int'l Co. v. Am. Int'l Grp., Inc.*, 623 F. Supp. 2d 497, 504 (S.D.N.Y. 2009) ("[T]he longstanding federal policy favoring jury trials . . . counsels in favor of finding a right to a jury trial in ambiguous cases[.]") (citations omitted); *Prudential Oil Corp. v. Phillips Petroleum Co.*, 392 F. Supp. 1018, 1021–22 (S.D.N.Y. 1975) ("[T]he inescapable teaching of recent Supreme Court decisions is that there is a clear federal policy in light of the Seventh Amendment favoring jury trials and that, in doubtful cases, that policy should be favored." (citing cases)). NCR's Objection to Judge Aaron's Report fails to raise any issues that warrant denying BAT such a fundamental, constitutionally protected right. Accordingly, NCR's Objection should be denied and the Report should be adopted.

---

[2] The Magistrate Judge found that "Defendant's jury demand be stricken only as to Defendant's claims seeking rescission and equitable recoupment that are contained in Defendant's Counterclaims, as well as its affirmative defenses asserting equitable recoupment . . . , unclean hands and laches." Report at 17. BAT has not filed an objection to the Report.

## FACTUAL BACKGROUND

On February 10, 2023, NCR filed its complaint seeking a declaration that "the Kalamazoo River Site is a 'Future Site' under the terms of the Confidential Settlement Agreement, and that BAT is therefore obligated to compensate NCR for 60 percent of any costs it incurs relating to the Kalamazoo River Site." Dkt. No. 1 ("NCR's Compl.") ¶ 65.  In support of its claim, NCR alleged that "[a]n actual controversy has arisen between NCR and BAT because BAT has refused to fulfill its obligations under the Confidential Settlement Agreement to bear 60 percent of costs incurred by NCR relating to the Kalamazoo River Site."  ¶ 58.  NCR further stated that "BAT claims that it has no obligation to pay for any portion of the investigation and cleanup costs relating to the Kalamazoo River because 'BAT does not consider that the Agreements apply at all to the liabilities now faced by NCR' *or, alternatively, the Confidential Settlement Agreement has been 'vitiated' by NCR's purported misrepresentations or bad conduct . . .*" ¶ 61 (emphasis added).

On June 23, 2023, BAT filed its Answer and Counterclaims ("BAT's Answer"), including affirmative defenses for: failure to state a claim; breach of contract; fraudulent inducement; unclean hands; waiver, estoppel and/or laches; failure to mitigate damages; public policy, and in pari delicto. Dkt. No. 21 at 15–16.  Additionally, BAT brought counterclaims against NCR seeking a declaration that the CSA is "null and void" based on theories of fraudulent inducement, negligent misrepresentation, public policy, breach of contract, and in pari delicto. *Id.* at 4, 33–40.  BAT also sought a declaration that NCR is not entitled to any payments from BAT under the CSA relating to the Kalamazoo River CERCLA action, and any additional relief deemed fair and just.  *Id.*

On October 2, 2023, NCR filed: (i) a motion for judgment on the pleadings on its complaint. (ii) a motion to strike BAT's affirmative defenses. and (iii) a motion to dismiss BAT's counterclaims. Dkt. No. 30.

3

On September 14, 2024, the Court granted in part and denied in part NCR's motions.  Dkt. No. 38 at 16–17.  The Court found that BAT had properly alleged affirmative defenses based on failure to state a claim; breach of contract; fraudulent inducement; unclean hands; waiver, estoppel and/or laches; failure to mitigate damages; and public policy, and denied NCR's motion to dismiss those defenses. *Id.* at 18–36.  The Court also found that BAT properly alleged counterclaims for fraud and negligent misrepresentation.  *Id.*  In so holding, the Court explained that "BAT's affirmative defenses and counterclaims call into question the CSA's enforceability as to BAT's liability for costs incurred at the Kalamazoo River Site[.]" *Id.* at 10–11.

