UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NCR CORPORATION,<br><br>                    Plaintiff,<br><br>     v.<br><br>B.A.T INDUSTRIES p.l.c.,<br><br>                    Defendant. | Case No.: 1:23-cv-1172-JPC |

**PLAINTIFF NCR VOYIX CORPORATION'S REPLY IN SUPPORT OF ITS PARTIAL OBJECTIONS TO THE REPORT AND RECOMMENDATION ON NCR'S MOTION TO STRIKE DEFENDANT B.A.T INDUSTRIES p.l.c.'S JURY DEMAND**

**INTRODUCTION**

BAT's response continues to conflate two issues in an attempt to excuse its late jury demand: 1) what NCR must prove in its case-in-chief to obtain a declaratory judgment that the Kalamazoo River is a Future Site as defined in the Confidential Settlement Agreement ("CSA"), such that BAT is obligated to pay its share; and 2) whether BAT's obligations under the CSA are vitiated because the CSA is unenforceable for fraud or negligence (the issue raised in BAT's third affirmative defense and remaining counterclaims). The first issue is one of contractual interpretation and has already been decided by this Court. The second issue is equitable in nature, and must be tried (if necessary) by the Court, because the only remedies BAT seeks, and the only remedies available to it under New York law, are rescission or equitable recoupment. Because BAT's remaining counterclaims raise only the *second* issue, NCR's answer to them does not rescue BAT from its failure to timely demand a jury on NCR's case-in-chief or BAT's non-equitable affirmative defenses. And because those counterclaims are equitable, BAT is not entitled to have a jury decide them.

**I.    BAT's Counterclaims Do Not Raise the "Same Issue" as NCR's Complaint or BAT's Legal Affirmative Defenses.**

BAT's surviving counterclaims (and NCR's answer to them) do not rescue BAT's failure to demand a jury on NCR's complaint or BAT's affirmative defenses because they do not raise the same "issue" as any non-equitable issue in those earlier pleadings. *See* Fed. R. Civ. P. 38(b)(1). The heart of NCR's claim for a declaratory judgment is a question of pure contract interpretation. The Court has already addressed that question and interpreted the CSA in NCR's favor. To get from there to judgment, NCR may need nothing further, but at most, NCR need prove in its case-

in-chief no more than the elements of a breach of contract claim.[1] Under New York law, the elements for breach of contract are: (1) existence of an agreement; (2) adequate performance by itself; (3) breach of contract by BAT; and (4) damages.[2] *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 177 (2d Cir. 2004). None of these issues are the same as in BAT's surviving counterclaims.

BAT's opposition conflates these elements with BAT's affirmative defenses and suggests that NCR is required to negate its claim of fraud in its case-in-chief because "before NCR can obtain that relief, it must first demonstrate that the CSA is a valid, enforceable agreement." Dkt. 88 ("Opp.") at 8. This is wrong. NCR alleged the existence of an agreement, Dkt. 1 at 5 ("NCR, BAT, and API entered into a binding . . .CSA"), and BAT admitted this (Dkt. 21 at 5 ("BAT admits that after litigation and mediation NCR, API, and BAT entered into the CSA . . .")). This is all NCR is required to show on the existence of an agreement. The case BAT cites, *Guiliani v. Duke Univ.*, 2010 WL 1292321, at *8–9 (M.D.N.C. Mar. 30, 2010), is inapposite. It stands only for the unremarkable proposition that, if the court concludes that no contract *was formed* (which no one is arguing here), it may dismiss an action for a declaratory judgment under the non-existent contract. Contrary to BAT's description, the case says nothing about who must "demonstrate" enforceability; in fact, the case arose on a motion for judgment on the pleadings, so factfinding and burdens of proof were not at issue. Instead, the parties disagreed on the legal meaning of the facts alleged in the complaint.

---

[1] NCR must also show the existence of a case or controversy on which the Court "may declare the rights and other legal relations of any interested party seeking such declaration," 28 U.S.C. § 2201(a), but BAT has admitted that a case or controversy exists. BAT Answer (Dkt. 21) at ¶ 58.

[2] NCR's requested declaration certainly does not require NCR to prove breach or damages, but we include all four elements to show that, even if all were required, they would not raise the same issue presented in BAT's surviving counterclaims.

