December 29, 2025

**Via ECF**
The Honorable Stewart D. Aaron
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *NCR Corporation v. B.A.T Industries p.l.c.*, No. 23-cv-01172-JPC-SDA

Dear Judge Aaron:

In accordance with the Court's November 17, 2025 order (Dkt. 101), NCR writes to provide an update on the status of discovery. NCR reports that it has been unable to coordinate with BAT on a joint status report. NCR sent BAT a draft text on December 22, 2025. BAT did not comment on the proposed text until after 4 p.m. EST today. NCR responded to those comments promptly, but despite sending two more proposed drafts, NCR did not receive signoff from BAT by the time of this writing. NCR therefore files this report. The last text NCR proposed to BAT follows.

Since the last update on November 14, 2025, the parties have continued to exchange letters regarding each other's privilege logs, and the parties held a meet-and-confer session on December 19, 2025. The parties will continue to endeavor to resolve any issues with respect to privilege logs without Court involvement.

As a result of these discussions, both parties have agreed to produce additional documents originally listed on their privilege logs. NCR has produced 48 documents and BAT has produced 5 documents since the November 14 update. Additionally, BAT has produced 3,265 third-party documents received from Simpson Thacher. NCR asked BAT to provide within this letter information regarding when it received these documents from Simpson Thacher, but BAT declined to add this information.

On November 3, 2025, NCR informed BAT that it had received 44 boxes of documents pursuant to a subpoena served on non-party Appvion, LLC (which acquired certain assets of API in bankruptcy). Over the next several weeks, the parties discussed a review protocol given BAT's suggestion of potential privilege concerns with NCR's counsel reviewing these documents (a position with which NCR disagreed). NCR's November 3 communication also offered BAT counsel the opportunity to review those documents at Sidley's offices. On December 2, 2025 NCR informed BAT that it planned to have its paralegal begin screening the Appvion documents that afternoon for potential privilege issues as articulated by BAT. On December 12, NCR updated BAT that NCR had completed the agreed-upon screening review and that no folders or documents that NCR's counsel planned to review required BAT's prior review. NCR's counsel has now completed its review of those pre-screened folders and documents, and plans to produce shortly the very limited number of documents that it selected.

In our November 14, 2025 update, we reported that "a limited set of BAT communications [was] expected to be produced imminently." That production by BAT remains outstanding. BAT told NCR, in a December 19, 2025 meeting, that it is "still in the process of reviewing and making

calls on" this batch of documents. That production comprises 132 documents which BAT expects to produce shortly.

The parties have exchanged preliminary lists of potential witnesses who worked either for the parties or their outside counsel during the relevant period and have agreed to indicate for whom counsel is authorized to accept service. The parties hope to be able to secure the attendance of UK-based witnesses at deposition without need to issue subpoenas through the Hague Convention. However, depositions have not yet commenced.

Fact discovery is currently scheduled to close on February 19, 2026. The parties are available at the Court's convenience to discuss any issues.

Respectfully submitted,

/s/ Charles K. Schafer
Charles K. Schafer (admitted *pro hac vice*)

*Counsel for Plaintiff NCR Voyix Corporation*

.