SIDLEY

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

+1 212 839 5760
ZPAYNE@SIDLEY.COM

February 17, 2026

**Via ECF**
Hon. Stewart D. Aaron
United States District Court Southern District of New York
500 Pearl Street, New York, NY 10007

Re: *NCR Corporation v. B.A.T Industries p.l.c.*, No. 1:23-cv-01172-JPC-SDA

Dear Judge Aaron:

We write for Plaintiff NCR Voyix Corporation ("NCR") pursuant to Rule 37, Local Rule 37.2, and Your Honor's Individual Practices to request a discovery conference and an order compelling Defendant B.A.T Industries p.l.c. ("BAT") to serve full and complete responses to NCR's Third Set of Interrogatories on February 19, 2026 (the date they are due) or promptly thereafter following resolution of this motion. NCR also seeks relief regarding two unresolved privilege disputes that require prompt resolution in light of ongoing depositions.

## Interrogatories

NCR has served twenty-five interrogatories on BAT across three sets of interrogatories dated November 15, 2024, July 11, 2025, and January 20, 2026. (Exs. A–C). To date, BAT has refused to answer sixteen interrogatories as "premature contention interrogatories." (Ex. D).

NCR expected BAT to provide full and complete responses to each interrogatory—including those previously objected to as premature—on February 19, 2026, the close of fact discovery and the Rule 33 deadline to respond to NCR's third set of interrogatories. In a February 9, 2026 email, however, and again during a February 17, 2026 meet-and-confer, BAT outlined two ways in which it would not fully respond to these interrogatories by their February 19 deadline. (Ex. E). First, BAT asserted that NCR had exceeded Rule 33's 25-interrogatory limit because four previously served interrogatories—Nos. 5, 9, 10, and 11—allegedly contain additional subparts and should be counted as more than one interrogatory each. On that basis, BAT stated that it would not respond to any of the four interrogatories in NCR's Third Set. Second, BAT has refused to respond to *any* supposed contention interrogatory by the deadline, proposing instead to extend the deadline to until one week after the final deposition in this case—a date that is not yet known, but that would be no earlier than March 20, 2026.[1] *Id.* For the reasons set forth below, BAT's position is meritless, and BAT should be compelled to answer all interrogatories in full by the deadline.

---

[1] The parties have agreed to take certain depositions after the February 19, 2026 deadline for the conclusion of fact discovery in order to accommodate scheduling issues. The last deposition is scheduled for March 13, 2026, but BAT has subpoenaed the deposition of a non-party witness that has not yet been scheduled.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

***First***, BAT's position as to NCR's purported compound interrogatories lacks merit. Rule 33(a)(1) permits twenty-five interrogatories "including all discrete subparts." Subparts to interrogatories are not considered discrete and are not counted separately toward the Rule's where they are "factually interconnected and dependent on the Interrogatory's core question." *Codename Enters., Inc. v. Fremantlemedia N. Am., Inc.*, 2017 WL 11567520, at *2 (S.D.N.Y. Mar. 9, 2017) (citing *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010)); *see also Murakhovskaya v. Neos S.p.A.*, 2025 WL 45384, at *1 (E.D.N.Y. Jan. 8, 2025) (explaining that subparts are not "discrete" where they are "logically or factually interwoven," in which case they constitute a single interrogatory.)

Interrogatory No. 5 concerns a single subject: judicial determinations that BAT alleges establish NCR's intentional misconduct. Ex. A at 4. It asks BAT to identify the court opinions forming the basis of that allegation and to identify the recyclers to whom those courts allegedly found NCR made misrepresentations. Those requests do not introduce separate subjects; they concern the same alleged rulings and the content of those rulings. Under the authority cited above, these requests are "factually interconnected and dependent on the Interrogatory's core question," i.e., the judicial determinations referenced in BAT's pleadings. *Codename*, 2017 WL 11567520, at *2. Asking for information about different aspects of the same underlying subject does not transform one interrogatory into multiple.

