# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NCR CORPORATION,

Plaintiff,

v.

B.A.T. INDUSTRIES p.l.c.,

Defendant.

No.: 1:23-cv-1172-JPC-SDA

**PLAINTIFF NCR CORPORATION'S**
**FIRST SET OF INTERROGATORIES TO DEFENDANT B.A.T. INDUSTRIES P.L.C.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), the Court's Individual Rules of Practice in Civil Cases, and the Civil Case Management Plan (Dkt. 47), Plaintiff NCR Voyix Corporation ("NCR") requests that Defendant B.A.T. Industries p.l.c. ("BAT"), answer the following interrogatories (the "Interrogatories," and each, an "Interrogatory") in accordance with the instructions and definitions contained herein within thirty days of service.

## DEFINITIONS

Unless indicated otherwise, the following definitions are incorporated into each of the following Interrogatories. All terms used herein shall be construed in an ordinary, common sense manner, and not in a hyper-technical, strained, overly-literal, or otherwise restrictive manner. The use of the singular form of any word includes the plural and vice versa. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

1. "BAT" shall mean Defendant B.A.T. Industries p.l.c., including its officers, agents, managing agents, employees, and representatives.

2. "CSA" shall mean the 1998 Confidential Settlement Agreement between NCR, BAT, and Appleton Papers, Inc.

3. "NCR" shall mean Plaintiff NCR Voyix Corporation, formerly known as NCR Corporation, including its officers, agents, managing agents, employees, and representatives.

4. "You" or "Yours" shall mean BAT as defined herein.

**INSTRUCTIONS**

The following instructions apply to the below Interrogatories and should be considered as part of each Interrogatory.

1. The rules of construction in Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules are incorporated by reference as if set forth in full herein.

2. You should respond with all responsive information in Your possession, custody, or control, including those of Your predecessors, successors, assigns, principals, or agents.

3. You should respond to each Interrogatory separately.

4. These Interrogatories shall be deemed to be continuing in nature so as to require supplemental or additional responses as You obtain or become aware of any new, further, or additional information that may augment or otherwise modify Your responses hereto.

5. Each Interrogatory shall be construed independently and without reference to any other Interrogatory herein for purposes of limitation, unless the Interrogatory so specifies.

6. To the extent that a more specific Interrogatory may be construed to be subsumed under a separate, broader Interrogatory, that does not in any way limit the scope of the broader Interrogatory.

7. When an Interrogatory does not specifically request a particular fact, but such a fact is necessary in order to make the answer to the Interrogatory comprehensible, complete or not misleading, You should include such fact as part of the answer and the Interrogatory shall be deemed specifically to request such fact.

8. When an Interrogatory asks for specific information (*e.g.*, a date), identify the information precisely if known. If the precise date or other specific information is unknown to You, please give Your best approximation and indicate in Your response that the information being provided is an approximation.

9. If, with respect to any Interrogatory contained herein, You are able to provide some, but not all, of the information requested, You shall provide such information as You can, and specifically identify the items for which You do not have sufficient information to respond fully and the reasons for Your inability to respond fully.

10. If you withhold any information requested herein on the basis of any assertion of privilege or other immunity from discovery, You must comply with the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

1. Identify the BAT personnel, agents or representatives involved in: negotiating the CSA with NCR; reviewing, analyzing, or editing the CSA; and/or deciding whether BAT would or should sign the CSA.

2. Identify the BAT personnel, agents or representatives, if any, who conducted due

diligence or any other investigations relating to the CSA, including as to the scope of potential liability and/or any potential Future Sites (as defined in the CSA), before BAT entered into the CSA and, for each individual so identified, identify the issues on which any due diligence was performed.

3. Identify the NCR personnel You contend were responsible for any omissions BAT alleges NCR made regarding the likelihood of liability at the Kalamazoo River.

4. Identify the NCR personnel You allege to have been "fully aware of the likelihood of [NCR] being found liable as an arranger" at the Kalamazoo River, and every passage of "sworn testimony," if any, upon which You base any such allegation. Dkt. 21 ¶¶ 77, 78.

5. Identify every court opinion or order that forms the basis of Your allegations that "the federal courts have already determined" that NCR "intentionally caused the harm at the Kalamazoo River;" Dkt. 34 at 2; and that "courts have also held that NCR deliberately and intentionally misrepresented toxic waste as valuable and recyclable scrap paper to recyclers, including recyclers on the Kalamazoo River," Dkt. 44 at 2. Please also identify, with citations, any and all Kalamazoo River recyclers to whom you allege these courts found NCR to have made misrepresentations.

Dated: November 15, 2024
New York, New York

By: /s/ Zachary Payne

SIDLEY AUSTIN LLP
John J. Kuster
Zachary Payne
787 7th Avenue
New York, NY 10019
(212) 839-5300
jkuster@sidley.com
zpayne@sidley.com

Bruce R. Braun (admitted *pro hac vice*)
Charles K. Schafer (admitted *pro hac vice*)
One South Dearborn
Chicago, IL 60603
(312) 853-7000
bbraun@sidley.com
cschafer@sidley.com