# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NCR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>B.A.T INDUSTRIES p.l.c.,<br><br>Defendant. | No.: 1:23-cv-1172-JPC-SDA |

**PLAINTIFF NCR VOYIX CORPORATION'S**
**<u>SECOND SET OF INTERROGATORIES TO DEFENDANT B.A.T INDUSTRIES p.l.c.</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), the Court's Individual Rules of Practice in Civil Cases, and the Civil Case Management Plan (Dkt. 47), Plaintiff NCR Voyix Corporation ("NCR") requests that Defendant B.A.T Industries p.l.c. ("BAT"), answer the following interrogatories (the "Interrogatories," and each, an "Interrogatory") in accordance with the instructions and definitions contained herein within thirty days of service.

## DEFINITIONS

Unless indicated otherwise, the following definitions are incorporated into each of the following Interrogatories. All terms used herein shall be construed in an ordinary, common sense manner, and not in a hyper-technical, strained, overly-literal, or otherwise restrictive manner. The use of the singular form of any word includes the plural and vice versa. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

1. "API" means Appleton Papers Inc. (formerly known as Lentheric, Inc., and later known as Appvion), its predecessors or agents, and any person or entity acting on API's behalf or for its benefit, including its legal counsel.

2. "AWA" means Arjo Wiggins Appleton, Ltd. (formerly known as Wiggins Teape Appleton, Ltd., and later known as Windward Prospects, Ltd.), its predecessors or agents, and any person or entity acting on AWA's behalf or for its benefit, including its legal counsel

3. "BAT" means Defendant B.A.T Industries p.l.c., including its officers, agents, managing agents, employees, and representatives.

4. "CSA" means the 1998 Confidential Settlement Agreement between NCR, BAT, and Appleton Papers Inc.

5. "NCR" means Plaintiff NCR Voyix Corporation, formerly known as NCR Corporation, including its officers, agents, managing agents, employees, and representatives.

6. "You" or "Yours" means BAT as defined herein.

## INSTRUCTIONS

The following instructions apply to the below Interrogatories and should be considered as part of each Interrogatory.

1. The rules of construction in Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules are incorporated by reference as if set forth in full herein.

2. You should respond to each Interrogatory separately.

3. These Interrogatories shall be deemed to be continuing in nature so as to require supplemental or additional responses as You obtain or become aware of any new, further, or additional information that may augment or otherwise modify Your responses hereto.

4. Each Interrogatory shall be construed independently and without reference to any other Interrogatory herein for purposes of limitation, unless the Interrogatory so specifies.

5. To the extent that a more specific Interrogatory may be construed to be subsumed under a separate, broader Interrogatory, that does not in any way limit the scope of the broader Interrogatory.

6. When an Interrogatory does not specifically request a particular fact, but such a fact is necessary in order to make the answer to the Interrogatory comprehensible, complete or not misleading, You should include such fact as part of the answer and the Interrogatory shall be deemed specifically to request such fact.

7. When an Interrogatory asks for specific information (*e.g.*, a date), identify the information precisely if known. If the precise date or other specific information is unknown to You, please give Your best approximation and indicate in Your response that the information being provided is an approximation.

8. If, with respect to any Interrogatory contained herein, You are able to provide some, but not all, of the information requested, You shall provide such information as You can, and specifically identify the items for which You do not have sufficient information to respond fully and the reasons for Your inability to respond fully.

9. If you withhold any information requested herein on the basis of any assertion of privilege or other immunity from discovery, You must comply with the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure.

## **INTERROGATORIES**

6. Describe in detail the basis for, and identify all documents supporting, Your affirmative defense that NCR breached the CSA.

7. Describe in detail the basis for, and identify all documents supporting, Your affirmative defense that NCR failed to mitigate damages.

8. Describe in detail the basis for, and identify all documents supporting, Your affirmative defense that NCR's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches, including which of those three doctrines You intend to maintain as an affirmative defense.

9. Identify all evidence BAT contends exists in support of its allegation that, in 1998-99, NCR knew that it had sold broke to mills in the Kalamazoo River area but BAT had no such knowledge. (*See* Dkt. 21, Counterclaims ¶¶ 80, 90).

10. Identify all evidence BAT contends exists in support of its allegation that, in 1998-99, NCR knew that broke sold to mills in the Kalamazoo River area would create toxic waste in the Kalamazoo River but BAT had no such knowledge. (*See* Dkt. 21, Counterclaims ¶¶ 80, 90).

11. Identify all evidence BAT contends exists that BAT did not acquire the knowledge described in Interrogatories 10 and 11 after the sale of the Appleton Papers Division in 1978.

12. Identify the individuals associated with NCR that You contend had knowledge in 1998-99 that NCR sold broke to mills in the Kalamazoo River area and identify all documents supporting such contentions.

13. Identify all evidence that You contend supports your allegation that NCR was "fully aware of the likelihood that [paper mills that reprocessed CCP] would in turn pursue NCR."

14. Describe in detail, and identify all documents relating to, any due diligence efforts

BAT undertook relating to the CSA, including as to the scope of potential liability and/or any potential Future Sites (as defined in the CSA), before entering into the CSA.

15. Describe the knowledge BAT had about the Kalamazoo River Superfund Site at the time it entered into the CSA, including knowledge about the contamination of the site, the efforts to investigate and clean up the site, and the entities or types of entities that were liable or potentially liable for response costs at the site.

16. Describe the knowledge BAT had, at the time it entered into the CSA, about litigation relating to contamination of the Kalamazoo River, including the allegations, arguments, and discovery therein.

17. Describe with specificity any omissions BAT alleges NCR made regarding the likelihood of liability at the Kalamazoo River, including the specific facts BAT alleges NCR should have disclosed to BAT.

18. Describe with specificity any misrepresentations BAT alleges NCR made regarding the likelihood of liability at the Kalamazoo River.

19. Identify all evidence BAT contends exists that NCR knew that BAT lacked knowledge, before entering into the CSA, about the likelihood of liability at the Kalamazoo River.

20. Identify each of the facts You contend to have created a duty on NCR in 1998-1999 to disclose to BAT that there was an alleged likelihood of liability at the Kalamazoo River and state with specificity what NCR allegedly had a duty to tell BAT, who should have made such disclosure, and when.

21. Describe in detail the basis for Your denial of any of NCR's Requests for Admission.

Dated: June 11, 2025
New York, New York

By: /s/ Zachary Payne
SIDLEY AUSTIN LLP
John J. Kuster
Zachary Payne
787 7th Avenue
New York, NY 10019
(212) 839-5300
jkuster@sidley.com
zpayne@sidley.com

Bruce R. Braun (admitted *pro hac vice*)
Charles K. Schafer (admitted *pro hac vice*)
One South Dearborn
Chicago, IL 60603
(312) 853-7000
bbraun@sidley.com
cschafer@sidley.com