# Exhibit C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NCR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>B.A.T INDUSTRIES p.l.c.,<br><br>Defendant. | No.: 1:23-cv-1172-JPC-SDA |

**PLAINTIFF NCR VOYIX CORPORATION'S**
**THIRD SET OF INTERROGATORIES TO DEFENDANT B.A.T INDUSTRIES p.l.c.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), the Court's Individual Rules of Practice in Civil Cases, and the Civil Case Management Plan (Dkt. 47), Plaintiff NCR Voyix Corporation ("NCR") requests that Defendant B.A.T Industries p.l.c. ("BAT") answer the following interrogatories (the "Interrogatories," and each, an "Interrogatory") in accordance with the instructions and definitions contained herein within thirty days of service.

**DEFINITIONS**

Unless indicated otherwise, the following definitions are incorporated into each of the following Interrogatories. All terms used herein shall be construed in an ordinary, common sense manner, and not in a hyper-technical, strained, overly literal, or otherwise restrictive manner. The use of the singular form of any word includes the plural and vice versa. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

1. "BAT" means Defendant B.A.T Industries p.l.c., including its officers, agents, managing agents, employees, and representatives.

2. "NCR" means Plaintiff NCR Voyix Corporation, formerly known as NCR Corporation, including its officers, agents, managing agents, employees, and representatives.

3. "You" or "Yours" means BAT as defined herein.

**INSTRUCTIONS**

The following instructions apply to the below Interrogatories and should be considered as part of each Interrogatory.

1. The rules of construction in Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules are incorporated by reference as if set forth in full herein.

2. You should respond to each Interrogatory separately.

3. These Interrogatories shall be deemed to be continuing in nature so as to require supplemental or additional responses as You obtain or become aware of any new, further, or additional information that may augment or otherwise modify Your responses hereto.

4. Each Interrogatory shall be construed independently and without reference to any other Interrogatory herein for purposes of limitation, unless the Interrogatory so specifies.

5. To the extent that a more specific Interrogatory may be construed to be subsumed under a separate, broader Interrogatory, that does not in any way limit the scope of the broader Interrogatory.

6. When an Interrogatory does not specifically request a particular fact, but such a fact is necessary in order to make the answer to the Interrogatory comprehensible, complete, or not misleading, You should include such fact as part of the answer and the Interrogatory shall be deemed specifically to request such fact.

7. When an Interrogatory asks for specific information (e.g., a date), identify the information precisely if known. If the precise date or other specific information is unknown to You, please give Your best approximation and indicate in Your response that the information being provided is an approximation.

8. If, with respect to any Interrogatory contained herein, You are able to provide some, but not all, of the information requested, You shall provide such information as You can, and specifically identify the items for which You do not have sufficient information to respond fully and the reasons for Your inability to respond fully.

9. If You withhold any information requested herein on the basis of any assertion of privilege or other immunity from discovery, You must comply with the requirements of Federal Rule of Civil Procedure 26(b)(5).

## INTERROGATORIES

NCR withdraws its Interrogatory No. 21, previously propounded on June 11, 2025, which BAT declined to answer. To the extent that BAT has declined to answer other previously propounded interrogatories on the basis that they were "premature contention interrogator[ies]," NCR reaffirms these requests and asks that BAT answer these interrogatories by the close of fact discovery.

21. Identify all ways in which "NCR failed to properly conduct its litigation strategy and/or failed to pursue an appropriate and timely settlement strategy so as to minimize its ultimate liability in respect of the Kalamazoo River" on or after February 12, 1998.

22. Identify all ways in which "NCR concealed its own wrongdoing in connection with the Fox and Kalamazoo Rivers from the public, the government, the courts, and other potentially responsible parties" on or after February 12, 1998.

23. List all ways in which BAT has been harmed since June 3, 2019 by NCR's failure to bring this civil action until February 10, 2023.

24. Describe in detail when and how BAT first become aware of the documents produced in the *Whiting* litigation with "BCFOX" Bates numbers (and reproduced in this Action at NCRV_01066458 to NCRV_01131483) and described as the "Butler's Court" documents. (*See also* Declaration of John Gough, NCRV_09701875.)

Dated: January 20, 2026
New York, New York

By: /s/ Zachary Payne

SIDLEY AUSTIN LLP
John J. Kuster
Zachary Payne
787 7th Avenue
New York, NY 10019
(212) 839-5300
jkuster@sidley.com
zpayne@sidley.com

Bruce R. Braun (admitted *pro hac vice*)
Charles K. Schafer (admitted *pro hac vice*)
One South Dearborn
Chicago, IL 60603
(312) 853-7000
bbraun@sidley.com
cschafer@sidley.com