# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NCR CORPORATION,

Plaintiff,

-against-

B.A.T. INDUSTRIES p.l.c.

Defendant.

Case No.: 1:23-cv-1172-JPC

**B.A.T INDUSTRIES P.L.C.'S RESPONSES AND OBJECTIONS TO NCR VOYIX CORPORATION'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the United States District Court for the Southern District of New York ("SDNY"), B.A.T. Industries p.l.c. ("BAT"), by and through its attorneys, hereby responds to NCR Voyix Corporation's ("NCR") First Set of Interrogatories (the "Responses" and each individually a "Response").

**GENERAL OBJECTIONS**

BAT incorporates the following General Objections into each response contained herein, and into each and every amendment, supplement, or modification to these responses:

1. BAT objects to the Interrogatories to the extent that they seek to impose obligations on BAT beyond those required by the Federal Rules of Civil Procedure, SDNY Local Rules, or any other applicable rules, protocols, or orders issued in this litigation.

2. BAT objects to the Interrogatories to the extent that they seek to impose an obligation to respond on behalf of any entity other than BAT. To the extent BAT provides responses, including any amended or supplemental responses, such responses are made on behalf of BAT, shall relate to BAT, and shall not be construed as applicable to any other party, entity, or

person unless otherwise stated. BAT will respond to the Interrogatories based only on information known to it, and which is in its own possession, custody, or control, as required by the Federal Rules of Civil Procedure.

3. BAT objects to the Interrogatories to the extent that they are predicated on incorrect assertions of fact.

4. BAT objects to the Interrogatories to the extent they seek information that is confidential or proprietary, and to the extent such information is deemed to be a trade secret or is considered competitively-sensitive business information. BAT objects to the Interrogatories to the extent they seek information in violation of individual privacy rights.

5. BAT objects to the Interrogatories to the extent that they seek discovery of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Any disclosure of privileged or otherwise protected information is inadvertent and will not constitute a waiver of any claim of privilege or other protection. BAT reserves the right to obtain the return of inadvertently disclosed information and to prohibit its use in any manner.

6. BAT objects to the Interrogatories to the extent that they seek information which, if disclosed, would violate foreign, federal, or state disclosure laws and regulations, including but not limited to Part 31 of the *Civil Procedure Rules* applicable in the United Kingdom.

7. BAT objects to the Interrogatories to the extent that they seek information subject to confidentiality or non-disclosure agreements. BAT reserves the right to meet any applicable notification obligations prior to disclosing such information.

8. BAT objects to the Interrogatories to the extent that they seek information that is not within the possession, custody, or control of BAT, is equally available to NCR, or can be obtained from public, third party or other more convenient, less burdensome sources.

9. BAT objects to the Interrogatories to the extent that they are vague or ambiguous and/or fail to describe the information requested with reasonable particularity such that BAT is unable to identify the information sought by NCR. BAT will construe the words used in the Interrogatories according to their plain and ordinary meaning and consistent with normal English usage.

10. BAT objects to the Interrogatories to the extent that they seek information that is not proportional or relevant to the claim or defense of any party, including to the extent that the Interrogatories seek discovery that (i) is unreasonable, considering the needs of the case, the amount in controversy, the complexity of the case, the parties' resources and relative access to the relevant information, the importance of the issues, and the importance of the discovery in resolving the issues; (ii) imposes burden or expenses that does not outweigh the likely benefits of the proposed discovery; (iii) is inconsistent with the overall case management and will not further the just, speedy, and inexpensive determination of the case; (iv) is unreasonably cumulative or duplicative; or (v) can be obtained from another source that is more convenient, less burdensome, or less expensive. *See* Fed. R. Civ. P. 26(b)(1)-(2).

11. BAT's Responses are made without in any way waiving or intending to waive: (a) any objections as to the competency, relevancy, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided; (b) the right to object on any ground to the information disclosed at any hearing or trial; (c) the right to object on any ground at any time

to a demand for further responses to the Interrogatories; or (d) the right to supplement these Responses at any time.

12. BAT's Responses reflect its present knowledge, information, and belief based on a reasonable investigation to date. The Responses may be subject to change or modification based on further discovery or facts or circumstances that may come to its knowledge.

13. To the extent any Interrogatory inquires as to "any," "all," "each," or "every" fact, communication, document, person, event, or thing, it is objected to as being overbroad, unduly burdensome, and not proportional to the needs of the case. BAT cannot guarantee that it has located every single fact, communication, document, person, event, or thing responsive to a particular Interrogatory. BAT will identify or provide responsive, non-privileged information, facts, documents, or things that can be located after a reasonably diligent search.

14. BAT objects to these Interrogatories to the extent the information sought is not maintained in the ordinary course of business, and to the extent the Interrogatories seek information to be produced in a manner and format not maintained in the ordinary course of business.

15. BAT objects to these Interrogatories to the extent they seek premature expert discovery or disclosure of expert opinions and go beyond the scope of permissible expert discovery under the applicable discovery rules. BAT will provide expert discovery and disclosures on the dates set by the Court in compliance with the applicable discovery rules, but assumes no further obligation responding to these Interrogatories.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

In addition to and without waiving the foregoing General Objections, BAT objects to the Definitions and the Instructions as follows:

1. BAT objects to the Definitions and Instructions as overbroad and unduly burdensome to the extent that they seek to impose obligations on BAT beyond those required by the Federal Rules of Civil Procedure, the Protective Order, or any other applicable rules, protocols, or orders issued in this litigation.

2. BAT objects to the Instruction 2 on the grounds that it is overbroad, vague, not proportional, and unduly burdensome because it seeks to include "[BAT's] predecessors, successors, assigns, principals, or agents." Interrogatories including these terms cannot be answered as written, are not relevant to the claim or defense of any party, and are not proportional. These Objections and Responses, including any supplemental responses, are made on behalf of BAT only and should not be construed as applicable to any other party, entity, or person, unless otherwise stated. BAT will respond to the Interrogatories based only on information known to it, and which is in its own possession, custody, or control, as required by the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

Identify the BAT personnel, agents or representatives involved in: negotiating the CSA with NCR; reviewing, analyzing, or editing the CSA; and/or deciding whether BAT would or should sign the CSA.

