# Exhibit F

SIDLEY

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

+1 212 839 5760
ZPAYNE@SIDLEY.COM

February 10, 2026

**By Email**
Dennis H. Tracey, III
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
dennis.tracey@hoganlovells.com

Re: *NCR Corporation v. BAT Industries p.l.c.*, 23-cv-1172-JPC-SDA (S.D.N.Y.)

Counsel:

We write in response to your February 9, 2026 email regarding interrogatory responses.

BAT's suggestion that NCR's interrogatories exceed the Rule 33 limit because they are "compound" raises an issue the parties first discussed in late 2024 and moved past. In BAT's December 24, 2024 deficiency letter, BAT relied on *Carpenter v. Donegan*, 2012 WL 893472 (N.D.N.Y. Mar. 15, 2012), for the proposition that an interrogatory does not become multiple interrogatories simply because it includes multiple factual components or topics, and that the relevant question is whether the interrogatory can be answered fully and completely without answering an independent question. NCR responded on January 9, 2025, applying *Carpenter* and explaining why NCR's interrogatories should be treated as single interrogatories under that standard. BAT did not pursue the issue further.

Against that backdrop, it is difficult to understand why BAT is now reviving the compound interrogatory argument at the very end of fact discovery. Nothing has changed. NCR's interrogatories seek single, coherent narrative responses directed to discrete contentions or factual subjects and are not compound under Rule 33 or *Carpenter*. And even if one were to apply the more granular counting approach BAT now suggests, that approach would result in many of BAT's own interrogatories being counted as multiple interrogatories, placing BAT well beyond the 25-interrogatory limit.

With the close of fact discovery coming next week, the most efficient and constructive approach is for both parties to respond to the interrogatories as posed and focus their efforts on completing fact discovery. Parsing interrogatories at this stage over whether they are "compound" or not, when the issue has been long-dormant, will prolong discovery without meaningful benefit to either side. NCR is prepared to proceed on that basis and expects BAT to do the same. If BAT does not intend to answer each of NCR's interrogatories, we request BAT's availability to meet and confer on Thursday or Friday of this week.

SIDLEY



We also wanted to address BAT's request to defer responses to NCR's contention interrogatories until one week after the close of all depositions. BAT also has not identified any specific information it still needs, any particular deposition it must take, or any witness whose testimony is required before it can articulate the factual bases for its claims and defenses. Instead, BAT has stated only that it is "still exploring" its theories. Nor has BAT identified any legal authority in support of the proposition that *every* deposition must be completed before a party identifies the factual bases for its theories.

This is not sufficient at this stage of the case. Nearly a year and a half of discovery has passed, fact discovery is coming to a close, and the parties are in the midst of depositions. Deferring responses until after all depositions would substantially diminish the utility of the interrogatories and undermine their purpose. BAT has asserted claims and defenses throughout pleadings, motion practice, and discovery, and those positions must rest on some factual support. If that support exists, it should be identified now; if it does not, BAT should say so. BAT, of course, can and should supplement its responses if later depositions cause changes in BAT's answers.

Sincerely,

*/s/* Zachary Payne

Zachary Payne