# Exhibit G

Hogan Lovells

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

February 25, 2026

**By Electronic Mail**

Zachary Payne
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
zpayne@sidley.com

**Re: NCR Corporation v. B.A.T Industries p.l.c., 23-cv-1172-JPC-SDA (S.D.N.Y.)**

Zack:

We write in response to your letter dated January 28, 2026 ("Your Letter").

**<u>NCR's Objections to BAT's 30(b)(6) Notice</u>**

***Topics 1–16***

Topics 1-16 include, among other things: NCR's knowledge of the toxicity and environmental risks of CCP, PCBs, and Aroclor 1242; NCR's production of CCP; NCR's efforts to replace Aroclor 1242; NCR's efforts to avoid CCP being linked with PCBs; NCR's recycling of broke during the production period, including efforts to dispose of broke other than by selling it to recyclers; and NCR's communications with regulators, recyclers, and others about the risks associated with CCP and PCBs.

In an email dated January 23, 2026 (the "January 23 Email"), BAT clarified that it sought NCR's knowledge of these Topics during the periods 1954-1971 and 1994-1999. Your Letter indicated that NCR refuses to designate a witness on these Topics on relevancy and burden grounds. BAT maintains its position in respect of Topics 1-16 and responds to Your Letter below.

We do not agree with the first substantive paragraph of Your Letter for two reasons. First, you state that Topics 1-16 are "*irrelevant to any claim or counterclaim in this case",* seemingly without regard for BAT's seventh affirmative defense of public policy. Topics 1-16 are all relevant to this defense. Second, we do not accept your baseless assertion that NCR's historical knowledge is not probative of what NCR representatives knew or believed at the time of the CSA. To the contrary, the documents and depositions suggest that the representatives negotiating the CSA were actively considering the significance of documents dated during the period 1954-1971.

The second substantive paragraph of Your Letter misstates the point that we have made. It is not that historical materials are not relevant to the proceedings at all, but rather, as stated, that such materials are "*unlikely to shed any light* ***<u>on the negotiations which took place in relation to the CSA in 1998</u>***" (our emphasis). Such negotiations are not the only issue in dispute between the parties.

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Beijing Berlin Birmingham Boston Brussels Colorado Springs Denver Dubai Dublin Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston Johannesburg London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Riyadh Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Sydney Tokyo Warsaw Washington, D.C. Associated Offices: Budapest Jakarta Shanghai FTZ. Business Service Centers: Johannesburg Louisville. For more information see www.hoganlovells.com

In response to the third substantive paragraph of Your Letter, we restate the first point made above in relation to the first substantive paragraph of Your Letter. Your characterization of Topics 1-16 as a "*belated attempt to fish for some cognizable claim"* are unfounded and rejected.

We disagree with the fourth and fifth paragraphs of Your Letter, which address the burden and proportionality of preparing a witness on Topics 1-16. You refer to the fact that such topics "*evolved*" in litigation after the CSA was signed. NCR was a party to such litigation and many of the issues in Topics 1-16 were central to those cases, which ran to final hearings and judgment. It would therefore seem straightforward for NCR to "*synthesize*" the information relating to Topics 1-16, and it would be surprising if NCR has not already done so.

Further, these paragraphs refer in general terms to an "*amorphous body*" of information, and "*thousands of documents*", without any actual attempt to assess burden and proportionality. While it is a matter for NCR how it intends to prepare its witness, BAT is not requesting that NCR undertake a disproportionate exercise. We do not accept that it would require a witness to review this volume of material and we reject this position. Nor do we accept your suggestion that this is "*BAT's third attempt to shift the burden to NCR"*, because your references to the previous discovery are both mischaracterized and irrelevant to the issue now at hand.

Finally, consistent with BAT's position on Topics 1-16, NCR's testimony on Topics 17, 18, and 22 should include NCR's knowledge of such Topics during the production period, in addition to NCR's knowledge of such Topics during the period 1994-1999.

***Topics 26 and 28***

Based on the representations made in Your Letter and during the meet and confer on January 21, 2026, BAT believes the parties are in agreement with respect to Topics 26 and 28.

**<u>BAT's objections to NCR's 30(b)(6) notice</u>**

We expect to respond on this aspect of Your Letter in the coming days.

Regards,

Dennis H. Tracey III
Partner

cc: David R. Michaeli
Nathaniel H. Benfield
John J. Kuster
Bruce R. Braun
Charles K. Schafer