# Exhibit H

SIDLEY

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

+1 212 839 5760
ZPAYNE@SIDLEY.COM

February 27, 2026

**By Email**
Dennis H. Tracey, III
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
dennis.tracey@hoganlovells.com

Re: *NCR Corporation v. BAT Industries p.l.c.*, 23-cv-1172-JPC-SDA (S.D.N.Y.)

Counsel:

We write in response to your February 25, 2026 letter concerning Topics 1–16, 17, 18, and 22 of BAT's Rule 30(b)(6) notice. BAT's attempt to resuscitate Topics 1–16 comes too late to be taken seriously. Fact discovery is closed, NCR's 30(b)(6) witnesses have testified, and BAT has failed to engage on this matter for nearly a month.

BAT served its 30(b)(6) topics on January 16, 2026. NCR first objected to Topics 1–16 on January 21 on grounds of their irrelevance to any claim or counterclaim, overbreadth, and a lack of proportionality to the needs of the case. During a meet-and-confer on January 21 and in email correspondence on January 23, BAT maintained its position and refused to narrow Topics 1–16. NCR reiterated in a letter dated January 28 the irrelevance of and impermissible burden imposed by these topics and said it would not designate a witness on them.

For 28 days, BAT did nothing. On February 9, 2026, NCR informed BAT of its witness designations by topic. Consistent with its objections, NCR did not designate any witness for Topics 1–16. BAT did not object. The parties met and conferred again on February 17 regarding other discovery issues; BAT again did not mention NCR's objections to Topics 1–16 and its refusal to designate a witness on those topics. Depositions proceeded, including those of NCR's 30(b)(6) witnesses. Only this week, did BAT assert that it still wants testimony on those topics.

NCR's position is unchanged. Even if BAT's attempt to resuscitate Topics 1–16 were not fatally late (and it is by any measure), each such topic remains improper for all of the reasons previously articulated in writing and in the parties' meet-and-confer on these issues. Preparing a witness on the Topics would require reconstructing decades of alleged corporate "knowledge" spanning 1954–1971 and beyond, synthesizing thousands of documents from prior litigations, and educating a witness on scientific, regulatory, and operational matters (and alleged knowledge thereof) that evolved over almost two decades of investigation and litigation. Your letter does not meaningfully address the burden imposed by these topics, except to assert, incorrectly, that "BAT is not requesting that NCR undertake a disproportionate exercise," without further explanation.

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

SIDLEY



Your February 25 letter also appears to concede that Topics 1–16 are not relevant to BAT's counterclaims (despite BAT's statement in a February 23 email that these topics were "central to the counterclaims"). BAT now asserts that all sixteen topics (more than half of the total topics it served) are relevant to a single affirmative defense. The notion that sixteen sweeping topics are necessary to litigate one defense strains credulity and any notion of proportionality to the needs of the case. At a minimum, BAT could have attempted to narrow those topics or make them workable for a witness. It did not do so. And by remaining silent for four weeks, after NCR's January 28 letter, after NCR's February 9 designations, after the February 17 meet-and-confer and countless other conversations among counsel, and after the close of discovery on February 19, BAT waived any opportunity to seek such narrowing.

For these reasons, NCR will not designate a Rule 30(b)(6) witness on Topics 1–16.

NCR also stands on its objections to BAT's attempt to expand Topics 17, 18, and 22 beyond the Relevant Period. As set forth in our prior correspondence, those topics are properly limited to what was known during 1998–1999 in connection with the CSA. NCR will not reopen negotiations regarding the scope of those topics.

Sincerely,

*<u>/s/ Zachary Payne</u>*
Zachary Payne