# Exhibit I

Hogan Lovells

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

March 6, 2026

**By Electronic Mail**

Zachary Payne
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
zpayne@sidley.com

**Re: NCR Corporation v. B.A.T Industries p.l.c., 23-cv-1172-JPC-SDA (S.D.N.Y.)**

Zack:

We write in response to your letter dated February 27, 2026 ("Your Letter") responding to BAT's February 25 letter concerning Topics 1 – 16, 17, 18, and 22 of BAT's Rule 30(b)(6) notice.

**Topics 1 – 16 of BAT's Rule 30(b)(6) Notice**

BAT refutes the suggestion that BAT is attempting to "*resuscitate Topics 1 – 16.*" BAT has always maintained that NCR is obligated to nominate a witness to testify regarding these Topics.

We stated BAT's position in the meet and confer on January 21, 2026 and again in email correspondence on January 23, 2026. BAT's position has not changed since then, and was further clarified in our letter of February 25, 2026. In those communications, it was repeatedly stated that BAT seeks testimony for Topics 1-16 over two distinct time periods, 1954-1971 and 1994-1999.

The reasons for relevance were outlined in our February 25 letter. You now appear to recognize and accept the relevance of Topics 1-16 to our public policy defense, which is an entire defense to the claim you advance. On that basis alone, your objection to Topics 1-16 on relevance grounds is baseless.

Further, and for the avoidance of doubt, we do not accept that Topics 1-16 are not relevant to BAT's counterclaims, principally because NCR and its representatives were, in the lead-up to the CSA, actively considering what was known by NCR during the 1954-1971 period. We reject the suggestion in Your Letter that BAT has conceded this point.

Additionally, NCR's own 30(b)(6) notice asks BAT to designate a witness to testify to a number of these points.

With these substantive concerns of relevance now addressed, we respond to your assertions that BAT's Topics 1-16 and its February 25 letter are (a) too late, (b) too burdensome, and/or (c) disproportionate. None of these assertions is correct, for the reasons which follow.

*(a) Lateness*

First, in practical terms and despite the February 19 deadline, fact discovery is not finished. As NCR is aware, there are several depositions that still need to be taken, including the completion of

the deposition of NCR's designated 30(b)(6) witness. NCR agreed to schedule depositions after the deadline and cannot now refuse to engage on issues relevant to such depositions merely because the original discovery deadline has passed.

Moreover, document discovery has been continuing until very recently. In particular, BAT only recently received NCR's last-minute production of roughly 17,000 pages of documents on the final two days of the discovery period (February 18 and 19). Those productions were not the result of late document requests by BAT. Rather, the productions were made because BAT identified substantive gaps in NCR's original discovery and requested that NCR fix those gaps and produce documents that it should have produced months before. NCR cannot accuse BAT of delay in circumstances where NCR has itself failed to timely complete its document discovery and belatedly provided key documents to BAT, all of which have required review in the past two weeks.

Further, Your Letter refers to the February 9 designations, a February 17 meet-and-confer on entirely separate topics, and the "*countless other conversations among counsel"* to suggest that BAT has waived its right to seek testimony on Topics 1-16. This is obviously incorrect. NCR was at all times fully aware of BAT's position on Topics 1-16, and BAT was not obligated to reiterate its position every time counsel spoke to one another. We note that since receiving NCR's January 28 Letter, counsel for BAT have also prepared for, traveled to, and taken no fewer than seven depositions. We have also spent considerable time reviewing the substance of NCR's late productions referenced above.

For these reasons, BAT's response was not late.

***(b) Burden***

Your Letter, and previous correspondence regarding this issue, have failed to explain why NCR believes Topics 1-16 would impose an "*impermissible burden*" on either Sidley or NCR. If NCR continues to hold this view, it must articulate such burden in sufficient detail to enable BAT to evaluate such claim. *See Sokol v. Wyeth, Inc.*, No. 07 Civ. 8442, 2008 WL 3166662, at *3 (S.D.N.Y. Aug. 4, 2008) (explaining that the party resisting discovery "must show how, 'despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant, or how each request is overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence revealing the nature of the burden' ") (citations omitted).

