# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NCR CORPORATION, : Docket #23-cv-01172

Plaintiff, :

-against- :

B.A.T Industries P.L.C, : New York, New York
October 30, 2024

Defendant.

--------------------------------:

PROCEEDINGS BEFORE
THE HONORABLE STEWART D. AARON
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff: SIDLEY AUSTIN, LLP
BY: CHARLES K. SCHAFER, ESQ.
ZACHARY PAYNE, ESQ.
787 Seventh Avenue
New York, New York 10019

For Defendant: HOGAN LOVELLS US, LLP
BY: DENNIS H. TRACEY, III, ESQ.
DAVID MICHAELI, ESQ.
PETER BAUTZ, ESQ.
390 Madison Avenue
New York, New York 10017

Transcription Service: Marissa Lewandowski
Phone: (631) 813-9335
E-mail:marissamignano@gmail.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service

# INDEX

## E X A M I N A T I O N S

| Witness | Direct | Cross | Re-Direct | Re-Cross |
|---|---|---|---|---|
| None | | | | |

## E X H I B I T S

| Exhibit Number | Description | ID | In | Voir Dire |
|---|---|---|---|---|
| None | | | | |

THE COURT: This is Judge Aaron. This is the matter NCR Corporation against B.A.T. Industries, P.L.C., 23-cv-1172. This line is being recorded.

I'd like to have the parties identify themselves, please, for the record, starting with counsel for the plaintiff.

MR. SCHAFER: Good morning. On behalf of NCR Voyix Corporation, you have Chad Schafer and Zach Payne from Sidley Austin.

MR. TRACEY: And good morning, Your Honor. For the defendant and counterclaimant, B.A.T. Industries. You have Dennis Tracey, David Michaeli and Peter Bautz from Hogan Lovells.

THE COURT: Good morning. I received to the ECF docket the letter filed at ECF 44, which concerns the discovery and trial schedule, as well as expert discovery. I've also received and reviewed ECF 44-1, which is the proposed case management plan.

Just a question, B.A.T., I know your deadline to request a jury under Rule 38(b) doesn't expire until Friday, but have you yet determined whether you intend on demanding a jury?

MR. TRACEY: Yes, Your Honor. B.A.T. will be requesting a jury, and we'll be filing the jury demand probably later today.

THE COURT: Okay. So we will indicate in place of where it says you're determining B.A.T. intends to request a jury on its counterclaims.

All right. So I have obviously reviewed what's set forth in the letter. I am going to set a schedule that I'll articulate in a moment, and obviously it will be set forth in the case management plan that's filed to the ECF docket. But I wanted to share some observations with the parties that hopefully will guide them as the case proceeds.

I am not yet definitively deciding the issue of the scope of document production, but I wanted to give the parties a sense of how I'm leaning, for lack of a better term. How I'm leaning is to go with the scope that's been proposed by B.A.T. with an asterisk or with a caveat. And what I mean by that is I believe that based upon what I've reviewed so far, and again, I'm not making it a decision, as it hasn't been fully briefed, that the documents dating back in time are relevant, but not as important, using the terminology in Rule 26, dealing with concepts of proportionality, not as

important as documents that are closer in time to the execution of the CSA.

So what the Court would envision is NCR producing, not having to do a fresh collection of older documents, but rather merely producing documents that have already been collected for other purposes, and what I mean by that is other litigation. Because I do believe that if NCR were forced or compelled to go back in time, as far as it appears that B.A.T. wants them to go and do a fresh collection that would, under concept of proportionality, not be proportional to the needs of the case.

But again, I am not -- I want to emphasize NCR certainly has the ability and certainly has capable lawyers to try to convince me that I'm wrong about that and that my leaning is wrong.

So this is not a ruling on the scope of discovery, but rather I wanted to give the party some sense of why it is I'm coming up with the deadlines I am.

What I've done is come up with the following deadlines. Obviously, I'm going to give everybody a chance to state whatever they want for the record after I'm finished with this. So fact

discovery is going to close on July 11, 2025, and that's also going to be the deadline for completion of depositions; interrogatories November 15, 2024; request for admissions July 11, 2025; request for production November 15, 2024; responses December 13, 2024.

Again, this will all be set forth in the case management plan, so you don't need to take copious notes.

We will issue a 502(d) order. The party should file the electronic discovery protocol by November 8th, as well as the protective order by November 8th.

I am including in the case management plan a deadline of -- let's see -- I think what I'm going to do with respect to settlement conference as opposed to putting a deadline in, I'm going to indicate that the parties should reach out to the Court. You can send an email to my chambers box with four proposed dates at such time, as both parties want to move forward with the discovery -- excuse me, with a settlement conference. I obviously don't want to have a conference if one side or the other isn't interested in proceeding with that. So I'm not going to set a deadline for

it. But I'm available whenever the parties want to schedule one. I'm available to hold it.

