# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NCR CORPORATION,

Plaintiff,

v.

B.A.T INDUSTRIES p.l.c.,

Defendant.

No.: 1:23-cv-1172-JPC-SDA

**PLAINTIFF NCR VOYIX CORPORATION'S RESPONSES AND OBJECTIONS TO DEFENDANT B.A.T INDUSTRIES p.l.c.'s FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiff NCR Voyix Corporation ("NCR") by and through its undersigned counsel, hereby provides the following responses and objections to the First Set of Requests for Production (the "Requests," each a "Request") by Defendant B.A.T Industries p.l.c. ("BAT").

**GENERAL OBJECTIONS**

NCR incorporates by reference each and every General Objection set forth below into each Specific Response and Objection herein. A Specific Response may repeat a General Objection for emphasis or some other reason. The omission of any General Objection in any Specific Response is not intended to and shall not be construed as a waiver of any General Objection.

1. NCR objects to the instruction that it produce documents from January 1, 1950 to present as unreasonably overbroad, unduly burdensome, not proportional to the needs of the case and in contravention of Judge Aaron's guidance on the scope of discovery. Except as otherwise stated, NCR will search for and produce responsive documents between January 1, 1994 and December 31, 1999 (the "Relevant Period").

2. NCR objects to the Requests to the extent that they seek the production of documents subject to any privilege, immunity, other doctrine against disclosure, or obligation of

confidentiality, including, without limitation, the attorney-client privilege, the attorney work product doctrine, and the common interest privilege.

3. NCR objects to the Requests to the extent they imply the existence of facts or circumstances that do not or did not exist, and to the extent that they state or assume legal conclusions. In responding, NCR does not admit the factual or legal premise of any Interrogatory.

4. NCR objects to the Requests to the extent that they seek the production of documents that are not within NCR's current possession, custody or control or cannot be located after a reasonably diligent search.

5. In providing these responses and objections, NCR does not in any way waive or intend to waive, but rather intends to preserve:

a) all objections as to competence, relevance, materiality, admissibility in evidence or other use of the Requests or any portions thereof, or the subject matter thereof, or responses or objections by NCR thereto, or any documents or information produced pursuant thereto;

b) all objections as to vagueness, ambiguity, and undue burden;

c) all rights to object on any ground to the use of any information, Requests, responses, or objections, or the subject matter thereof, in these or any other or subsequent proceedings;

d) all rights to object on any ground to any Requests for further production or responses to these or any other Requests for documents or information, or any other Requests in, or relating to, this litigation.

6. The objection, failure to object, or an agreement to produce responsive information does not constitute a representation by NCR that any such information exists or is within its possession, custody, or control.

7. NCR reserves the right to modify and/or further supplement any response to the Requests as necessary and/or appropriate, including but not limited to the extent required by the Federal Rules of Civil Procedure and the Local Rules.

## OBJECTIONS TO DEFINITIONS

1. NCR objects to the definition of "You," "Your," and "NCR" to the extent it purports to impose on NCR an obligation to produce documents and information outside of its custody and control insofar as it includes entities that are not affiliated with NCR, including the Appleton Papers Division, which NCR sold to BAT in 1978. By contrast, BAT has not defined "BAT" as including the Appleton Papers Division despite the fact that BAT owned the Appleton Papers Division (and Appleton Papers, Inc.) more recently than NCR. For purposes of its responses and objections to the Requests, NCR will interpret the terms "You," "Your," and "NCR" to mean Plaintiff NCR Voyix Corporation.

2. NCR objects to the definition of "Appleton Papers Division" as having been an "internal business division of NCR," while omitting that BAT acquired the Appleton Papers Division from NCR in 1978. NCR will not interpret the term "Appleton Papers Division" to have any affiliation with NCR after 1978.

3. NCR objects to the definition of the term "BAT" because it does not expressly include the Appleton Papers Division, which BAT acquired in 1978, or Appleton Papers, Inc., to which the Appleton Papers Division was renamed after BAT acquired it in 1978.

4. NCR objects to the term "CSA" because it refers to three separate agreements. NCR will interpret the term "CSA" to mean the Confidential Settlement Agreement between NCR and BAT.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1**

All documents and communications produced, sent, filed, or placed into evidence by any party or non-party, including You, in connection with the action captioned *U.S. v. NCR Corp.*, No. 1:10–cv–00910-WCG (E.D Wis.).

**RESPONSE TO REQUEST NO. 1**

NCR objects to Request No. 1 as vague, ambiguous, overly broad and not proportional to the needs of the case in seeking all documents "sent" in connection with the identified litigation. NCR also objects to the Request to the extent that it seeks documents protected by the attorney-client privilege and attorney work product doctrine. NCR further objects to the Request because it calls for public legal filings that BAT can access as easily as NCR.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery in this case, *see* October 30, 2024 Tr. at 5:3-8, NCR will produce all trial exhibits from *U.S. v. NCR Corp.*, No. 1:10–cv–00910-WCG (E.D Wis.) and is willing to meet and confer with BAT to determine an appropriate mechanism by which to identify and produce potentially relevant produced documents from that litigation subject to the requirements of the protective order in that litigation.

