# EXHIBIT 6

Hogan Lovells

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

March 18, 2026

**By Electronic Mail**

Zachary Payne
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
zpayne@sidley.com

**Re: NCR Corporation v. B.A.T Industries p.l.c., 23-cv-1172-JPC-SDA (S.D.N.Y.)**

Zack:

We write in response to your letter dated March 10, 2026 ("**Your Letter**") and the proposals included therein. Like you, we rely on the points we have made in previous correspondence and reserve all of our client's rights.

**30(b)(6) Topics 1-16, 17, 18, and 22 ("Topics")**

Your Letter proposes that (i) BAT provide a reasonable list of documents from the orders referenced in our March 6 letter (subject to certain documents being excluded from such list) and (ii) NCR provide an affidavit stating the information known or reasonably available to NCR regarding when NCR obtained those documents.

Your proposal does not address our concerns. You appear to confuse the subject matter of the 30(b)(6) Topics themselves with our suggestion regarding documents which could be used to educate NCR's 30(b)(6) witness on such Topics. You also appear to, again, ignore BAT's public policy defense. In this regard:

1. You have not offered to provide an affidavit on the 30(b)(6) Topics themselves.
2. Instead, you have offered to provide an affidavit on an issue that you have raised, namely "when NCR obtained" documents referred to in our letters.
3. That issue is not one of BAT's 30(b)(6) Topics and is not the primary focus of BAT's public policy defense.
4. BAT's public policy defense is focused on NCR's actual knowledge and conduct during the production period (*i.e.*, 1954 to 1971) and, more specifically, whether NCR intentionally caused harm at that time.
5. The documents that we have suggested you use to educate NCR's 30(b)(6) witness are evidence of NCR's knowledge and conduct during the production period.
6. That is the issue that NCR's 30(b)(6) witness needs to deal with in relation to BAT's public policy defense.

As such, your suggestion that NCR provide an affidavit on an issue you have raised, rather than on any of BAT's 30(b)(6) Topics, does not help to move matters along.

Further, while we have focused on BAT's public policy defense above, such focus should not be taken as agreement that your proposal would be adequate to address BAT's counterclaims. It would not.

We therefore again request that NCR designate a witness to testify on the substance of the Topics.

In the spirit of compromise, we are prepared to provide a reasonable list of documents to NCR for use in preparing NCR's 30(b)(6) witness to testify regarding BAT's Topics 1-16, 17, 18, and 22. This approach addresses any concern NCR may have about the burden of preparing a witness.

We do not, however, agree with the two exclusions you propose in the footnote to Your Letter for the following reasons.

First, some of the documents from the post-trial briefs are relevant to the Topics irrespective of whether Judge Jonker cited such documents in his decision in 2018. We also do not accept your general contention that documents from briefs that are not ultimately cited in a decision are necessarily not relied upon by the judge in reaching his decision. In any event, the documents that fall into this category are a manageable number and, as such, there is no additional burden to including such documents in NCR's preparation.

Second, there is no basis to exclude the documents cited in Judge Griesbach's 2009 opinion. The opinion was overturned on the ground that Judge Griesbach failed to consider equitable factors other than NCR's knowledge. The Seventh Circuit's opinion did not, however, overturn any of Judge Griesbach's factual findings on the documents going to NCR's knowledge, which is the issue now at hand. On the contrary, the Seventh Circuit effectively endorsed Judge Griesbach's factual findings on the issue of NCR's knowledge. Specifically, the Court held that:

> "*Given the district court's caution in drawing its factual conclusion about NCR's knowledge in the period between 1964 and 1971, **<u>we find nothing in the record to bring its findings into dispute</u>**.*" *NCR Corp. v. George A. Whiting Paper Co*., 768 F.3d 682, 700 (2014) (emphasis added).

Documents cited in Judge Griesbach's 2009 opinion are therefore relevant to the Topics and will be included in our list.

Please confirm that you agree to our counter-proposal above and we will provide the list of documents promptly. Please also provide the name(s) of the 30(b)(6) witness(es) who will address the Topics on behalf of NCR and some proposed dates on which the witness(es) can be available.

**Continuation of Mr. Schlickman's 30(b)(6) Testimony**

Thank you for agreeing to make Mr. Schlickman available for up to three additional hours, which we understand is exclusive of breaks. We think that this time estimate is reasonable on the agreed 30(b)(6) topics remaining to be addressed (*i.e.*, those topics other than the topics referred to above in this letter).

With respect to your request for a list of topics for Mr. Schlickman's deposition, we expect to cover primarily Topics 19, 20, 21, 22, 25, and 29. However, we cannot definitively say that we will not ask questions on other topics in the notice. Indeed, in reviewing the prior testimony, there are certain points that are unclear, and we will need to clarify those points. We will be as efficient as possible and

(with the exception of clarifying questions) will not repeat the same questions that have already been asked.

If NCR were to designate Mr. Schlickman as a 30(b)(6) witness to also cover Topics 1-16, 17, 18, and 22, then we would expect to use the full 7 hours.

Please provide some suitable dates for Mr. Schlickman's deposition.

Regards,

Dennis H. Tracey III
Partner

cc: David R. Michaeli
Nathaniel H. Benfield
John J. Kuster
Bruce R. Braun
Charles K. Schafer