Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

April 22, 2026

***Via ECF***

Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10027

**Re: *NCR Corporation v. B.A.T Industries p.l.c.*, No. 1:23-cv-01172-JPC**

Dear Judge Aaron:

We write for Defendant BAT in reply to Plaintiff NCR's April 21, 2026, opposition letter ("Opp.") and in further support of BAT's April 16, 2026 letter-motion to compel ("Motion").

NCR brought this litigation to transfer liability for NCR's environmental disaster to BAT. BAT asserts that NCR cannot recover because it fraudulently concealed its wrongdoing and because its effort to transfer liability for its intentional wrongdoing violates public policy. BAT therefore seeks testimony, via Topics 1-16, regarding NCR's knowing production and disposal of toxic CCP and PCBs, and the fraudulent concealment thereof. NCR argues that Topics 1-16 are 1) not relevant to this litigation and 2) unduly burdensome and not proportional to the needs of the case. NCR also argues that BAT's request is untimely.

***Timeliness***

BAT has diligently pursued its right to testimony on these key issues. BAT served its Notice on January 16 and NCR objected to Topics 1-16 on January 21. The parties then met and conferred on January 21, during which time NCR requested clarification regarding the time periods for Topics 1-16. NCR agreed to consider BAT's requests further and BAT provided the requested clarification two days later. (Motion Ex. F). Without any further discussion, NCR then refused to designate a witness to testify to Topics 1-16 (Motion Ex. C).

Far from sitting on its hands, BAT exchanged numerous correspondence with NCR about these issues, including on February 25, February 28, March 6, March 10, and March 18. (Motion Exs. G-K). BAT also made repeated efforts to negotiate a compromise with NCR, yet NCR did not engage with BAT's proposals. Still, BAT sought to meet and confer again on March 31 in a final effort to resolve this dispute directly with NCR. There has been no delay in bringing this issue to the Court other than BAT's good faith efforts to resolve the issue in discussions with NCR.

Importantly, NCR has not been prejudiced by any purported delay. Discovery is ongoing. NCR does not allege that it has taken or avoided taking any action based on an assumption that this matter was resolved (NCR cannot make such an argument, as NCR was well aware throughout this period that BAT maintained its position on Topics 1-16). Nor does BAT seek any delay in the expert discovery schedule or the completion of all discovery.

***Relevance***

NCR next argues that Topics 1-16 are "untethered to the actual issues in dispute." NCR claims that BAT seeks NCR's present-day knowledge about events during the Production Period. That is wrong. As explained in BAT's January 23 email to NCR and in BAT's Motion, BAT seeks information regarding NCR's knowledge *during the Production Period*, as well as NCR's knowledge *during the CSA Period.* Multiple witnesses, in this case and in prior litigations, have testified that these issues were the primary focus of NCR's factual investigations during the CSA period, which investigations are central to both parties' claims and defenses in this matter.

NCR also argues that BAT's public policy defense is "narrow," as it requires a showing of intent to cause harm. NCR claims Topics 1-16 "do not target that issue." NCR is again mistaken. Topics 1-16 go directly to the core of NCR's intent; namely, the intent to cause harm through the knowing production and disposal of toxic chemicals and the fraudulent concealment thereof.[1]

NCR further argues that Topics 1-16 "are cumulative, since two district courts have already issued opinions after trial regarding NCR's liability at the Fox and Kalamazoo Rivers, trials that featured those same historical issues." But this argument only highlights that BAT's claims are supported by significant evidence and that BAT is entitled to obtain that evidence in discovery.

***Burden***

NCR claims that BAT "understates the burden imposed by topics 1-16." NCR states, in a conclusory manner, that it would need to "collect, and synthesize nearly 800,000 documents," that "NCR has no current employees or consultants with personal knowledge or a head start on evaluating these documents," and that "BAT understands this, having proposed that these topics be covered not by NCR personnel, but by Sidley attorneys..."[2]

NCR's burden argument is without merit. First, discovery has shown that NCR and its attorneys have extensively investigated the issues raised by Topics 1 – 16, and thus the facts are readily accessible as the result of that investigation (which, notably, NCR has admitted was part of a joint defense effort and is therefore not privileged.) Second, BAT has already offered to limit the documents that the 30(b)(6) witness must review to a discrete set of key documents – numbering in the hundreds, not the 800,000 documents NCR references. Third, NCR's argument that it lacks

---

[1] As noted in BAT's Motion, Topics 1-16 are indisputably relevant to BAT's public policy defense, which is a complete defense to NCR's claim.

[2] NCR also cites a document of 54 purported "subtopics" that NCR never shared with BAT and which NCR appears to have drafted itself as a transparent, belated attempt to support its burden argument.

an appropriate witness is particularly meritless. The investigation of these issues was performed in large part by Sidley Austin lawyers, including John Heyde. Mr. Heyde has already been designated by NCR as its 30(b)(6) witness on other topics, and would be knowledgeable about Topics 1-16 as well, as he (i) was involved in both the factual investigation into the issues involved in Topics 1 – 16 and the litigation at the Fox and Kalamazoo rivers during the CSA period, when this information was collected and analyzed.

For the foregoing reasons, BAT's request is timely, relevant, and not unduly burdensome.

Respectfully submitted,

Dennis H. Tracey III
Partner