On October 18, 2024, NCR filed its Answer to Defendant's Counterclaims ("NCR's Answer").  Dkt. No. 43. On October 30, 2024, BAT filed its jury demand "on all issues so triable in this action." Dkt. No. 48 (the "Jury Demand"). On December 19, 2024, NCR moved to strike BAT's Jury Demand.  Dkt. No. 59 (the Memorandum of Law in Support of the "Motion to Strike").

On May 13, 2025, Judge Aaron held oral argument on NCR's Motion to Strike.  At oral argument, the parties addressed both BAT's right to a jury on its counterclaims and BAT's right to a jury on NCR's claim.  In discussing these questions, counsel for NCR made several admissions.  First, with respect to BAT's right to a jury on NCR's claim, NCR stated that the "reason [BAT] lose[s] as to our claim is a matter of timing" and that "the declaration [NCR] seeks does relate to the payment of money at the end of the day, so that is a legal claim."  Tr. at 7:22–23 (Dkt. No. 80).  Additionally, Judge Aaron directly asked whether NCR's counsel acknowledged that, had BAT demanded a jury "within 14 days after [their answer to NCR's Complaint], they would be entitled to a jury, because what's alleged in the complaint is a matter at law, not in equity." *Id.* at 11:6–9.  In response, counsel for NCR stated that, if Judge Aaron's recommendation to the Court "was that NCR's claim in its complaint is a legal one . . . then a jury demand made within 14 days would be

4

timely and appropriate as to that claim." *Id.* at 12:17–23.  As to BAT's right to a jury on its counterclaims, NCR acknowledged that "most claims for fraud and negligence are legal claims, not equitable claims." Tr. at 7:6-8.  NCR also acknowledged that interpretation of the CSA "is off the table because Judge Cronan has already interpreted the contract." *Id.* at 9:20–23.

On May 22, 2025, Judge Aaron issued the Report, which recommends that the Court grant in part and deny in part NCR's Motion.  Dkt. No. 82.  Judge Aaron found that BAT was entitled to a jury on NCR's claim because: (1) "absent a declaratory judgment procedure, this action ultimately would come to the Court as a breach of contract action seeking damages, which traditionally has been considered a legal claim;" (2) the remaining relief sought by Plaintiff—a declaration that BAT must compensate NCR for costs associated with the Kalamazoo River site—is a "quintessential legal remedy;" and (3) "the same issues are raised in the Complaint, affirmative defenses and Counterclaims," including because NCR's Complaint "sets forth the same issues that underpin BAT's Counterclaims regarding purported misrepresentations and/or omissions by NCR on its counterclaims."  Report at 11–13.

Judge Aaron further found that BAT is entitled to a jury on its counterclaims to the degree that it seeks a declaration that it is not obligated to compensate NCR for costs arising from the cleanup of the Kalamazoo River.  He held that "[l]ike the remedy sought in the remaining portion of the Complaint, this remedy is a quintessential legal one since it relates to the payment of money." Report at 15.  As set forth in the Report, BAT's jury demand was timely as to its counterclaims, NCR's claims, and BAT's defenses because all involve the same issues.  Report at 11, 14.

## ARGUMENT

### A.    Standard of Review

Courts review those portions of a Magistrate Judge's Report and Recommendation to which objections are made de novo.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).  However, "[a]n

objecting party may not raise new arguments that were not made before the Magistrate Judge." *Robinson v. Keane*, No. 92 CIV. 6090, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999). Consideration of arguments not raised below "would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments." *Abu-Nassar v. Elders Futures, Inc.*, No. 88 CIV. 7906, 1994 WL 445638, at *5 (S.D.N.Y. Aug. 17, 1994). That is relevant here because NCR raises a number of arguments in its objections, addressed below, that NCR did not raise before the Magistrate Judge. Those arguments are not properly preserved and cannot be raised now.