2

BAT also asserts that because NCR must establish its "own compliance with the CSA," BAT's affirmative defense concerning NCR's alleged breach of the CSA covers the "same issue" as NCR's claim. Opp. at 11. This is wrong for two reasons. First, NCR is not required to anticipate and disprove whatever theory underlies BAT's breach of contract affirmative defense. This, of course, is the nature of an *affirmative defense. See Summit Health, Inc. v. APS Healthcare Bethesda, Inc.*, 993 F. Supp. 2d 379, 398–99 (S.D.N.Y. 2014) ("With respect to this affirmative defense [for breach of contract], it is Defendant who bears the burden of proof regarding its alleged right to recoupment or offset.") Second, NCR's performance under the CSA (whether in NCR's case-in-chief or BAT's affirmative defense of breach of contract) is *not* the same issue as the fraud and negligent misrepresentation issues raised by BAT's surviving counterclaims, and therefore, those counterclaims do not save BAT from its failure to demand a jury on the issue of NCR's performance under the CSA.

In short, BAT's surviving counterclaims do not raise the same issue raised in NCR's complaint (or in BAT's affirmative defenses on which BAT could have demanded a jury). BAT has waived any right it might have had to demand that a jury decide those issues.

## II.    NCR Did Not Waive Its Argument That BAT Lacks a Jury Right On Its Affirmative Defenses.

BAT argues that NCR waived its argument that BAT is not entitled to a jury on its affirmative defenses. Opp. at 10. But this cannot be true as NCR moved to strike BAT's entire jury demand. Dkt. 58. NCR argued in its supporting memorandum that, "[i]f BAT in fact seeks a jury on NCR's claim, which is not clear from its request," then that demand was filed more than a year late because the last pleading directed to the complaint was BAT's answer. Dkt. 59 at 3. The reference to NCR's claim encompassed BAT's affirmative defenses, and Judge Aaron clearly understood this, since he addressed and correctly held that BAT was not entitled to a jury on its

3

affirmative defenses for equitable recoupment and other equitable defenses, such as unclean hands, and laches. Dkt. 82 at 16–17. NCR's affirmative defenses were also discussed by NCR at oral before Judge Aaron: "the contractual interpretation question in NCR's complaint is very different from the question raised by either the affirmative defenses or the counterclaims."). Dkt. 80 at 21:24–22:2.

BAT's remaining arguments as to its right to a jury on its affirmative defenses are equally meritless. It argues that it has a jury right on its defenses for mitigation of damages, waiver, and public policy, but it ignores that it did not file its jury demand as to those counterclaims within fourteen days of its answer as required under Rule 38. And BAT does not argue, because it cannot, that those affirmative defenses concern the same issue as BAT's counterclaims regarding misrepresentations, such that the last pleading directed to them was NCR's answer to the counterclaims.

BAT also argues that the otherwise equitable defenses of waiver and public policy can be tried to a jury because when "legal and equitable claims are joined in the same action, the right to jury trial on the legal claim, including all issues common to both claims, remains intact." Opp. at 12–13 (quoting R&R at 17 n.11). That may be so, but here there is no legal claim that can be tied to BAT's equitable defenses. For the reasons stated in Section I, above, this is not a case of mixed legal and equitable claims.

### III. **BAT's Surviving Counterclaims Seek Equitable Relief.**

As to its counterclaims, BAT's opposition overlooks the critical point in NCR's objections: BAT does not seek monetary damages for its remaining counterclaims. The only remedies BAT demanded in Counts I and II, and the only remedies available to it under New York law, are rescission of the CSA and equitable recoupment—both classic equitable remedies. *See* R&R at 16; *see also Sabby Healthcare Master Fund Ltd. v. Microbot Med. Inc.*, 180 A.D.3d 529, 530 (1st Dep't

4

2020) (a "defrauded party to a contract may elect to either disaffirm the contract by a prompt rescission or stand on the contract and thereafter maintain an action at law for damages attributable to the fraud"). If BAT prevails and does not have to pay money to NCR that will be because the contract was found to be unenforceable for fraud or negligence and was therefore rescinded. Tellingly, BAT has not presented any caselaw, or explanation at all, suggesting how it could obtain its requested relief other than through rescission of the CSA. So while BAT attempts to frame its requested remedy not to pay money as legal and something other than rescission, it is simply a recasting of rescission, a quintessentially equitable remedy.

## CONCLUSION

For the foregoing reasons, the Court should modify the R&R and find that BAT is not entitled to a jury on any aspect of NCR's complaint or BAT's affirmative defenses and counterclaims.

| | |
|---|---|
| Dated: June 30, 2025<br>New York, New York | Respectfully submitted,<br><br>/s/ Zachary Payne<br>John J. Kuster<br>Zachary Payne<br>SIDLEY AUSTIN LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>(212) 839-5300<br>jkuster@sidley.com<br>zpayne@sidley.com<br><br>Bruce R. Braun (admitted *pro hac vice*)<br>Charles K. Schafer (admitted *pro hac vice*)<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br>(312) 853-7000<br>bbraun@sidley.com<br>cschafer@sidley.com<br><br>*Attorneys for Plaintiff NCR Voyix Corporation* |

5