Interrogatories 9, 10, and 11 do not have subparts at all. 9 and 10 ask BAT to identify all evidence supporting a single allegation regarding NCR's knowledge in 1998–99. Ex. B at 4. Interrogatory 11 asks BAT to identify all evidence supporting its contention that it did not acquire certain knowledge after 1978. *Id*. Each of those interrogatories targets one factual contention and seeks the evidentiary basis for that contention. None contain subparts or otherwise introduce an independent subject capable of being answered separately from the primary question. These interrogatories are not compound.

***Second***, BAT has no basis to refuse to respond to all interrogatories by February 19, 2026. In correspondence, (Ex. F), and during the February 17 meet-and-confer, NCR asked BAT to identify what additional information BAT requires in order to respond by the deadline, or which of the remaining witnesses' depositions it believes must occur before it can do so. NCR also noted that Rule 26(e) permits supplementation if further facts later emerge. BAT has identified no missing information and offered no explanation for its inability to answer. Instead, it has taken the categorical position that it will not respond until one week after all depositions are complete.

BAT's position reflects a broader pattern of avoidance. These interrogatories have been pending for months, and some for more than a year. Fact discovery is at its close. Yet, NCR is left with virtually no information beyond the pleadings regarding BAT's theories, including the evidentiary basis for its affirmative defenses and its allegations of omissions and misrepresentations. If BAT has factual bases for the allegations and affirmative defenses it has pleaded, it necessarily possesses them now. If it does not, it should say so, not seek to adjourn its responses to a currently undetermined date. Rule 33 requires a party to answer interrogatories based on the information available to it after a reasonable inquiry; it does not permit a party to

withhold responses indefinitely in the hope that discovery may later supply support. To the extent BAT later obtains additional information, Rule 26(e) provides for supplementation.

**Privilege Issues**

***First***, during the deposition of Robert Bourque, an attorney from Simpson Thacher & Bartlett, BAT's outside counsel, BAT clawed back document BAT.00023361. The document, a communication between Mr. Bourque and an employee of Arjo Wiggins Appleton ("AWA"), contained Bates stamps indicating it had been produced in prior litigation. On the record, Mr. Bourque testified that he could not recall whether AWA was even a client at the time of the communication. BAT's counsel stated he was "not 100 percent sure of the circumstances," and indicated that he would need to confirm whether the document had been disclosed to parties that break privilege, and represented that BAT would follow up after researching the issue. No such follow-up occurred. Instead, BAT sent a February 5 letter clawing the document back without addressing the prior production of that document or the waiver issues raised during the deposition and without adding the document to its privilege log.

NCR responded on February 11, (Ex. G), stating that it would sequester the document pending resolution while reserving all privilege and waiver arguments. NCR requested the basis for the privilege claim, including the specific privilege asserted; BAT's position regarding the document's production prior litigation; and a Rule 26(b)(5)(A)-compliant privilege log entry. BAT did not respond to that February 11 email. NCR raised the issue again during the February 17 meet-and-confer and requested an immediate response. None has been provided.

Rule 26(b)(5)(A) requires a party asserting privilege to describe the nature of the document and the basis for the claim in sufficient detail to permit assessment. BAT has not done so. BAT's refusal to substantiate its privilege claim during this critical stage of discovery is prejudicial. This dispute arises in the midst of ongoing depositions and at the tail end of fact discovery. NCR needs prompt resolution in order to determine whether and how the document should be used in examining witnesses. The privilege assertion therefore should be deemed waived and BAT.00023361 deemed non-privileged.

***Second***, BAT has failed to respond to challenges to entries on a second privilege log that BAT produced on January 17, which NCR raised in a January 23 letter to BAT (Ex. H). NCR raised these issues again during the February 17 meet-and-confer, requesting a prompt response. BAT has provided none. A party cannot assert privilege and then decline to engage when those assertions are challenged. BAT should be ordered to respond immediately to NCR's January 23 letter and to provide the necessary support for its privilege claims. Absent such a response, the privilege claims at issue should be deemed waived.

Respectfully submitted,

/s/ Zachary Payne

Zachary Payne