#### SPECIFIC OBJECTIONS

BAT incorporates its General Objections above, as though fully set forth herein. BAT objects to this Interrogatory to the extent that it seeks information from any entity other than BAT. To the extent BAT provides a response, including any amended or supplemental response, such responses are made on behalf of BAT, shall relate to BAT, and shall not be construed as applicable to any other party, entity, or person unless otherwise stated.

**RESPONSE**

Subject to the General and Specific Objections, and without waiver thereof, BAT responds as follows: The following BAT personnel, agents, or representatives were involved in negotiating the CSA with NCR, reviewing, analyzing, or editing the CSA, and/or deciding whether BAT would or should sign the CSA:

| **Name** | **Role** | **Present or Last Known Address** | **Present or Last Known Place of Employment** |
|---|---|---|---|
| Robert Bourque | Outside counsel to BAT | 425 Lexington Ave New York, NY 10017 (last known professional address) | Simpson Thacher & Bartlett LLP (last known) |
| Robert Casey | Legal | Globe House 4 Temple Pl London WC2R 2PG (last known professional address) | Consultant to the BAT group of companies |
| Stuart Chalfen | Legal | Deceased | Deceased |
| Peter Clarke | Company Secretary | Deceased | Deceased |
| Philip Cook | Company Secretary | Globe House 4 Temple Pl London WC2R 2PG (last known professional address) | BAT group of companies (last known) |
| Janet A. Gochman | Outside counsel to BAT | 425 Lexington Ave New York, NY 10017 | Simpson Thacher & Bartlett LLP |
| Ulrich Herter | Director | Globe House 4 Temple Pl London WC2R 2PG (last known professional address) | BAT group of companies (last known) |
| Steve | Legal | Windsor House, | BAT group of |

| | | | |
|---|---|---|---|
| Hutchings | | 50 Victoria St London SW1H 0NL (last known professional address) | companies (last known) |
| Michael Charles Terrell Prideaux | Director | Globe House 4 Temple Pl London WC2R 2PG (last known professional address) | BAT group of companies (last known) |
| William Patrick Ryan | Director | Deceased | Deceased |
| William T. Russell, Jr. | Outside counsel to BAT | 425 Lexington Ave New York, NY 10017 | Simpson Thacher & Bartlett LLP |
| David Williams | Legal | Globe House 4 Temple Pl London WC2R 2PG (last known professional address) | BAT group of companies (last known) |

**INTERROGATORY NO. 2**

Identify the BAT personnel, agents or representatives, if any, who conducted due diligence or any other investigations relating to the CSA, including as to the scope of potential liability and/or any potential Future Sites (as defined in the CSA), before BAT entered into the CSA and, for each individual so identified, identify the issues on which any due diligence was performed.

**SPECIFIC OBJECTIONS**

BAT incorporates its General Objections above, as though fully set forth herein. BAT objects to this Interrogatory to the extent that it seeks information from any entity other than BAT. To the extent BAT provides a response, including any amended or supplemental response, such responses are made on behalf of BAT, shall relate to BAT, and shall not be construed as applicable to any other party, entity, or person unless otherwise stated.

**RESPONSE**

Subject to the General and Specific Objections, and without waiver thereof, BAT responds as follows: The following BAT personnel, agents, or representatives were involved in conducting due diligence or any other investigations relating to the CSA:

| Name | Role | Present or Last Known Address | Present or Last Known Place of Employment | Due Diligence Issues |
|---|---|---|---|---|
| Robert Bourque | Outside counsel to BAT | See response to Interrogatory No. 1 | See response to Interrogatory No. 1 | Due diligence related to the CSA generally |
| Janet A. Gochman | Outside counsel to BAT | See response to Interrogatory No. 1 | See response to Interrogatory No. 1 | Due diligence related to the CSA generally |
| William T. Russell, Jr. | Outside counsel to BAT | See response to Interrogatory No. 1 | See response to Interrogatory No. 1 | Due diligence related to the CSA generally |
| David Williams | Legal | See response to Interrogatory No. 1 | See response to Interrogatory No. 1 | Due diligence related to the CSA generally |

**INTERROGATORY NO. 3**

Identify the NCR personnel You contend were responsible for any omissions BAT alleges NCR made regarding the likelihood of liability at the Kalamazoo River.

**SPECIFIC OBJECTIONS**

BAT incorporates its General Objections above, as though fully set forth herein. BAT objects to this Interrogatory to the extent that it imposes an obligation on BAT to provide information that is not within the BAT's possession, custody, or control, including information

that is more reasonably accessible directly from NCR, third party, or other more convenient, less burdensome sources.

BAT objects to this Interrogatory as a premature contention interrogatory, which is not proper at this time under SDNY Local Rule 33.3(c). BAT will respond to such contention interrogatories at the close of fact discovery.

**RESPONSE**

Subject to the General and Specific Objections, and without waiver thereof, BAT responds as follows: BAT will respond to this Interrogatory at the proper time.

**INTERROGATORY NO. 4**

Identify the NCR personnel You allege to have been "fully aware of the likelihood of [NCR] being found liable as an arranger" at the Kalamazoo River, and every passage of "sworn testimony," if any, upon which You base any such allegation. Dkt. 21 ¶¶ 77, 78.

**SPECIFIC OBJECTIONS**

BAT incorporates its General Objections above, as though fully set forth herein. BAT objects to this Interrogatory to the extent that it imposes an obligation on BAT to provide information that is not within the BAT's possession, custody, or control, including information that is more reasonably accessible directly from NCR, , third party, or other more convenient, less burdensome sources.