NCR has not articulated such burden because it does not exist. To the contrary, the documents related to the 1954-1971 period have been the subject of litigation over a number of years, and NCR has surely synthesized such materials during the lifespan of those cases as NCR's knowledge on such points was directly relevant to the issues in dispute. For the avoidance of doubt, BAT will agree that NCR limit its preparation of the witness on Topics 1-16 to the documents referenced in the judgments of Griesbach in December 2009, Jonker in September 2013, and Jonker in March 2018, as well as documents in the post-trial briefs in the March 2018 Jonker decision, to the extent that such documents are relevant to Topics 1-16.

***(c) Proportionality***

Topics 1-16 are relevant to numerous aspects of BAT's claims and defenses in these proceedings. However, even if such Topics were only relevant to BAT's public policy defense, such relevance would still entitle BAT to explore these Topics with NCR's witness. As noted above, BAT's public policy defense is a full defense to NCR's claim, which relates to an environmental liability (the

Kalamazoo River clean-up) that could exceed one billion dollars. Your claims of disproportionality are therefore entirely unfounded.

Please confirm your availability for a meet and confer on Monday or Tuesday of next week (March 9 or 10) to discuss the points of disagreement outlined in this letter.

**Topics 17, 18 and 22 of BAT's Rule 30(b)(6) notice**

For all of the same reasons as above, BAT maintains its position that NCR must designate a witness for Topics 17, 18, and 22 for the time periods 1954-1971 and 1994-1999. All such topics are relevant to the proceedings and would not require a disproportionate exercise to be undertaken by NCR.

**Continuation of 30(b)(6) Deposition of J. Andrew Schlickman**

At the conclusion of the deposition of Mr. J. Andrew Schlickman on February 27, 2026, it was suggested by Mr. Schafer that the parties *"had an e-mail agreement as to having Mr. Schlickman here for – for two days with a specific time limit and nothing beyond that."* At that time, I refuted this suggestion, explaining that *"we never agreed that I would limit my time by shortening the days. I accommodated the witness wanting shorter days: we scheduled two of them. I never said that I would be done on short days, just to be clear."* [1]

On February 10, 2026, Mr. Schafer wrote to Hogan Lovells about scheduling two days for Mr. Schlickman's personal and representative depositions due to "*stamina concerns…with going a full day."* There was no suggestion in this correspondence that NCR was seeking to curtail BAT's right under FRCP 30(d)(1) to a full examination of Mr. Schlickman, in both capacities, for 7 hours each.[2] We confirm that in response to this email BAT agreed to shorter days for Mr. Schlickman due to his stamina concerns. BAT did not, however, agree to reduce the overall time allocated to deposing Mr. Schlickman in his capacity as a personal witness or 30(b)(6) witness. As it turned out, the parties were only able to complete Mr. Schlickman's personal deposition and, at most, 1.5 hours of his representative deposition.

BAT therefore intends to continue its deposition of Mr. Schlickman as a 30(6)(b) witness on the Topics nominated. For the sake of convenience, this examination could also include Topics 1-16, if Mr. Schlickman is so designated. Please therefore provide us with Mr. Schlickman's available dates so that the balance of his 30(b)(6) deposition can be scheduled without further delay.

Regards,

Dennis H. Tracey III
Partner

1 We refer to the unofficial draft transcript of the deposition of J. Andrew Schlickman dated February 27, 2026, pages 197 – 198.
2 As the Advisory Committee Notes to FRCP 30 make clear, "for purposes of [the] durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition."

cc: David R. Michaeli
Nathaniel H. Benfield
John J. Kuster
Bruce R. Braun
Charles K. Schafer