As you may be aware, magistrate judges in this court sit on criminal duty once every 12 weeks. When I'm not on criminal duty, I tend to schedule settlement conferences at 10:00 a.m. and 2:00 p.m. each day. And if you give me four available dates, I can set something up. And also the party should indicate whether you want to do it in person or remotely. I'm amenable to doing either based upon, you know, location of clients and schedules of clients and lawyers. I don't like to unduly inconvenience people if I don't need to. And I'm going to require a joint letter regarding the Status of discovery by January 3rd of 2025.

All right. So now is the chance for both sides to raise any issues they would like to raise or make any comments for the record that they'd like to make.

So I'm going to start with plaintiff's counsel, your turn.

MR. SCHAFER: Thank you, Your Honor. And I think that your -- I would say your leanings sound reasonable to me. I think one of the points I was going to make is that it sort of --

8

THE COURT: I'm shocked over that.

MR. SCHAFER: You know, I think it's tough, obviously, in a vacuum, and we were not going to attempt to do so to sort of bring issues prematurely in terms of individual discovery disputes. I think the -- you know, the suggestion and the relative burden of producing older documents that have already been collected and produced, which I think was something that B.A.T. seemed to suggest in this letter, you know, I think that is right. That is a much more limited burden and also takes far less time and effort and cost than a brand new production from documents dating back 70 years. So I think that seems reasonable to us in the first instance. And then once we get into more substantive discovery requests, if we have to bring individual issues to Your Honor, we will, but obviously we'll attempt to work out anything that we can in the first instance to work collaboratively with B.A.T.

THE COURT: All right. And B.A.T., what, if anything, would you like to say to the record or what else would you like to raise?

MR. TRACEY: Thank you, Your Honor. I mean, this may be the first and last time you hear this, but I agree with NCR that your leanings sound

very sound, and we think we can work in that framework and probably come to agreements on most discovery issues. So hopefully we won't have to bother you too much.

The only other issue we had was expert discovery. You didn't mention that, and I was just wondering if you've given that consideration.

THE COURT: Yes. So apologies, I am setting the deadline of December 12th of 2025. I noted that NCR didn't believe that any expert testimony was necessary, and B.A.T. is considering it. So I figured we'll have a date and the parties can obviously bring any disputes to me about that.

MR. TRACEY: Okay, thank you.

THE COURT: Yes, with respect to discovery disputes, obviously you've seen my individual rules. But just to spell out, because I'm not sure if I've had any of the lawyers on this call as part of cases before me.

So typically, three-page letters. If you need more pages, just write to me and I'll give you more pages. It's not intended to, you know, unduly limit folks. I mean, what's happened on occasion is if there's more than one discovery dispute, folks submit more than one letter of three pages. I'd

rather have an expanded number of pages than receive multiple letters on multiple issues. So I'm flexible on that. And then a response typically comes three days later. Again, if you need more time and you agree between yourselves to a different schedule, I'm happy to accommodate that.

Generally speaking, I then schedule a telephone conference -- if there's a reply, I then schedule a telephone conference and resolve, oftentimes resolve the dispute right on the conference. Other times we'll issue a written order shortly thereafter. But you can expect me to act very swiftly on these things because I never want to be the reason -- having been on your side for 33 years, I never want to be the reason for slowing down a case. So you can expect very swift rulings from me on discovery disputes. But I do encourage the parties to try to work things out. And it sounds like you folks are going to be cooperative, and obviously that's welcome news to me. All right.

MR. SCHAFER: So, Your Honor, if I could raise -- sorry to interject, this is Chad Schafer from NCR.

I'm just wondering on the expert discovery deadline, I think December 12th was the deadline

that B.A.T. had proposed that I believe at least was keyed off of their end of discovery being November. And I just wonder if -- not relitigating the need to have a deadline for expert discovery, but since Your Honor set a July deadline for the end of fact discovery, I'm wondering if we can move that expert discovery deadline up two months as well, to be the same three-month period, but not extend the overall deadline for discovery to December 12, but maybe do it sometime in October so that the period that B.A.T. had proposed for expert discovery is still the same with the starting point being Your Honor's earlier deadline for fact discovery.

THE COURT: That makes sense to me.

Is there any objection to that?

MR. TRACEY: No objection, Your Honor.

THE COURT: Yeah, so October 12th, we'll make sure that's a weekday, but that's what we'll set then.

MR. SCHAFER: Thank you, your Honor.

THE COURT: All right. Anything else?

MR. TRACEY: Not from B.A.T. Thank you.

MR. SCHAFER: Nothing from NCR.

THE COURT: All right. So I thank the parties for their time, and this matter is

adjourned.

C E R T I F I C A T E

I, Marissa Lewandowski, certify that the foregoing transcript of proceedings in the case of NCR CORPORATION v. B.A.T INDUSTRIES P.L.C., Docket #1:23-cv-01172-JPC-SDA, was prepared using digital transcription software and is a true and accurate record of the proceedings.

Signature *Marissa Lewandowski*____

Marissa Lewandowski

Date: November 21, 2024