**REQUEST NO. 2**

All documents and communications produced, sent, filed, or placed into evidence by any party or non-party, including You, in connection with the action captioned *Appvion, Inc. v. P.H. Glatfelter Co.*, No. 2:08-CV-00016-WCG (E.D Wis.).

**RESPONSE TO REQUEST NO. 2**

NCR objects to Request No. 2 as vague, ambiguous, overly broad and not proportional to the needs of the case in seeking all documents "sent" in connection with the identified litigation. NCR also objects to the Request to the extent that it seeks documents protected by the attorney-

client privilege and attorney work product doctrine. NCR further objects to the Request because it calls for public legal filings that BAT can access as easily as NCR.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery in this case, *see* October 30, 2024 Tr. at 5:3-8, NCR will produce all trial exhibits from *Appvion, Inc. v. P.H. Glatfelter Co.*, No. 2:08-CV-00016-WCG (E.D Wis.), and is willing to meet and confer with BAT to determine an appropriate mechanism by which to identify and produce potentially relevant produced documents from that litigation subject to the requirements of the protective order in that litigation.

**REQUEST NO. 3**

All documents and communications produced, sent, filed, or placed into evidence by any party or non-party, including You, in the case captioned *U.S. v. NCR Corp.*, No. 1:19-cv-01041-RJJ-RSK (W.D. Mich.).

**RESPONSE TO REQUEST NO. 3**

NCR objects to Request No. 3 as vague, ambiguous, overly broad and not proportional to the needs of the case in seeking all documents "sent" in connection with the identified litigation. NCR also objects to the Request to the extent that it seeks documents protected by the attorney-client privilege and attorney work product doctrine. NCR further objects to the Request because it calls for public legal filings that BAT can access as easily as NCR.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery in this case, *see* October 30, 2024 Tr. at 5:3-8, NCR will produce all trial exhibits from *U.S. v. NCR Corp.*, No. 1:19-cv-01041-RJJ-RSK (W.D. Mich.), and is willing to meet and confer with BAT to determine an appropriate mechanism by which to identify and produce potentially relevant produced documents from that litigation.

**REQUEST NO. 4**

All documents and communications produced, sent, filed, or placed into evidence by any party or non-party, including You, in the case captioned *Georgia-Pacific Consumer Products LP v. NCR Corp.*, No. 1:11–cv–483-RJJ (W.D. Mich.).

**RESPONSE TO REQUEST NO. 4**

NCR objects to Request No. 4 as vague, ambiguous, overly broad and not proportional to the needs of the case in seeking all documents "sent" in connection with the identified litigation. NCR also objects to the Request to the extent that it seeks documents protected by the attorney-client privilege and attorney work product doctrine. NCR further objects to the Request because it calls for public legal filings that BAT can access as easily as NCR.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery in this case, *see* October 30, 2024 Tr. at 5:3-8, NCR will produce all trial exhibits from *Georgia-Pacific Consumer Products LP v. NCR Corp.*, No. 1:11–cv–483-RJJ (W.D. Mich.), and is willing to meet and confer with BAT to determine an appropriate mechanism by which to identify and produce potentially relevant produced documents from that litigation subject to the requirements of the protective order in that litigation.

**REQUEST NO. 5**

All documents and communications related to the action captioned *Georgia-Pacific Consumer Products LP v. NCR Corp.*, No. 1:11–cv–00483-RJJ (W.D. Mich.), including but not limited to documents reflecting internal analysis of the case and communications with Your auditors and/or insurers about the case or the subject thereof.

**RESPONSE TO REQUEST NO. 5**

NCR objects to Request No. 5 as overly broad, and not proportional to the needs of the case, in seeking documents irrelevant to the claims or defenses at issue, and calling for documents protected by the attorney client privilege and the attorney work product doctrine. Any

relevant and discoverable documents sought through Request No. 5 are duplicative of those already requested through Request No. 4. NCR further objects to the Request because NCR's "internal analys[es] of the case" and "communications with Your auditors and/or insurers about the case," have no relevance to this litigation.

**REQUEST NO. 6**

All documents and communications produced, sent, filed or placed into evidence by any party, including You, in connection with the arbitration captioned *NCR v. Appleton Papers Inc.*, No. 13-489-Y-00691-13.

**RESPONSE TO REQUEST NO. 6**

NCR objects to Request No. 6 as vague, ambiguous, overly broad and not proportional to the needs of the case in seeking all documents "sent" in connection with the identified litigation. NCR also objects to the Request to the extent that it seeks documents protected by the attorney-client privilege and attorney work product doctrine. NCR further objects to the Request because it calls for filings that BAT can access as easily as NCR.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery in this case, *see* October 30, 2024 Tr. at 5:3-8, NCR will produce all filings, trial exhibits, and document productions from the arbitration captioned *NCR v. Appleton Papers Inc.*, No. 13-489-Y-00691-13, subject to the confidentiality requirements of the arbitration.

**REQUEST NO. 7**

All documents and communications concerning the potential and/or actual toxicity of and/or environmental hazards posed by PCBs, including but not limited to the pollution of waterways from discharge of PCBs into such waterways.