### B.    Legal Standards

Whether a claim is "triable of right by a jury" turns on whether the claim is legal or equitable in nature, which in turn depends on the type of claim brought and the remedy sought. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989). Legal claims are entitled to jury trials, equitable claims are not. *See id.*

Both NCR's claim and BAT's counterclaims are classic legal claims, as is the relief sought by the parties. NCR asserts a claim seeking to enforce a contractual payment obligation, and BAT asserts defenses to that claim and counterclaims for fraud and negligent misrepresentation. Courts in this circuit and others have repeatedly held that challenges to the enforceability of a contract on grounds of fraud and negligence are quintessential claims "at law" that qualify for the Constitutionally-guaranteed right to trial by jury. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Burger*, No. 86 Civ. 8633, 1991 WL 197625, at *3 (S.D.N.Y. 1991); *see also Doe No. 1 v. Knights of Columbus*, 930 F. Supp. 2d 337, 380 n.59 (D. Conn. 2013). NCR's counsel admitted as much during oral argument on its Motion to Strike BAT's jury demand. Tr. at 6:21–7:8.

As for the remedy BAT seeks, and as Judge Aaron explained in his Report, "a declaration that NCR is not entitled to any payments from BAT under the CSA . . . is a quintessential legal

[remedy] since it relates to the payment of money." Report at 15. As a result, "Defendant is entitled to a jury trial on its Counterclaims." *Id.*

BAT is also entitled to a jury on NCR's claim, which, again, NCR's counsel admitted was a legal claim. Tr. at 11:12–14. NCR argues that BAT's jury demand is untimely with respect to NCR's claim, but it is black letter law that a jury demand properly filed in relation to a counterclaim requires a jury trial on the original complaint if they "raise the same issues" as the counterclaim. *See, e.g.*, Wright and Miller § 2320 Time for the Demand, 9 Fed. Prac. & Proc. Civ. (4th ed.) ("If the counterclaim raises the same issues as does the answer, then a demand made within 14 days after the reply to the counterclaim is effective as to those issues."). NCR's claim, BAT's affirmative defenses, and BAT's counterclaims all raise the same issues and turn on the same facts as BAT's counterclaims. The Magistrate Judge correctly found that BAT timely demanded, and is therefore entitled, to a jury determination as to NCR's claim and BAT's defenses to that claim.

While NCR contends that its claim and BAT's affirmative defenses and counterclaims do not raise the same issues, this is plainly wrong. As explained further below, NCR seeks a declaratory judgment to resolve the "actual controversy" between the parties regarding whether "the Confidential Settlement Agreement has been 'vitiated' by NCR's purported misrepresentations or bad conduct" (NCR's Compl. ¶¶ 57–61) and seeks a declaration that BAT must "compensate NCR for 60 percent of any costs it incurs relating to the Kalamazoo River Site." NCR's Compl., Prayer for Relief ¶ a. BAT's counterclaims raise the exact same issues and seek the mirror image of NCR's remedy – a declaration that BAT does *not* need to compensate NCR for costs associated with the Kalamazoo because of NCR's fraud and misrepresentation. Indeed, as this Court has already found on NCR's motion for judgment on the pleadings, "BAT's

7

affirmative defenses and counterclaims call into question the CSA's enforceability as to BAT's liability for costs incurred at the Kalamazoo River Site . . . " Dkt. No. 38 at 10–11.  It therefore cannot be seriously disputed that NCR's claim, BAT's affirmative defenses, and BAT's counterclaims all raise the same issues.