BAT objects to this Interrogatory as a premature contention interrogatory, which is not proper at this time under SDNY Local Rule 33.3(c). BAT will respond to such contention interrogatories at the close of fact discovery.

**RESPONSE**

Subject to the General and Specific Objections, and without waiver thereof, BAT responds as follows: BAT will respond to this Interrogatory at the proper time.

**INTERROGATORY NO. 5**

Identify every court opinion or order that forms the basis of Your allegations that "the federal courts have already determined" that NCR "intentionally caused the harm at the Kalamazoo River;" Dkt. 34 at 2; and that "courts have also held that NCR deliberately and intentionally misrepresented toxic waste as valuable and recyclable scrap paper to recyclers, including recyclers on the Kalamazoo River," Dkt. 44 at 2. Please also identify, with citations, any and all Kalamazoo River recyclers to whom you allege these courts found NCR to have made misrepresentations.

**SPECIFIC OBJECTIONS**

BAT incorporates its General Objections above, as though fully set forth herein. BAT objects to this Interrogatory to the extent that it imposes an obligation on BAT to provide information that is not within BAT's possession, custody, or control, including information that is more reasonably accessible directly from NCR, , third party, or other more convenient, less burdensome sources.

BAT objects to this Interrogatory as an improper compound Interrogatory with at least two subparts. BAT will treat Interrogatory No. 5 as asking two separate Interrogatories.

BAT objects to this Interrogatory as a premature contention interrogatory, which is not proper at this time under SDNY Local Rule 33.3(c). BAT will respond to such contention interrogatories at the close of fact discovery.

**RESPONSE**

Subject to the General and Specific Objections, and without waiver thereof, BAT responds as follows: BAT refers NCR to the following decisions:

- *Appleton Papers Inc. v. George A. Whiting Paper Co.*, No. 08-C-16, 2009 WL 5064049 (E.D. Wis. Dec. 16, 2009)
- *Georgia-Pac. Consumer Prods. LP v. NCR Corp.*, 980 F. Supp. 2d 821 (W.D. Mich. 2013)
- *NCR Corp. v. George A. Whiting Paper Co.*, 768 F.3d 682 (7th Cir. 2014)

- *Georgia-Pac. Consumer Prods. LP v. NCR Corp.*, 358 F. Supp. 3d 613 (W.D. Mich. 2018), *rev'd on other grounds and remanded,* 32 F.4th 534 (6th Cir. 2022)

BAT refers NCR to the following recyclers: (1) the Kalamazoo Paper Company mill; (2) the King Paper Company mill; (3) the Bryant Paper Company mill; and (4) the Plainwell Paper Company Complex (aka the Michigan Paper Company mill); and refers NCR to the following case cites related to these recyclers: (1) *Georgia-Pac.*, 358 F. Supp. 3d at 626 (describing NCR "actively attempt[ing] to conceal the hazards . . . from recyclers"); and (2) *Georgia-Pac.*, 980 F. Supp. 2d at 834-35 ("[T]he record demonstrates that NCR actively attempted to conceal the hazards associated with CCP broke . . . from recyclers.").

BAT reserves the right and intends to supplement this Response at the proper time for contention interrogatories.

Dated: December 13, 2024

/s/ Dennis H. Tracey, III
Dennis H. Tracey, III
David R. Michaeli
Peter Bautz
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
dennis.tracey@hoganlovells.com
david.michaeli@hoganlovells.com
peter.bautz@hoganlovells.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NCR CORPORATION,

Plaintiff,

-against-

B.A.T. INDUSTRIES p.l.c.

Defendant.

Case No.: 1:23-cv-1172-JPC

**VERIFICATION**

I, Joanna Brown, am Head of Commercial Litigation and External Investigations for BATLaw Ltd. and have been authorized to act on behalf of BAT Industries p.l.c. ("BAT") in the above captioned case. I have reviewed the foregoing Objections and Responses of BAT to NCR's First Set of Interrogatories and am familiar with the contents. The matters stated in response to the Interrogatories are true to the best of my knowledge. BAT's answers to these Interrogatories are subject to inadvertent or undiscovered errors and are based on the information and documents now available and specifically known to BAT following a reasonable and diligent investigation. BAT reserves the right to make changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available. Subject to these limitations, and to the extent objections were not lodged, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I have signed the same for and on behalf of BAT with the full authority to so act.

Signed this 13th day of December, 2024 in London, England.

Joanna Brown

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NCR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>B.A.T INDUSTRIES p.l.c.,<br><br>Defendant. | No.: 1:23-cv-1172-JPC-SDA |

**DEFENDANT B.A.T INDUSTRIES P.L.C.'S RESPONSES AND OBJECTIONS TO PLAINTIFF NCR VOYIX CORPORATION'S SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules of the United States District Courts for the Southern District of New York (the "Local Rules"), the Court's Individual Rules of Practice in Civil Cases, and the Civil Case Management (Dkt. No. 47), Defendant B.A.T Industries p.l.c. ("BAT"), by and through its undersigned counsel, hereby objects and responds to Plaintiff NCR Voyix Corporation's ("NCR") Second Set of Interrogatories (the "Interrogatories," and each, an "Interrogatory") as set forth below.

## GENERAL OBJECTIONS

BAT incorporates the following General Objections into each response contained herein, and into each and every amendment, supplement, or modification to these responses**.** Any undertaking to search for, or provide information or documents in response to, any item of the Interrogatories remains subject to the General Objections.

1. BAT objects to the Interrogatories to the extent that they seek to impose obligations on BAT beyond those required by the Federal Rules of Civil Procedure, SDNY Local Rules, or any other applicable rules, protocols, or orders issued in this litigation.

2. BAT objects to the Interrogatories to the extent that they seek to impose an obligation to respond on behalf of any entity other than BAT. To the extent BAT provides responses, including any amended or supplemental responses, such responses are made on behalf of BAT, shall relate to BAT, and shall not be construed as applicable to any other party, entity, or person unless otherwise stated. BAT will respond to the Interrogatories based only on information known to it, and which is in its own possession, custody, or control, as required by the Federal Rules of Civil Procedure.