**RESPONSE TO REQUEST NO. 7**

NCR objects to Request No. 7 because it is overly broad not proportional to the needs of the case, because it contains no reasonable limitations as to the time period, senders, or recipients of the documents requested and because it seeks documents not relevant to the claims or defenses at issue. NCR also objects to the Request to the extent that it seeks documents protected by the attorney-client privilege and attorney work product doctrine. NCR further objects to the Request because it seeks to re-litigate issues already addressed in other litigations, and because it contravenes Judge Aaron's guidance that what "the Court would envision is NCR . . . not having to do a fresh collection of older documents, but rather merely producing documents that have already been collected for other purposes, and what I mean by that is other litigation." October 30, 2024 Tr. at 5:3-8. NCR further objects to the Request as any relevant and proportional aspects of the Request are duplicative of Requests 1 through 6.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery, NCR hereby incorporates its responses and objections to Requests 1 through 6.

**REQUEST NO. 8**

All documents and communications concerning the use of PCBs in CCP.

**RESPONSE TO REQUEST NO. 8**

NCR objects to Request No. 8 because it is overly broad, not proportional to the needs of the case, because it contains no reasonable limitations as to the time period, senders, or recipients of the documents requested and because it seeks documents not relevant to the claims or defenses at issue. NCR also objects to the Request to the extent that it seeks documents protected by the attorney-client privilege and attorney work product doctrine. NCR further objects to the

Request because it seeks to re-litigate issues already addressed in other litigations, and because it contravenes Judge Aaron's guidance that what "the Court would envision is NCR . . . not having to do a fresh collection of older documents, but rather merely producing documents that have already been collected for other purposes, and what I mean by that is other litigation." October 30, 2024 Tr. at 5:3-8. NCR further objects to the Request as any relevant and proportional aspects of the Request are duplicative of Requests 1 through 6.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery, NCR hereby incorporates its responses and objections to Requests 1 through 6.

**REQUEST NO. 9**

All documents and communications concerning Your knowledge of the potential and/or actual toxicity of and/or environmental hazards posed by PCBs, including but not limited to the pollution of waterways from discharge of PCBs into such waterways.

**RESPONSE TO REQUEST NO. 9**

NCR objects to Request No. 9 because it is overly broad, not proportional to the needs of the case, because it contains no reasonable limitations as to the time period, senders, or recipients of the documents requested and because it seeks documents not relevant to the claims or defenses at issue. NCR also objects to the Request to the extent that it seeks documents protected by the attorney-client privilege and attorney work product doctrine. NCR further objects to the Request because it seeks to re-litigate issues already addressed in other litigations, and because it contravenes Judge Aaron's guidance on the scope of discovery. *See* October 30, 2024 Tr. at 5:3-8. NCR further objects to the Request as any relevant and proportional aspects of the Request are duplicative of Requests 1 through 6.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery, NCR hereby incorporates its responses and objections to Requests 1 through 6.

**REQUEST NO. 10**

All documents and communications concerning PCBs in CCP Broke, including but not limited to documents concerning the potential and/or actual toxicity of PCBs used in CCP broke and the pollution caused by recycling and disposal of CCP broke.

**RESPONSE TO REQUEST NO. 10**

NCR objects to Request No. 10 because it is overly broad, not proportional to the needs of the case, because it contains no reasonable limitations as to the time period, senders, or recipients of the documents requested and because it seeks documents not relevant to the claims or defenses at issue. NCR also objects to the Request to the extent that it seeks documents protected by the attorney-client privilege and attorney work product doctrine. NCR further objects to the Request because it seeks to re-litigate issues already addressed in other litigations, and because it contravenes Judge Aaron's guidance on the scope of discovery. *See* October 30, 2024 Tr. at 5:3-8. NCR further objects to the Request as any relevant and proportional aspects of the Request are duplicative of Requests 1 through 6.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery, NCR hereby incorporates its responses and objections to Requests 1 through 6.

**REQUEST NO. 11**

All documents and communications concerning Your knowledge of the recycling process for CCP, including but not limited to Your involvement in developing and/or changing any recycling processes regarding CCP.

**RESPONSE TO REQUEST NO. 11**

NCR objects to Request No. 11 because it is overly broad, not proportional to the needs of the case, because it contains no reasonable limitations as to the time period, senders, or recipients of the documents requested and because it seeks documents not relevant to the claims or defenses at issue. NCR also objects to the Request to the extent that it seeks documents protected by the attorney-client privilege and attorney work product doctrine. NCR further objects to the Request because it seeks to re-litigate issues already addressed in other litigations, and because it contravenes Judge Aaron's guidance on the scope of discovery. *See* October 30, 2024 Tr. at 5:3-8. NCR further objects to the Request as any relevant and proportional aspects of the Request are duplicative of Requests 1 through 6.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery, NCR hereby incorporates its responses and objections to Requests 1 through 6.

**REQUEST NO. 12**

All documents and communications concerning the increase in production of PCB-containing CCP in 1969 and 1970 by You, including but not limited to any documents and communications regarding the impact of the increase on the discharge of PCBs.