      **C.**      <u>**BAT is Entitled to a Jury on NCR's Claim**</u>

NCR argues in its Objections that "no fact-finding is required on NCR's case-in-chief" because "NCR did not raise any issues regarding the enforceability of the CSA."  NCR's Objection at 6–7.  NCR's argument ignores its own pleading, New York law, and this Court's ruling denying NCR's motion for judgment on the pleadings.  NCR's complaint seeks a declaration that BAT must "compensate NCR for 60 percent of any costs it incurs relating to the Kalamazoo River Site" based on the CSA.  Prayer for Relief ¶ a; *see* Report at 10.  Before NCR can obtain that relief, it must first demonstrate that the CSA is a valid, enforceable agreement.  *Guiliani v. Duke Univ.*, No. 1:08CV502, 2010 WL 1292321, at *8–9 (M.D.N.C. Mar. 30, 2010) ("[B]ecause there is no legally enforceable contract between the parties, dismissal of the declaratory judgment action is proper.").  The Court has already held that NCR's right to the relief it requests in its Complaint "turns on whether the relevant terms of the agreement are binding."  *NCR Corp. v. B.A.T. Indus. P.L.C.*, No. 23 CIV. 1172 (JPC), 2024 WL 4188358, at *8 (S.D.N.Y. Sept. 14, 2024).  This will require the Court to make factual determinations.  Indeed, it will require the Court to make the very same factual determinations as BAT's counterclaims and affirmative defenses:  namely, whether the agreement between the parties is enforceable, or unenforceable due to fraud,

misrepresentation, or other grounds.[3]  Accordingly, there is no basis for NCR's unpreserved

assertion that its claim requires no adjudication of facts.

Equally meritless is NCR's argument that BAT's jury demand was not timely with respect

to all issues in this action, including NCR's declaratory judgment claim.  Fed. R. Civ. P. 38

provides that, "[o]n any issue triable of right by a jury, a party may demand a jury trial by . . .

serving the other parties with a written demand—which may be included in a pleading—no later

than 14 days after the last pleading directed to the issue is served." Rule 38(b)(1).  The Report

correctly found that "where, as here, a counterclaim raises the same issues as the complaint and

answer, the reply to the counterclaim serves as the last pleading directed to the issues."  Report at

9 (citing *Binger v. Unger*, 7 F.R.D. 121, 122 (S.D.N.Y. 1946) (denying motion to strike jury

demand where demand was timely made after service of reply directed to same issues as were

raised in complaint)); *Tights, Inc. v. Stanley*, 441 F.2d 336, 344 n.21 (4th Cir. 1971); Wright and

Miller § 2320, Time for the Demand ("If the counterclaim raises the same issues as does the

answer, then a demand made within 14 days after the reply to the counterclaim is effective as to

those issues.").

The "last pleading directed to the issues" in this case was NCR's Answer, which was filed

on October 18, 2024.  BAT filed its Jury Demand on October 30, 2024, within the 14-day period

set forth in Fed. R. Civ. P. 38.  Accordingly, BAT's jury demand is timely with respect to issues

and claims raised by NCR's Complaint.

NCR argues that NCR's claim and BAT's counterclaim do not raise the same issues.  NCR

is wrong.  As Judge Aaron correctly found, BAT's Counterclaims, BAT's Answer and NCR's

---

[3] NCR argues that "NCR did not raise any issues regarding the enforceability of the CSA."  NCR's Objection at 6.
This is patently false.  NCR's introduces its Complaint by stating, "this complaint asks this Court to ***enforce*** the clear
and plain terms of the Confidential Settlement Agreement."  NCR's Compl. ¶ 8 (emphasis added).

Complaint raise the exact same issues. Report at 11 ("[T]he same issues are raised in the Complaint, affirmative defenses and Counterclaims[.]").

NCR's Complaint seeks a declaratory judgment. Pursuant to the Declaratory Judgment act, NCR must identify an "actual controversy" in order to plead such a claim. NCR's Compl. ¶ 57. Here, one of the controversies NCR identified was whether BAT must "fulfill its obligations under the Confidential Settlement Agreement to bear 60 percent of costs incurred by NCR relating to the Kalamazoo River Site" despite the fact that BAT claims "the Confidential Settlement Agreement has been 'vitiated' by *NCR's purported misrepresentations or bad conduct*." *Id.* ¶¶ 58–61 (emphasis added). To resolve this controversy, NCR ultimately seeks a declaration that BAT must "compensate NCR for 60 percent of any costs it incurs relating to the Kalamazoo River Site." NCR's Compl., Prayer for Relief ¶ a. Thus, resolution of NCR's claim will require the Court to consider and rule on whether the CSA is unenforceable due to "NCR's purported misrepresentations or bad conduct." *Id.* ¶ 61.