3. BAT objects to the Interrogatories to the extent that they are predicated on incorrect assertions of fact.

4. BAT objects to the Interrogatories to the extent they seek information that is confidential or proprietary, and to the extent such information is deemed to be a trade secret or is considered competitively-sensitive business information. BAT objects to the Interrogatories to the extent they seek information in violation of individual privacy rights.

5. BAT objects to the Interrogatories to the extent that they seek discovery of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Any disclosure of privileged or otherwise protected information is inadvertent and will not constitute a waiver of any claim of privilege or other protection. BAT reserves the right to obtain the return of inadvertently disclosed information and to prohibit its use in any manner.

6. BAT objects to the Interrogatories to the extent that they seek information which, if disclosed, would violate foreign, federal, or state disclosure laws and regulations, including but not limited to Part 31 of the Civil Procedure Rules applicable in the United Kingdom.

7. BAT objects to the Interrogatories to the extent that they seek information subject to confidentiality or non-disclosure agreements. BAT reserves the right to meet any applicable notification obligations prior to disclosing such information.

8. BAT objects to the Interrogatories to the extent that they seek information that is not within the possession, custody, or control of BAT, is equally available to NCR, or can be obtained from public, third party, or other more convenient, less burdensome sources.

9. BAT objects to the Interrogatories to the extent that they are vague or ambiguous and/or fail to describe the information requested with reasonable particularity such that BAT is unable to identify the information requested by NCR. BAT will construe the words used in the Interrogatories according to their plain and ordinary meaning and consistent with normal English usage.

10. BAT objects to the Interrogatories to the extent that they seek information that is not proportional or relevant to the claim or defense of any party, including to the extent that the Interrogatories seek discovery that (i) is unreasonable, considering the needs of the case, the amount in controversy, the complexity of the case, the parties' resources and relative access to the relevant information, the importance of the issues, and the importance of the discovery in resolving the issues; (ii) imposes burden or expenses that does not outweigh the likely benefits of the proposed discovery; (iii) is inconsistent with the overall case management and will not further the just, speedy, and inexpensive determination of the case; (iv) is unreasonably cumulative or duplicative; or (v) can be obtained from another source that is more convenient, less burdensome, or less expensive. See Fed. R. Civ. P. 26(b)(1)-(2).

11. BAT's Responses are made without in any way waiving or intending to waive: (a) any objections as to the competency, relevancy, materiality, privileged status, or admissibility as

evidence, for any purpose, of any information provided; (b) the right to object on any ground to the information disclosed at any hearing or trial; (c) the right to object on any ground at any time to a demand for further responses to the Interrogatories; or (d) the right to supplement these Responses at any time.

12. BAT's Responses reflect its present knowledge, information, and belief based on a reasonable investigation to date. The Responses may be subject to change or modification based on further discovery or facts or circumstances that may come to its knowledge.

13. To the extent any Interrogatory inquires as to "any," "all," "each," or "every" fact, communication, document, person, event, or thing, it is objected to as being overbroad, unduly burdensome, and not proportional to the needs of the case. BAT cannot guarantee that it has located every single fact, communication, document, person, event, or thing responsive to a particular Interrogatory. BAT will identify or provide responsive, non-privileged information, facts, documents, or things that can be located after a reasonably diligent search.

14. BAT objects to these Interrogatories to the extent the information requested is not maintained in the ordinary course of business, and to the extent the Interrogatories seek information to be produced in a manner and format not maintained in the ordinary course of business.

15. BAT objects to these Interrogatories to the extent they seek premature expert discovery or disclosure of expert opinions and go beyond the scope of permissible expert discovery under the applicable discovery rules. BAT will provide expert discovery and disclosures on the dates set by the Court in compliance with the applicable discovery rules, but assumes no further obligation responding to these Interrogatories.

## OBJECTIONS TO DEFINITIONS

1. BAT objects to the Definitions and Instructions and any directions, definitions, or instructions contained in the Interrogatories to the extent they seek to impose obligations on BAT beyond those required by the Federal Rules of Civil Procedure, the Local Rules, the Court's Individual Rules of Practice in Civil Cases, and the Civil Case Management Plan.

2. BAT objects to the definition of "BAT," "You," and "Yours," to the extent that they seek to impose an obligation to respond on behalf of any entity other than Defendant.

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY 6:**

Describe in detail the basis for, and identify all documents supporting, Your affirmative defense that NCR breached the CSA.

**RESPONSE:**

BAT objects to this Interrogatory because it violates Local Rule 33.3. Specifically, this Interrogatory violates Local Rule 33.3(a) as it is untimely and addresses subject matter beyond what is allowed by Local Rule 33.3(a); violates Local Rule 33.3(b) as the information sought is more practically available through depositions and/or requests for production; and/or violates Local Rule 33.3(c) as it is a premature contention interrogatory, which may not be served until "the conclusion of other discovery." Local Rule 33.3. BAT further objects to this Interrogatory as unduly burdensome.

Subject to and without waiving any of its objections, BAT will not answer this Interrogatory.

**INTERROGATORY 7:**

Describe in detail the basis for, and identify all documents supporting, Your affirmative defense that NCR failed to mitigate damages.

**RESPONSE:**

BAT objects to this Interrogatory because it violates Local Rule 33.3. Specifically, this Interrogatory violates Local Rule 33.3(a) as it is untimely and addresses subject matter beyond what is allowed by Local Rule 33.3(a); violates Local Rule 33.3(b) as the information sought is more practically available through depositions and/or requests for production; and/or violates Local Rule 33.3(c) as it is a premature contention interrogatory, which may not be served until "the conclusion of other discovery." Local Rule 33.3. BAT further objects to this Interrogatory as unduly burdensome.

Subject to and without waiving any of its objections, BAT will not answer this Interrogatory.