**RESPONSE TO REQUEST NO. 12**

NCR objects to Request No. 9 because it is overly broad, not proportional to the needs of the case, because it contains no reasonable limitations as to the time period, senders, or recipients of the documents requested and because it seeks documents not relevant to the claims or defenses at issue. NCR also objects to the Request to the extent that it seeks documents protected by the attorney-client privilege and attorney work product doctrine. NCR further objects to the Request because it seeks to re-litigate issues already addressed in other litigations, and because it

contravenes Judge Aaron's guidance on the scope of discovery. *See* October 30, 2024 Tr. at 5:3-8. NCR further objects to the Request as any relevant and proportional aspects of the Request are duplicative of Requests 1 through 6.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery, NCR hereby incorporates its responses and objections to Requests 1 through 6.

**REQUEST NO. 13**

All documents and communications with purchasers, recyclers, brokers, and/or any other buyer of CCP and/or CCP Broke concerning the sale of PCB-containing CCP and/or CCP Broke by You.

**RESPONSE TO REQUEST NO. 13**

NCR objects to Request No. 13 because it is overly broad and not proportional to the needs of the case because it seeks documents not relevant to the claims or defenses at issue. NCR further objects to the Request because it seeks to re-litigate issues already addressed in other litigations, and because it contravenes Judge Aaron's guidance on the scope of discovery. *See* October 30, 2024 Tr. at 5:3-8. NCR further objects to the Request as any relevant and proportional aspects of the Request are duplicative of Requests 1 through 6.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery, NCR hereby incorporates its responses and objections to Requests 1-6.

**REQUEST NO. 14**

All documents and communications concerning the search for an alternative to the PCB-containing emulsion used in CCP.

**RESPONSE TO REQUEST NO. 14**

NCR objects to Request No. 14 because it is overly broad, not proportional to the needs of the case, because it contains no reasonable limitations as to the time period, senders, or recipients of the documents requested and because it seeks documents not relevant to the claims or defenses at issue. NCR also objects to the Request to the extent that it seeks documents protected by the attorney-client privilege and attorney work product doctrine. NCR further objects to the Request because it seeks to re-litigate issues already addressed in other litigations, and because it contravenes Judge Aaron's guidance on the scope of discovery. *See* October 30, 2024 Tr. at 5:3-8. NCR further objects to the Request as any relevant and proportional aspects of the Request are duplicative of Requests 1 through 6.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery, NCR hereby incorporates its responses and objections to Requests 1 through 6.

**REQUEST NO. 15**

All documents and communications with the Michigan Department of Natural Resources, the Michigan Department of Environment, Great Lakes, and Energy, and any other state employee, officer, agency, or body concerning actual or potential pollution in the Kalamazoo River.

**RESPONSE TO REQUEST NO. 15**

NCR objects to Request No. 15 because it is overly broad and not proportional to the needs of the case because it contains no limitations as to the time period of the documents requested and because it seeks documents not relevant to the claims or defenses at issue. NCR further objects to the Request because it contravenes Judge Aaron's guidance on the scope of discovery. *See* October 30, 2024 Tr. at 5:3-8. NCR further objects to the Request because it calls for documents produced in other litigations that NCR has already produced or will produce.

Subject to and without waiving the foregoing objections, NCR will search for and produce any documents during the Relevant Period between NCR and any of the Michigan Department of Natural Resources, the Michigan Department of Environment, Great Lakes, and Energy concerning sources of pollution in the Kalamazoo River.

**REQUEST NO. 16**

All documents and communications with the Environmental Protection Agency and any other federal employee, officer, agency, or body concerning actual or potential pollution in the Kalamazoo River, including but not limited to Your response to a 2003 EPA information request.

**RESPONSE TO REQUEST NO. 16**

NCR objects to Request No. 16 because it is overly broad and not proportional to the needs of the case because it contains no limitations as to the time period of the documents requested and because it seeks documents not relevant to the claims or defenses at issue, including NCR documents from 2003, four years after the CSA was executed. NCR further objects to the Request because it contravenes Judge Aaron's guidance on the scope of discovery. *See* October 30, 2024 Tr. at 5:3-8. NCR further objects to the Request because it calls for documents produced in other litigations that NCR has already produced or will produce.

Subject to and without waiving the foregoing objections, NCR will search for and produce any documents during the Relevant Period between NCR and the Environmental Protection Agency concerning sources of pollution in the Kalamazoo River.

**REQUEST NO. 17**

All documents and communications regarding Your knowledge of potential pollution in the Kalamazoo River prior to responding to the 2003 EPA information request.

**RESPONSE TO REQUEST NO. 17**

NCR objects to Request No. 17 because it is overly broad and not proportional to the needs of the case because it seeks documents not relevant to the claims or defenses at issue,

including NCR documents during the four-year period between executing the CSA and the 2003 response to the EPA information request. NCR further objects to the Request because it contravenes Judge Aaron's guidance on the scope of discovery. *See* October 30, 2024 Tr. at 5:3-8. NCR further objects to the Request because it calls for documents produced in other litigations that NCR has already produced or will produce.