BAT's counterclaims raise the exact same issue. BAT's counterclaims are centered on NCR's misrepresentations and bad acts (*see, e.g.*, BAT's Counterclaims ¶¶ 77–80; 87–90) and seeks a declaratory judgment that CSA is "null and void." BAT's Answer ¶¶ 74–95. This relief is the mirror image of the relief that NCR seeks. Thus, Judge Aaron correctly found that NCR's Complaint and BAT's Answer and Counterclaim raise the same issue. Report 9–10.

### D.    BAT is Entitled to a Jury on its Affirmative Defenses

NCR also argues that BAT is not entitled to a jury on specific affirmative defenses. NCR did not raise any of these arguments in its moving or reply briefs before Magistrate Judge Aaron,

and it is accordingly precluded from doing so now.[4] *Robinson*, 1999 WL 459811, at *4 ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation."); *Abu–Nassar*, 1994 WL 445638, at *4 n.2.

Moreover, NCR's unpreserved argument has no merit. The Report—to which BAT has not objected—found that BAT was entitled to a jury on all of its defenses other than equitable recoupment, unclean hands, and laches. This Court should adopt the Report's findings and recommendations.

For instance, NCR concedes that BAT's second affirmative defense (alleging breach of the CSA) is legal in nature. While it contends that BAT's defense does not raise the same issues as NCR's claim, that is incorrect. In order obtain relief, NCR must prove, among other things, its own compliance with the CSA—the same issue raised by this defense. *See generally 34-06 73, LLC v. Seneca Ins. Co.*, 198 N.E.3d 1282, 1287 (N.Y. 2022).

BAT's third defense (fraudulent inducement) turns on the same facts as its counterclaim for fraud. As BAT timely sought a jury as to its fraud counterclaim, those facts should be found by the jury.

NCR concedes that BAT's fourth defense for failure to mitigate is legal. BAT is accordingly entitled to have the jury determine the facts relating to this defense in connection with its consideration of NCR's affirmative claim.

---

[4] NCR's Objection states, "BAT did not even argue, nor did the [Report] find (having not addressed these two affirmative defenses at all) that anything in the counterclaims or NCR's answer thereto addressed issues of breach of contract or failure to mitigate damages." NCR's Objection at 8–9. This is because NCR's briefs before Judge Aaron did not raise these affirmative defenses, barring NCR from raising them here.

BAT's fifth defense is based on waiver, estoppel and/or laches. The Report found that BAT was not entitled to a jury as to its laches defense. Waiver defenses, however, are triable before a jury. *See e.g. Black v. Riker-Maxson Corp.*, 401 F. Supp. 693, 697 (S.D.N.Y. 1975) ("[T]he jury unanimously found that all plaintiffs had waived their rights.").

Finally, BAT's public policy defense is also triable before a jury. Juries routinely determine the facts associated with public policy defenses. *Day v. Meyer*, No. 99 CIV 10708, 2001 WL 456327, at *1 (S.D.N.Y. Apr. 30, 2001) ("Whether the public policy of New York precludes the enforcement of an otherwise valid contract is a question of law for the court, ***except insofar as there are factual disputes that bear on whether the alleged contract was unethical or illegal***.") (emphasis added); *Dunham v. Hastings Pavement Co.*, 56 A.D. 244, 253 (1st Dep't 1900) (finding whether contract contravened public policy must be submitted to the jury); *Stoneback v. ArtsQuest*, No. CIV.A. 12-3286, 2012 WL 4963624, at *10 (E.D. Pa. Oct. 17, 2012) ("It is undisputed that Plaintiff's Public Policy Claim is a legal claim that is properly tried by a jury."); *Wadler v. Bio-Rad Laboratories, Inc.*, 916 F.3d 1176, 1181 (9th Cir. 2019) ("The jury found that Defendants violated the Sarbanes-Oxley Act ("SOX"), the Dodd-Frank Act, and California public policy . . . ."); *Hagen v. Siouxland Obstetrics & Gynecology, PC*, 799 F.3d 922, 926 (8th Cir. 2015) ("The jury found that Defendants had wrongfully discharged Hagen in violation of public policy."); *Morrison v. B. Braun Med. Inc.*, 663 F.3d 251, 256 (6th Cir. 2011) ("The jury found for Morrison on her claim of wrongful discharge in violation of public policy.").