**INTERROGATORY 8:**

Describe in detail the basis for, and identify all documents supporting, Your affirmative defense that NCR's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches, including which of those three doctrines You intend to maintain as an affirmative defense.

**RESPONSE:**

BAT objects to this Interrogatory because it violates Local Rule 33.3. Specifically, this Interrogatory violates Local Rule 33.3(a) as it is untimely and addresses subject matter beyond what is allowed by Local Rule 33.3(a); violates Local Rule 33.3(b) as the information sought is more practically available through depositions and/or requests for production; and/or violates Local Rule 33.3(c) as it is a premature contention interrogatory, which may not be served until "the conclusion of other discovery." Local Rule 33.3. BAT further objects to this Interrogatory as unduly burdensome.

Subject to and without waiving any of its objections, BAT will not answer this Interrogatory.

**INTERROGATORY 9:**

Identify all evidence BAT contends exists in support of its allegation that, in 1998-99, NCR knew that it had sold broke to mills in the Kalamazoo River area but BAT had no such knowledge. (See Dkt. 21, Counterclaims ¶¶ 80, 90).

**RESPONSE:**

BAT objects to this Interrogatory because it violates Local Rule 33.3. Specifically, this Interrogatory violates Local Rule 33.3(a) as it is untimely and addresses subject matter beyond what is allowed by Local Rule 33.3(a); violates Local Rule 33.3(b) as the information sought is more practically available through depositions and/or requests for production; and/or violates Local Rule 33.3(c) as it is a premature contention interrogatory, which may not be served until "the conclusion of other discovery." Local Rule 33.3. BAT further objects to this Interrogatory as unduly burdensome. BAT further objects to this Interrogatory as an improper compound Interrogatory with at least two subparts. BAT will treat Interrogatory No. 9 as two separate Interrogatories.

Subject to and without waiving any of its objections, BAT will not answer this Interrogatory.

**INTERROGATORY 10:**

Identify all evidence BAT contends exists in support of its allegation that, in 1998-99, NCR knew that broke sold to mills in the Kalamazoo River area would create toxic waste in the Kalamazoo River but BAT had no such knowledge. (See Dkt. 21, Counterclaims ¶¶ 80, 90).

**RESPONSE:**

BAT objects to this Interrogatory because it violates Local Rule 33.3. Specifically, this Interrogatory violates Local Rule 33.3(a) as it is untimely and addresses subject matter beyond what is allowed by Local Rule 33.3(a); violates Local Rule 33.3(b) as the information sought is more practically available through depositions and/or requests for production; and/or violates Local Rule 33.3(c) as it is a premature contention interrogatory, which may not be served until "the conclusion of other discovery." Local Rule 33.3. BAT further objects to this Interrogatory as unduly burdensome. BAT further objects to this Interrogatory as an improper compound Interrogatory with at least two subparts. BAT will treat Interrogatory No. 10 as two separate Interrogatories.

Subject to and without waiving any of its objections, BAT will not answer this Interrogatory.

**INTERROGATORY 11:**

Identify all evidence BAT contends exists that BAT did not acquire the knowledge described in Interrogatories 10 and 11 after the sale of the Appleton Papers Division in 1978.

**RESPONSE:**

BAT objects to this Interrogatory because it violates Local Rule 33.3. Specifically, this Interrogatory violates Local Rule 33.3(a) as it is untimely and addresses subject matter beyond what is allowed by Local Rule 33.3(a); violates Local Rule 33.3(b) as the information sought is more practically available through depositions and/or requests for production; and/or violates Local Rule 33.3(c) as it is a premature contention interrogatory, which may not be served until "the conclusion of other discovery." Local Rule 33.3. BAT

further objects to this Interrogatory as unduly burdensome. BAT further objects to this Interrogatory on the basis that it refers to "Interrogator[y]…11" and this reference is not understood. BAT further objects to this Interrogatory as an improper compound Interrogatory with at least two subparts. BAT will treat Interrogatory No. 11 as two separate Interrogatories.

Subject to and without waiving any of its objections, BAT will not answer this Interrogatory.

**INTERROGATORY 12:**

Identify the individuals associated with NCR that You contend had knowledge in 1998-99 that NCR sold broke to mills in the Kalamazoo River area and identify all documents supporting such contentions.

**RESPONSE:**

BAT objects to this Interrogatory because it violates Local Rule 33.3. Specifically, this Interrogatory violates Local Rule 33.3(a) as it is untimely and addresses subject matter beyond what is allowed by Local Rule 33.3(a); violates Local Rule 33.3(b) as the information sought is more practically available through depositions and/or requests for production; and/or violates Local Rule 33.3(c) as it is a premature contention interrogatory, which may not be served until "the conclusion of other discovery." Local Rule 33.3. BAT further objects to this Interrogatory as unduly burdensome. BAT further objects to this Interrogatory to the extent that it imposes an obligation on BAT to provide information that is not within BAT's possession, custody, or control, including information that is more reasonably accessible directly from NCR and other, more convenient and less burdensome, sources.

Subject to and without waiving any of its objections, BAT will not answer this Interrogatory.

**INTERROGATORY 13:**

Identify all evidence that You contend supports your allegation that NCR was "fully aware of the likelihood that [paper mills that reprocessed CCP] would in turn pursue NCR."

**RESPONSE:**

BAT objects to this Interrogatory because it violates Local Rule 33.3. Specifically, this Interrogatory violates Local Rule 33.3(a) as it is untimely and addresses subject matter beyond what is allowed by Local Rule 33.3(a); violates Local Rule 33.3(b) as the information sought is more practically available through depositions and/or requests for production; and/or violates Local Rule 33.3(c) as it is a premature contention interrogatory, which may not be served until "the conclusion of other discovery." Local Rule 33.3. BAT further objects to this Interrogatory as unduly burdensome.

Subject to and without waiving any of its objections, BAT will not answer this Interrogatory.