Subject to and without waiving the foregoing objections, NCR will search for and produce any non-privileged documents during the Relevant Period concerning NCR's knowledge of potential liability arising from PCB pollution in the Kalamazoo River.

**REQUEST NO. 18**

All documents and communications with or concerning the Kalamazoo River Study Group or any of its members.

**RESPONSE TO REQUEST NO. 18**

NCR objects to Request No. 18 because it is overly broad and not proportional to the needs of the case because it contains no limitations as to the time period of the documents requested and because it seeks documents not relevant to the claims or defenses at issue. NCR further objects to the Request because it contravenes Judge Aaron's guidance on the scope of discovery. *See* October 30, 2024 Tr. at 5:3-8. NCR further objects to the Request because it calls for documents produced in other litigations that NCR has already produced or will produce.

Subject to and without waiving the foregoing objections, NCR will search for and produce any communications during the Relevant Period between NCR and the Kalamazoo River Study Group..

**REQUEST NO. 19**

All documents and communications concerning PCB pollution in the Kalamazoo River and/or Your potential liability arising from PCB pollution in the Kalamazoo River, including but not

limited to internal analyses and any documents or communications shared with Your auditors and/or insurers.

**RESPONSE TO REQUEST NO. 19**

NCR objects to Request No. 19 because it is overly broad, not proportional to the needs of the case, seeks documents not relevant to the claims or defenses at issue, duplicative of multiple other Requests, because it calls for the production of documents protected by the attorney client privilege or the attorney work product doctrine, and because it contravenes Judge Aaron's guidance on the scope of discovery. *See* October 30, 2024 Tr. at 5:3-8.

Subject to and without waiving the foregoing objections, NCR will search for and produce any non-privileged documents during the Relevant Period concerning NCR's knowledge of potential liability arising from PCB pollution in the Kalamazoo River.

**REQUEST NO. 20**

All documents and communications concerning any sale or transportation of CCP broke by (i) Mead, (ii) API, and/or (iii) You, whether directly or through a Third Party, to any recycling, deinking, or other facility on the Kalamazoo River or located within five miles of the Kalamazoo River.

**RESPONSE TO REQUEST NO. 20**

NCR objects to Request No. 20 because it is overly broad, not proportional to the needs of the case, seeks documents not relevant to the claims or defenses at issue, attempts to re-litigate issues already addressed in other litigations, calls for documents protected by the attorney client privilege and the attorney work product doctrine, is duplicative of other requests, and because it contravenes Judge Aaron's guidance on the scope of discovery. *See* October 30, 2024 Tr. at 5:3-8. NCR further objects to the request as vague because NCR has no way of knowing which facilities "located within five miles of the Kalamazoo River" the Request is referring to.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery, NCR hereby incorporates its responses and objections to Requests 1-6.

**REQUEST NO. 21**

All documents and communications concerning or exchanged with any paper mill or paper recycler located on or near the Kalamazoo River that received CCP, CCP byproducts, or CCP broke from (i) Mead, (ii) API, and/or (iii) You, whether directly or through a Third Party, including but not limited to the Kalamazoo Paper Company mill, the King Paper Company mill, the Bryant Paper Company mill, and the Plainwell Paper Company Complex (aka the Michigan Paper Company mill).

**RESPONSE TO REQUEST NO. 21**

NCR objects to Request No. 21 because it is overly broad, not proportional to the needs of the case, seeks documents not relevant to the claims or defenses at issue, attempts to re-litigate issues already addressed in other litigations, calls for documents protected by the attorney client privilege and the attorney work product doctrine, is duplicative of other requests, and because it contravenes Judge Aaron's guidance on the scope of discovery. *See* October 30, 2024 Tr. at 5:3-8. NCR further objects to the request as vague because NCR has no way of knowing which facilities "located within five miles of the Kalamazoo River" the Request is referring to.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery, NCR hereby incorporates its responses and objections to Requests 1-6.

**REQUEST NO. 22**

All documents and communications concerning the actual or potential presence, and actual or potential sources, of PCBs in the Kalamazoo River.

**RESPONSE TO REQUEST NO. 22**

NCR objects to Request No. 22 because it is overly broad, not proportional to the needs of the case, seeks documents not relevant to the claims or defenses at issue, attempts to re-litigate issues already addressed in other litigations, calls for documents protected by the attorney client privilege and the attorney work product doctrine, any relevant and proportional aspects of the Request are duplicative of Requests 1 through 6, and because it contravenes Judge Aaron's guidance on the scope of discovery. *See* October 30, 2024 Tr. at 5:3-8.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery, NCR hereby incorporates its responses and objections to Requests 1 through 6.

**REQUEST NO. 23**

All documents and communications You made concerning the safety of Your CCP products and byproducts, including but not limited to Broke.

**RESPONSE TO REQUEST NO. 23**

NCR objects to Request No. 23 because it is overly broad, not proportional to the needs of the case, seeks documents not relevant to the claims or defenses at issue, attempts to re-litigate issues already addressed in other litigations, calls for documents protected by the attorney client privilege and the attorney work product doctrine, any relevant and proportional aspects of the Request are duplicative of Requests 1 through 6, and because it contravenes Judge Aaron's guidance on the scope of discovery. *See* October 30, 2024 Tr. at 5:3-8.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery, NCR hereby incorporates its responses and objections to Requests 1 through 6.