Judge Aaron's Report was not only correct but consistent with the practical approach courts take to administering trials in cases where both legal and equitable claims are presented. As Judge Aaron correctly found:

> Where, as here, "legal and equitable claims are joined in the same
> action, the right to jury trial on the legal claim, including all issues

> common to both claims, remains intact," . . . and "the general rule is
> that the jury must decide the legal claims prior to the court's
> determination of the equitable claims, in order to prevent the court's
> determination of a common factual issue from precluding, by
> collateral estoppel effect, a contrary determination by the jury."
> *Clark v. Hanley*, 89 F.4th 78, 100 (2d Cir. 2023) (citations omitted)
> (cleaned up). Thus, the legal claims raised in Defendant's
> Counterclaims should be decided by the jury prior to the Court's
> decision on Defendant's equitable Counterclaims and affirmative
> defenses.

Report at 17 n.11. Accordingly, to the extent there are common issues between the legal claims

in this case and BAT's equitable affirmative defenses, the jury must decide those issues first.

### E.    BAT is Entitled to a Jury on its Counterclaims

NCR further argues that BAT is not entitled to a jury on its counterclaims because they are

equitable in nature. This is not so. BAT's counterclaims are legal claims that seek "[a] declaration

that NCR is not entitled to any payments from BAT under the CSA." BAT's Answer at 39. As

Judge Aaron noted in his Report, "this remedy is a quintessential legal one since it relates to the

payment of money." Report at 15. And as the Court has noted, the relief BAT seeks turns on

whether the terms of the CSA are enforceable.[5] BAT's counterclaims challenge the enforceability

of the CSA based on allegations of fraud and misrepresentation, which as NCR acknowledges are

classic legal issues for the jury. *See Nat'l Union Fire Ins. Co.*, 1991 WL 197625, at *3; *see also*

*Doe No. 1*, 930 F. Supp. 2d at 380 n.59; *see also* Tr. at 7:6–8.

NCR argues that BAT does not seek a "declaration that NCR is not entitled to any

payments" because such request is only included in BAT's general Prayer for Relief, and not the

individual counterclaims for fraud and misrepresentation. This is plainly incorrect, and NCR cites

no case law in support of its argument. BAT requested a "declaration that NCR is not entitled to

---

[5] Whether BAT is obligated to compensate NCR for costs it incurs relating to the Kalamazoo River Site "turns on whether the relevant terms of the agreement are binding." Dkt. No. 38 at 17.

any payments from BAT under the CSA relating to the Kalamazoo River CERCLA action" in its Prayer for Relief.  BAT's Answer at 39.  The Prayer for Relief is part of BAT's counterclaims. Whether BAT included one or another request for relief in a particular counterclaim is of no consequence.  *See Watts v. Waddle*, 31 U.S. 389 1832) (in response to defendant objecting to specific relief on the ground that "the bill is not so framed as to embrace it," the court stated "[a]lthough there is no specific prayer in the bill [for such relief], yet the court think that, under the general prayer, this relief may be granted. Under this prayer, any relief may be given for which the basis is laid in the bill"); *see also Lockhart v. Leeds*, 195 U.S. 427 (1904) (stating that relief under a general prayer in a complaint which states all the facts should not be denied because it is based upon a different theory of the law than that upon which a special prayer for relief is based, where both prayers are based upon the same facts, clearly set forth in the complaint); *see also Hudson & Manhattan R. Co. v. United States*, 28 F. Supp. 137, 141 (S.D.N.Y. 1939) (holding that a general prayer for relief leaves the court "free to give such relief as it deem[s] appropriate."); *Wm. H. Taylor Fin. Corp. v. Or. Logging & Timber Co.*, 116 Or. 440, 443 (1925) ("Where a complaint contains both a special and general prayer, the prayer for general relief is sufficient to support any decree warranted by the allegations of the complaint, and the special prayer may be disregarded if the allegations warrant relief under the general prayer.").