**INTERROGATORY 14:**

Describe in detail, and identify all documents relating to, any due diligence efforts BAT undertook relating to the CSA, including as to the scope of potential liability and/or any potential Future Sites (as defined in the CSA), before entering into the CSA.

**RESPONSE:**

BAT objects to this Interrogatory because it violates Local Rule 33.3. Specifically, this Interrogatory violates Local Rule 33.3(a) as it is untimely and addresses subject matter beyond what is allowed by Local Rule 33.3(a); violates Local Rule 33.3(b) as the

information sought is more practically available through depositions and/or requests for production; and/or violates Local Rule 33.3(c) as it is a premature contention interrogatory, which may not be served until "the conclusion of other discovery." Local Rule 33.3. BAT further objects to this Interrogatory as unduly burdensome. BAT further objects to this Interrogatory to the extent that it purports to seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protective doctrine.

Subject to and without waiving any of its objections, BAT will not answer this Interrogatory.

**INTERROGATORY 15:**

Describe the knowledge BAT had about the Kalamazoo River Superfund Site at the time it entered into the CSA, including knowledge about the contamination of the site, the efforts to investigate and clean up the site, and the entities or types of entities that were liable or potentially liable for response costs at the site.

**RESPONSE:**

BAT objects to this Interrogatory because it violates Local Rule 33.3. Specifically, this Interrogatory violates Local Rule 33.3(a) as it is untimely and addresses subject matter beyond what is allowed by Local Rule 33.3(a); violates Local Rule 33.3(b) as the information sought is more practically available through depositions and/or requests for production; and/or violates Local Rule 33.3(c) as it is a premature contention interrogatory, which may not be served until "the conclusion of other discovery." Local Rule 33.3. BAT further objects to this Interrogatory as unduly burdensome.

Subject to and without waiving any of its objections, BAT will not answer this Interrogatory.

**INTERROGATORY 16:**

Describe the knowledge BAT had, at the time it entered into the CSA, about litigation relating to contamination of the Kalamazoo River, including the allegations, arguments, and discovery therein.

**RESPONSE:**

BAT objects to this Interrogatory because it violates Local Rule 33.3. Specifically, this Interrogatory violates Local Rule 33.3(a) as it is untimely and addresses subject matter beyond what is allowed by Local Rule 33.3(a); violates Local Rule 33.3(b) as the information sought is more practically available through depositions and/or requests for production; and/or violates Local Rule 33.3(c) as it is a premature contention interrogatory, which may not be served until "the conclusion of other discovery." Local Rule 33.3. BAT further objects to this Interrogatory as unduly burdensome.

Subject to and without waiving any of its objections, BAT will not answer this Interrogatory.

**INTERROGATORY 17:**

Describe with specificity any omissions BAT alleges NCR made regarding the likelihood of liability at the Kalamazoo River, including the specific facts BAT alleges NCR should have disclosed to BAT.

**RESPONSE:**

BAT objects to this Interrogatory because it violates Local Rule 33.3. Specifically, this Interrogatory violates Local Rule 33.3(a) as it is untimely and addresses subject matter

beyond what is allowed by Local Rule 33.3(a); violates Local Rule 33.3(b) as the information sought is more practically available through depositions and/or requests for production; and/or violates Local Rule 33.3(c) as it is a premature contention interrogatory, which may not be served until "the conclusion of other discovery." Local Rule 33.3. BAT further objects to this Interrogatory as unduly burdensome.

Subject to and without waiving any of its objections, BAT will not answer this Interrogatory.

**INTERROGATORY 18:**

Describe with specificity any misrepresentations BAT alleges NCR made regarding the likelihood of liability at the Kalamazoo River.

**RESPONSE:**

BAT objects to this Interrogatory because it violates Local Rule 33.3. Specifically, this Interrogatory violates Local Rule 33.3(a) as it is untimely and addresses subject matter beyond what is allowed by Local Rule 33.3(a); violates Local Rule 33.3(b) as the information sought is more practically available through depositions and/or requests for production; and/or violates Local Rule 33.3(c) as it is a premature contention interrogatory, which may not be served until "the conclusion of other discovery." Local Rule 33.3. BAT further objects to this Interrogatory as unduly burdensome.

Subject to and without waiving any of its objections, BAT will not answer this Interrogatory.

**INTERROGATORY 19:**

Identify all evidence BAT contends exists that NCR knew that BAT lacked knowledge, before entering into the CSA, about the likelihood of liability at the Kalamazoo River.

**RESPONSE:**

BAT objects to this Interrogatory because it violates Local Rule 33.3. Specifically, this Interrogatory violates Local Rule 33.3(a) as it is untimely and addresses subject matter beyond what is allowed by Local Rule 33.3(a); violates Local Rule 33.3(b) as the information sought is more practically available through depositions and/or requests for production; and/or violates Local Rule 33.3(c) as it is a premature contention interrogatory, which may not be served until "the conclusion of other discovery." Local Rule 33.3. BAT further objects to this Interrogatory as unduly burdensome.

Subject to and without waiving any of its objections, BAT will not answer this Interrogatory.

**INTERROGATORY 20:**

Identify each of the facts You contend to have created a duty on NCR in 1998-1999 to disclose to BAT that there was an alleged likelihood of liability at the Kalamazoo River and state with specificity what NCR allegedly had a duty to tell BAT, who should have made such disclosure, and when.

**RESPONSE:**

BAT objects to this Interrogatory because it violates Local Rule 33.3. Specifically, this Interrogatory violates Local Rule 33.3(a) as it is untimely and addresses subject matter beyond what is allowed by Local Rule 33.3(a); violates Local Rule 33.3(b) as the information sought is more practically available through depositions and/or requests for

production; and/or violates Local Rule 33.3(c) as it is a premature contention interrogatory, which may not be served until "the conclusion of other discovery." Local Rule 33.3. BAT further objects to this Interrogatory as unduly burdensome.

Subject to and without waiving any of its objections, BAT will not answer this Interrogatory.