**REQUEST NO. 24**

All documents and communications You made concerning the potential and/or actual toxicity of and/or environmental hazards posed by Your CCP products and byproducts, including but not limited to Broke.

**RESPONSE TO REQUEST NO. 24**

NCR objects to Request No. 24 because it is overly broad, not proportional to the needs of the case, seeks documents not relevant to the claims or defenses at issue, attempts to re-litigate issues already addressed in other litigations, calls for documents protected by the attorney client privilege and the attorney work product doctrine, any relevant and proportional aspects of the Request are duplicative of Requests 1 through 6, and because it contravenes Judge Aaron's guidance on the scope of discovery. *See* October 30, 2024 Tr. at 5:3-8.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery, NCR hereby incorporates its responses and objections to Requests 1 through 6.

**REQUEST NO. 25**

All documents concerning the Purchase Agreement, including the negotiation, interpretation, drafting history, and execution of the Purchase Agreement.

**RESPONSE TO REQUEST NO. 25**

NCR objects to Request No. 25 because it is overly broad, not proportional to the needs of the case, seeks documents not relevant to the claims or defenses at issue because documents concerning the Purchase Agreement have no relevance to this litigation.

**REQUEST NO. 26**

All documents and communications concerning the CSA, including but not limited to the underlying lawsuit between NCR and BAT, any pre-CSA discussions regarding settlement, the mediation that led to the agreement in principle for the terms of the CSA, any other negotiations regarding the CSA, the interpretation, drafting history, and execution of the CSA.

**RESPONSE TO REQUEST NO. 26**

NCR objects to Request No. 26 as overly broad and not proportional to the needs of the case and because it calls for the production of documents protected by the attorney client privilege and the attorney work product doctrine. NCR further objects to the Request because the reference to "pre-CSA discussions regarding settlement" is vague and subject to multiple interpretations. NCR further objects to the request for documents from the "underlying lawsuit between NCR and BAT" because BAT was a party to that lawsuit and has equal access to all filings and document productions therein.

Subject to and without waiving the foregoing objections, NCR will search for and produce any non-privileged documents during the Relevant Period concerning the negotiation and terms of the CSA, including discussions between NCR and BAT regarding the settlement, the mediation that led to the to the agreement in principle for the terms of the CSA, and any other negotiations regarding the CSA, and the interpretation, drafting history, and execution of the CSA.

**REQUEST NO. 27**

All documents and communications concerning Your potential liability for Future Sites, as that term is defined in the CSA, prior to all parties executing the CSA including but not limited to any internal analyses and any documents or communications shared with Your auditors and/or insurers.

**RESPONSE TO REQUEST NO. 27**

NCR objects to Request No. 27 to the extent it calls for the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, NCR will search for and produce any non-privileged documents during the Relevant Period concerning NCR's knowledge of

potential liability arising from PCB pollution in the Kalamazoo River, including non-privileged documents shared with auditors and/or insurers, if any.

**REQUEST NO. 28**

All documents and communications regarding Your inclusion of the Future Sites definition in the CSA on or around April 23, 1998, including but not limited to any reasoning for doing so.

**RESPONSE TO REQUEST NO. 28**

NCR objects to Request No. 28 to the extent it calls for the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, NCR will search for and produce any non-privileged documents during the Relevant Period concerning the negotiation and terms of the CSA, including the inclusion of Future Sites language.

**REQUEST NO. 29**

All documents and communications concerning Your potential liability for Future Sites, as that term is defined in the CSA, prior to the Subsequent Allocation Arbitration, which occurred in 2005 between BAT and You, including but not limited to any internal analyses and any documents or communications shared with Your auditors and/or insurers.

**RESPONSE TO REQUEST NO. 29**

NCR objects to Request No. 29 as overly broad and not proportional to the needs of the case, and because it seeks documents not relevant to the claims or defenses at issue because NCR's potential liability for Future Sites in 2005 is not relevant to any claim or defense at issue, and any relevant aspects of this Request are duplicative of documents NCR has agreed to produce in response to Request No. 27.

**REQUEST NO. 30**

All documents and communications regarding Your involvement in efforts to lobby against proposed amendments to Superfund legislation that would include liability relief for recyclers.

**RESPONSE TO REQUEST NO. 30**

NCR objects to Request No. 30 as overly broad and not proportional to the needs of the case, and because it seeks documents not relevant to the claims or defenses at issue because NCR's purported "efforts to lobby against proposed amendments to Superfund legislation that would include liability relief for recyclers" is not relevant to any claim or defense at issue.

Subject to and without waiving the foregoing objections, NCR will search for and produce documents during the Relevant Period relating to NCR's involvement in efforts to lobby against proposed amendments to Superfund legislation that would include liability relief for recyclers.

**REQUEST NO. 31**

All documents and communications concerning BAT's knowledge or lack thereof of the potential for PCB pollution and disposal of PCBs at the Kalamazoo River.