NCR next argues that, even if BAT *did* request a declaration that it does not owe NCR money, such request is not actually a legal remedy because, according to NCR, BAT can only seek equitable relief on its counterclaims.  That is also incorrect.  One of the remedies BAT seeks is a declaration that it does not have to pay for NCR's Kalamazoo liabilities.  That is legal relief well within the province of the jury to grant.  *See Settlement Funding, LLC v. AXA Equitable Life Ins. Co.*, No. 09 CV 8685, 2011 WL 1097635, at *2 (S.D.N.Y. 2011) (finding that the parties' claims

14

and counterclaims regarding the obligation of defendant to pay under an insurance contract were legal issues triable of right to a jury) (internal citations omitted); *see also Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) ("[A] claim for money due and owing under a contract is 'quintessentially an action at law.'" (citation omitted)).

NCR argues that just because BAT's request "relates to the payment of money" does not mean the request is a legal one, arguing that some equitable remedies relate to the payment of money, such as restitution and disgorgement. That misses the point. BAT sought a specific legal remedy in its pleading – a declaration that it does not have to pay for NCR's Kalamazoo liabilities under the CSA. That is a legal remedy, not an equitable one.

NCR relies on two cases from other jurisdictions, both of which are inapposite. *Rose v. PSA Airlines, Inc.*, 80 F.4th 488 (4th Cir. 2023) does not even involve the question of whether a claim is triable of right to a jury. Rather, the case addresses whether a request for payment of medical costs *can ever* count as equitable relief so as to allow plaintiff to bring a claim under a specific subsection of federal employment law which provides for injunctions or "other equitable relief." *Id.* at 495–500. While discussing how, in rare cases, monetary relief *may* have equitable components, the court actually finds that plaintiff's requested remedy is *not* equitable. *Id.*

*F.T.C. v. E.M.A. Nationwide, Inc.*, No. 12-CV-2394, 2013 WL 3153771, at *3 (N.D. Ohio June 19, 2013) deals with the remedies of restitution and disgorgement, neither of which are sought here. In fact, the court in *F.T.C.* states that "the general rule . . . is that monetary relief is a legal remedy," but that restitution and disgorgement are equitable because "monetary awards that are

15

'incidental to or intertwined with injunctive relief . . . *may* be equitable." (emphasis added) (citation omitted).

**<u>CONCLUSION</u>**

As Judge Aaron explained at oral argument, the issue here is who is going to pay for cleanup costs at the Kalamazoo River site. NCR has requested a declaration that BAT is obligated to compensate it for costs associated with cleaning up the Kalamazoo River. BAT has counterclaimed that the CSA is unenforceable due to NCR's fraud and misrepresentation, and has requested a declaration that it is *not* required to pay for the cleanup of the Kalamazoo. The claims and the remedies are legal and accordingly BAT has a right to a jury trial. For the foregoing reasons, BAT respectfully requests that the Court deny NCR's Motion.


Dated: June 20, 2025                      Respectfully Submitted,

                                          By:      */s/ Dennis H. Tracey, III*
                                                   Dennis H. Tracey, III
                                                   David Michaeli
                                                   Nathaniel Benfield
                                                   Benjamin Diamond
                                                   HOGAN LOVELLS US LLP
                                                   390 Madison Avenue
                                                   New York, NY 10017
                                                   Telephone: (212) 918-3000
                                                   dennis.tracey@hoganlovells.com
                                                   david.michaeli@hoganlovells.com
                                                   nathaniel.benfield@hoganlovells.com
                                                   benjamin.diamond@hoganlovells.com