**INTERROGATORY 21:**

Describe in detail the basis for Your denial of any of NCR's Requests for Admission.

**RESPONSE:**

BAT objects to this Interrogatory because it violates Local Rule 33.3. Specifically, this Interrogatory violates Local Rule 33.3(a) as it is untimely and addresses subject matter beyond what is allowed by Local Rule 33.3(a); violates Local Rule 33.3(b) as the information sought is more practically available through depositions and/or requests for production; and/or violates Local Rule 33.3(c) as it is a premature contention interrogatory, which may not be served until "the conclusion of other discovery." Local Rule 33.3. BAT further objects to this Interrogatory as unduly burdensome.

Subject to and without waiving any of its objections, BAT will not answer this Interrogatory.

**HOGAN LOVELLS US LLP**

Dated: July 18, 2025
New York, NY

Respectfully Submitted,

By: /s/ Dennis H. Tracey, III
Dennis H. Tracey, III
David R. Michaeli
Nathaniel Benfield
Benjamin Diamond
HOGAN LOVELLS US LLP

390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
dennis.tracey@hoganlovells.com
david.michaeli@hoganlovells.com
nathaniel.benfield@hoganlovells.com
benjamind.diamond@hoganlovells.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NCR CORPORATION,

Plaintiff,

-against-

B.A.T. INDUSTRIES p.l.c.

Defendant.

Case No.: 1:23-cv-1172-JPC

**VERIFICATION**

I, Joanna Brown, am Head of Commercial Litigation and External Investigations for BATLaw Ltd. and have been authorized to act on behalf of BAT Industries p.l.c. ("BAT") in the above captioned case. I have reviewed the foregoing Objections and Responses of BAT to NCR's Second Set of Interrogatories and am familiar with the contents. The matters stated in response to the Interrogatories are true to the best of my knowledge. BAT's answers to these Interrogatories are subject to inadvertent or undiscovered errors and are based on the information and documents now available and specifically known to BAT following a reasonable and diligent investigation. BAT reserves the right to make changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available. Subject to these limitations, and to the extent objections were not lodged, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I have signed the same for and on behalf of BAT with the full authority to so act.

Signed this 18th day of July, 2024 in London, England.

Joanna Brown

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NCR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>B.A.T INDUSTRIES p.l.c.,<br><br>Defendant. | No.: 1:23-cv-1172-JPC-SDA |

**DEFENDANT B.A.T INDUSTRIES P.L.C.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF NCR VOYIX CORPORATION'S SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules of the United States District Courts for the Southern District of New York (the "Local Rules"), the Court's Individual Rules of Practice in Civil Cases, and the Civil Case Management (Dkt. No. 47), Defendant B.A.T Industries p.l.c. ("BAT"), by and through its undersigned counsel, hereby objects and responds to Plaintiff NCR Voyix Corporation's ("NCR") Second Set of Interrogatories (the "Interrogatories," and each, an "Interrogatory") as set forth below.

## GENERAL OBJECTIONS

BAT incorporates the following General Objections into each response contained herein, and into each and every amendment, supplement, or modification to these responses. Any undertaking to search for, or provide information or documents in response to, any item of the Interrogatories remains subject to the General Objections.

1. BAT objects to the Interrogatories to the extent that they seek to impose obligations on BAT beyond those required by the Federal Rules of Civil Procedure, SDNY Local Rules, or any other applicable rules, protocols, or orders issued in this litigation.

2. BAT objects to the Interrogatories to the extent that they seek to impose an obligation to respond on behalf of any entity other than BAT. To the extent BAT provides responses, including any amended or supplemental responses, such responses are made on behalf of BAT, shall relate to BAT, and shall not be construed as applicable to any other party, entity, or person unless otherwise stated. BAT will respond to the Interrogatories based only on information known to it, and which is in its own possession, custody, or control, as required by the Federal Rules of Civil Procedure.

3. BAT objects to the Interrogatories to the extent that they are predicated on incorrect assertions of fact.

4. BAT objects to the Interrogatories to the extent they seek information that is confidential or proprietary, and to the extent such information is deemed to be a trade secret or is considered competitively-sensitive business information. BAT objects to the Interrogatories to the extent they seek information in violation of individual privacy rights.

5. BAT objects to the Interrogatories to the extent that they seek discovery of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Any disclosure of privileged or otherwise protected information is inadvertent and will not constitute a waiver of any claim of privilege or other protection. BAT reserves the right to obtain the return of inadvertently disclosed information and to prohibit its use in any manner.

6. BAT objects to the Interrogatories to the extent that they seek information which, if disclosed, would violate foreign, federal, or state disclosure laws and regulations, including but not limited to Part 31 of the Civil Procedure Rules applicable in the United Kingdom.

7. BAT objects to the Interrogatories to the extent that they seek information subject to confidentiality or non-disclosure agreements. BAT reserves the right to meet any applicable notification obligations prior to disclosing such information.

8. BAT objects to the Interrogatories to the extent that they seek information that is not within the possession, custody, or control of BAT, is equally available to NCR, or can be obtained from public, third party, or other more convenient, less burdensome sources.

9. BAT objects to the Interrogatories to the extent that they are vague or ambiguous and/or fail to describe the information requested with reasonable particularity such that BAT is unable to identify the information requested by NCR. BAT will construe the words used in the Interrogatories according to their plain and ordinary meaning and consistent with normal English usage.

10. BAT objects to the Interrogatories to the extent that they seek information that is not proportional or relevant to the claim or defense of any party, including to the extent that the Interrogatories seek discovery that (i) is unreasonable, considering the needs of the case, the amount in controversy, the complexity of the case, the parties' resources and relative access to the relevant information, the importance of the issues, and the importance of the discovery in resolving the issues; (ii) imposes burden or expenses that does not outweigh the likely benefits of the proposed discovery; (iii) is inconsistent with the overall case management and will not further the just, speedy, and inexpensive determination of the case; (iv) is unreasonably cumulative or

duplicative; or (v) can be obtained from another source that is more convenient, less burdensome, or less expensive. See Fed. R. Civ. P. 26(b)(1)-(2).