**RESPONSE TO REQUEST NO. 31**

NCR objects to Request No. 31 as the information sought is more squarely within the possession and control of BAT, and should be produced by BAT as part of discovery. Subject to and without waiving the foregoing objection, NCR will search for and produce any non-privileged documents concerning BAT's knowledge of contamination at the Kalamazoo River prior to the execution of the CSA.

**REQUEST NO. 32**

All documents and communications concerning any contemplated or effectuated joint defense agreement, joint defense agreement negotiations, or draft joint defense agreement between or among any of You, API, and BAT.

**RESPONSE TO REQUEST NO. 32**

NCR objects to Request No. 32 because it calls for the production of documents not relevant to this litigation and because it calls for the production of documents protected by the attorney client privilege and the attorney work product doctrine.

Subject to and without waiving the foregoing objections, NCR will search for and produce any joint defense agreements executed during the Relevant Period between or among any of NCR, API, and BAT relating to litigations involving the remediation of hazardous substances.

**REQUEST NO. 33**

All documents and communications concerning the following statement of Jonathan Hoak from his December 10, 2013 deposition: "And we wanted it to include other sites as well. I remember discussions specifically on that. It was at a time when the Kalamazoo was at least lurking out there. Nothing -- as I recall, nothing specific happened, but we knew that was another potential location, and so we wanted to include it as broadly geographically as we could."

**RESPONSE TO REQUEST NO. 33**

NCR objects to Request No. 33 because it is vague insofar as the Request does not identify with any specificity the type of documents "concerning" Mr. Hoak's statement it seeks and Mr. Hoak does not reference any document in the quoted statement. Answering further, BAT already apparently has the deposition transcript containing this statement. Interpreting this request as seeking documents relating to the negotiation of the CSA and/or NCR's knowledge of potential liability at the Kalamazoo River during the Relevant Period, NCR objects that this Request is duplicative of Requests 26 through 28 above, and NCR hereby incorporates its responses and objections to those Requests.

**REQUEST NO. 34**

All documents and communications concerning the following statement of J. Andrew Schlickman from his January 10, 2014 deposition: "And knowing that there was a possibility that we could get involved in other sites like the Kalamazoo site, we expanded the agreement to address not only any and all possible issues that could come up in connection with the Fox River matter, but really any and all possible issues that could come up at any site that may have been contaminated by somebody's use of carbonless paper."

**RESPONSE TO REQUEST NO. 34**

NCR objects to Request No. 34 because it is vague insofar as the Request does not identify with any specificity the type of documents "concerning" Mr. Schlickman's statement it seeks and Mr. Schlickman does not reference any document in the quoted statement. Answering further, BAT already apparently has the deposition transcript containing this statement. Interpreting this request as seeking documents relating to the negotiation of the CSA and/or NCR's knowledge of potential liability at the Kalamazoo River during the Relevant Period, NCR objects that this Request is duplicative of Requests 26 through 28 above, and NCR hereby incorporates its responses and objections to those Requests.

**REQUEST NO. 35**

All documents and communications concerning the following statement of J. Andrew Schlickman from his March 4, 2014 deposition: "[w]e were aware that the issues that were arising at the Fox River Site could arise at other sites. And the particular site I have in mind here was the Kalamazoo River in Michigan."

**RESPONSE TO REQUEST NO. 35**

NCR objects to Request No. 35 because it is vague insofar as the Request does not identify with any specificity the type of documents "concerning" Mr. Schlickman's statement it seeks and Mr. Schlickman does not reference any document in the quoted statement. Answering further, BAT already apparently has the deposition transcript containing this statement. Interpreting this request as seeking documents relating to the negotiation of the CSA and/or NCR's knowledge of potential liability at the Kalamazoo River during the Relevant Period, NCR objects that this Request is duplicative of Requests 26 through 28 above, and NCR hereby incorporates its responses and objections to those Requests.

**REQUEST NO. 36**

All documents and communications reflecting communications with Monsanto concerning CCP and/or PCBs, including, but not limited to documents and communications regarding Your requests for Monsanto to not mention You as a purchaser of PCB-containing products.

**RESPONSE TO REQUEST NO. 36**

NCR objects to Request 36 because it is overly broad and not proportional to the needs of the case because it contains no limitations as to the time period, senders, or recipients of the documents requested and because it seeks documents not relevant to the claims or defenses at issue. NCR further objects to the Request because it attempts to re-litigate issues already addressed in other litigations, and because it contravenes Judge Aaron's guidance on the scope of discovery. October 30, 2024 Tr. at 5:3-8. NCR further objects to the Request as duplicative of Requests 1 through 6. NCR further objects to the portion of the Request wrongly asserting that NCR ever requested that Monsanto "not mention [NCR] as a purchaser of PCB-containing products."

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery, NCR hereby incorporates its responses and objections to Requests 1-6.