11. BAT's Responses are made without in any way waiving or intending to waive: (a) any objections as to the competency, relevancy, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided; (b) the right to object on any ground to the information disclosed at any hearing or trial; (c) the right to object on any ground at any time to a demand for further responses to the Interrogatories; or (d) the right to supplement these Responses at any time.

12. BAT's Responses reflect its present knowledge, information, and belief based on a reasonable investigation to date. The Responses may be subject to change or modification based on further discovery or facts or circumstances that may come to its knowledge.

13. To the extent any Interrogatory inquires as to "any," "all," "each," or "every" fact, communication, document, person, event, or thing, it is objected to as being overbroad, unduly burdensome, and not proportional to the needs of the case. BAT cannot guarantee that it has located every single fact, communication, document, person, event, or thing responsive to a particular Interrogatory. BAT will identify or provide responsive, non-privileged information, facts, documents, or things that can be located after a reasonably diligent search.

14. BAT objects to these Interrogatories to the extent the information requested is not maintained in the ordinary course of business, and to the extent the Interrogatories seek information to be produced in a manner and format not maintained in the ordinary course of business.

15. BAT objects to these Interrogatories to the extent they seek premature expert discovery or disclosure of expert opinions and go beyond the scope of permissible expert discovery

under the applicable discovery rules. BAT will provide expert discovery and disclosures on the dates set by the Court in compliance with the applicable discovery rules, but assumes no further obligation responding to these Interrogatories.

**OBJECTIONS TO DEFINITIONS**

1. BAT objects to the Definitions and Instructions and any directions, definitions, or instructions contained in the Interrogatories to the extent they seek to impose obligations on BAT beyond those required by the Federal Rules of Civil Procedure, the Local Rules, the Court's Individual Rules of Practice in Civil Cases, and the Civil Case Management Plan.

2. BAT objects to the definition of "BAT," "You," and "Yours," to the extent that they seek to impose an obligation to respond on behalf of any entity other than Defendant.

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY 6:**

Describe in detail the basis for, and identify all documents supporting, Your affirmative defense that NCR breached the CSA.

**RESPONSE:**

BAT maintains all previous objections made in response to this Interrogatory. Subject to and without waiving any of its objections, BAT answers as follows.

BAT's affirmative defense of breach relates to Clause 11 of the CSA, and concerns NCR's failure to share with BAT documents, factual material, mental impressions, memoranda, interview reports, and other information in any form, whether written, oral, computerized or otherwise relating to Future Sites, as required by Clause 11. BAT contends that NCR did not take sufficient and appropriate steps to work together with BAT in the manner required by Clause 11.

By way of example, and without purporting to limit the extent of the alleged breach, NCR:

1. Failed to provide BAT with a full and frank explanation regarding the extent of its risk of being found liable in respect of the Kalamazoo River and of the relevant underlying facts going to that issue, in particular regarding the question of whether broke was in fact sold to recyclers on the Kalamazoo River, at all relevant points in time.
2. Failed to properly conduct its litigation strategy and/or failed to pursue an appropriate and timely settlement strategy so as to minimize its ultimate liability in respect of the Kalamazoo River.

**INTERROGATORY 7:**

Describe in detail the basis for, and identify all documents supporting, Your affirmative defense that NCR failed to mitigate damages.

**RESPONSE:**

BAT maintains all previous objections made in response to this Interrogatory. Subject to and without waiving any of its objections, BAT answers as follows.

BAT contends that:

1. NCR failed to properly conduct its litigation strategy and/or failed to pursue an appropriate and timely settlement strategy so as to minimize its ultimate liability in respect of the Kalamazoo River.
2. NCR concealed its own wrongdoing in connection with the Fox and Kalamazoo rivers from the public, the government, the courts, and other Potentially

Responsible Parties, thereby increasing, as opposed to mitigating, its liability exposure.

**INTERROGATORY 8:**

Describe in detail the basis for, and identify all documents supporting, Your affirmative defense that NCR's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches, including which of those three doctrines You intend to maintain as an affirmative defense.

**RESPONSE:**

BAT maintains all previous objections made in response to this Interrogatory. Subject to and without waiving any of its objections, BAT answers as follows.

BAT relies on laches, and the basis for its allegation is that NCR failed to pursue its alleged rights against BAT with respect to Kalamazoo until 2023, long after NCR was aware that there would be liability.

**HOGAN LOVELLS US LLP**

Dated: October 9, 2025
New York, NY

Respectfully Submitted,

By: /s/ Dennis H. Tracey, III
Dennis H. Tracey, III
David R. Michaeli
Nathaniel Benfield
Benjamin Diamond
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
dennis.tracey@hoganlovells.com
david.michaeli@hoganlovells.com
nathaniel.benfield@hoganlovells.com
benjamind.diamond@hoganlovells.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NCR CORPORATION,

Plaintiff,

-against-

B.A.T. INDUSTRIES p.l.c.

Defendant.

Case No.: 1:23-cv-1172-JPC

**VERIFICATION**

I, Joanna Brown, am Head of Commercial Litigation and External Investigations for BATLaw Ltd. and have been authorized to act on behalf of BAT Industries p.l.c. ("BAT") in the above captioned case. I have reviewed the foregoing Supplemental Objections and Responses of BAT to NCR's Second Set of Interrogatories and am familiar with the contents. The matters stated in response to the Interrogatories are true to the best of my knowledge. BAT's answers to these Interrogatories are subject to inadvertent or undiscovered errors and are based on the information and documents now available and specifically known to BAT following a reasonable and diligent investigation. BAT reserves the right to make changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available. Subject to these limitations, and to the extent objections were not lodged, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I have signed the same for and on behalf of BAT with the full authority to so act.

Signed this 9th day of October, 2025 in London, England.

Joanna Brown