**REQUEST NO. 37**

Documents and communications related to Your allegation in paragraph 43 of the Complaint for Declaratory Relief filed in this Action (ECF No. 1) that "NCR estimates its costs under the consent decree to be in excess of $350 million, including direct cleanup costs and payments to the EPA, the State of Michigan, and the Kalamazoo River natural resource trustees," including but not limited to any actual or potential reimbursement and/or any other contribution or funding of such amounts by insurance carriers or other Third Parties.

**RESPONSE TO REQUEST NO. 37**

NCR objects to Request 37 because NCR is seeking a declaratory judgment, not compensatory damages and because the CSA provides for cost sharing before any contributions from insurance or other indemnity are taken into account, making any reimbursement by

insurance carriers irrelevant. NCR further objects to the Request because it calls for the production of documents protected by the attorney client privilege or the attorney work product doctrine.

**REQUEST NO. 38**

Documents and communications sufficient to support Your allegations in paragraph 2 of the Complaint for Declaratory Relief filed in this Action (ECF No. 1), including your allegation that "[b]etween 1954 and 1971" it was "unbeknownst to NCR" that "the Appleton Papers Division manufacturing processes and the recycling processes used on the broke caused environmental contamination in the Fox River, as well as other waterways in the region."

**RESPONSE TO REQUEST NO. 38**

NCR objects to Request 38 because it is overly broad and not proportional to the needs of the case and because it seeks documents not relevant to the claims or defenses at issue. NCR further objects to the Request because it attempts to re-litigate issues already addressed in other litigations, and because it contravenes Judge Aaron's guidance on the scope of discovery. *See* October 30, 2024 Tr. at 5:3-8. NCR further objects to the Request as duplicative of Requests 1 through 6.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery, NCR hereby incorporates its responses and objections to Requests 1 through 6.

**REQUEST NO. 39**

Documents and communications relating to the statement on page 3 of Schedule A to the Purchase Agreement that "Seller has reason to believe that the facilities of Appleton Papers Division located in Pennsylvania and Wisconsin may be operating in violation of applicable federal, state, local and other governmental environmental and pollution control laws, ordinances, regulations, rules and standards."

**RESPONSE TO REQUEST NO. 39**

NCR objects to Request 39 because it is overly broad and not proportional to the needs of the case and because it seeks documents not relevant to the claims or defenses at issue. NCR further objects to the Request because it attempts to re-litigate issues already addressed in other litigations, and because it contravenes Judge Aaron's guidance on the scope of discovery. October 30, 2024 Tr. at 5:3-8. NCR further objects to the Request as duplicative of Requests 1 through 6.

Subject to and without waiving the foregoing objections, and consistent with Judge Aaron's guidance on the scope of discovery, NCR hereby incorporates its responses and objections to Requests 1 through 6.

**REQUEST NO. 40**

All documents and communications related to any demands by You that BAT pay all or part of the cleanup costs related to the Kalamazoo River, including but not limited to documents and communications related to any response from BAT.

**RESPONSE TO REQUEST NO. 40**

NCR objects to Request No. 40 because it calls for documents in the possession of BAT. NCR further objects to this Request because it calls for the production of documents protected by the attorney client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, NCR will search for and produce any communications between NCR and BAT regarding NCR's demands that BAT pay its contractually-obligated share of cleanup costs at the Kalamazoo River.

**REQUEST NO. 41**

All communications between You and Sidley Austin concerning the CSA.

**RESPONSE TO REQUEST NO. 41**

NCR objects to Request No. 41 as overly broad and not proportional to the needs of the case and as duplicative of Requests 26-28, and because it expressly calls for the production of documents protected by the attorney client privilege and the attorney work product doctrine. NCR will produce documents as set forth in its response to Request Nos. 26-28 above.

**REQUEST NO. 42**

All communications between You and Sidley Austin concerning any actual or potential Future Site, including but not limited to any actual or potential liability in respect of such Future Site.

**RESPONSE TO REQUEST NO. 42**

NCR objects to Request No. 42 as overly broad and not proportional to the needs of the case, as duplicative of Requests 27-29, and because it expressly calls for the production of documents protected by the attorney client privilege and the attorney work product doctrine. NCR will produce documents as set forth in its response to Request Nos. 27-29 above.

**REQUEST NO. 43**

All communications between You and Sidley Austin concerning the Kalamazoo River, including but not limited to any actual or potential liability in respect to the Kalamazoo River.

**RESPONSE TO REQUEST NO. 43**

NCR objects to Request No. 43 as overly broad and not proportional to the needs of the case, as duplicative of many Requests above, and because it expressly calls for the production of documents protected by the attorney client privilege and the attorney work product doctrine. NCR will produce documents as set forth in its response to such other requests.

Dated: December 13, 2024

**SIDLEY AUSTIN LLP**

/s/ Zachary Payne
John J. Kuster
Zachary Payne
787 Seventh Avenue
New York, NY 10019
Tel.: (212) 839-5300
jkuster@sidley.com
zpayne@sidley.com

Bruce R. Braun (admitted pro hac vice)
Charles K. Schafer (admitted pro hac vice)
One South Dearborn
Chicago, IL 60603
(312) 853-7000
bbraun@sidley.com
cschafer@sidley.com

*Attorneys for Plaintiff NCR Voyix Corporation*