SIDLEY

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019

ZPAYNE@SIDLEY.COM
+1 212 839 5599 FAX
+1 212 839 5300

June 3, 2026

**Via ECF**
The Honorable Stewart D. Aaron
United States District Court Southern District of New York
500 Pearl Street, New York, NY 10007

Re: *NCR Corporation v. B.A.T Industries p.l.c.*, No. 1:23-cv-01172-JPC-SDA

Dear Judge Aaron:

In accordance with Section III of Your Honor's Individual Practices, Plaintiff NCR Voyix Corporation ("NCR") respectfully requests a pre-motion conference in anticipation of moving under Federal Rules of Evidence 401 and 702 to strike the report and preclude the testimony of Defendant B.A.T Industries p.l.c.'s ("BAT") putative expert witness, Michael Goodstein. As described further below, a pre-motion conference would help address the timing of this motion vis-à-vis the deposition of Mr. Goodstein and the deadline for NCR's rebuttal expert report, both of which would be unnecessary if the Court grants the motion.

BAT offers Mr. Goodstein, a lawyer in private practice with experience litigating and advising clients on Superfund matters, to opine concerning caselaw on CERCLA arranger liability in the late 1990s and to present what appears to be a factual narrative of what he characterizes as NCR's "investigation" of "exposure at the Kalamazoo River" before the parties entered their 1998 Confidential Settlement Agreement ("CSA"). Ex. A, at 3,6-16. But as NCR's motion will establish, Mr. Goodstein's report is not an expert report in any meaningful sense. Rule 702 requires the proponent to show that the expert's "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Mr. Goodstein's report does neither. It offers only two things: legal opinions about CERCLA arranger-liability law, and a selective factual narrative summarizing certain documents in the record and urging the factfinder to draw BAT's preferred inferences from them. This is not admissible expert testimony. Mr. Goodstein's opinions would not assist the trier of fact; it would instead usurp the Court's role in instructing on the law and counsel's role in arguing what the documents show.

***First***, the opinions in Sections 1 and 2 of Mr. Goodstein's report should be excluded because they summarize a legal framework that is not relevant to any claim or defense in this case. In these sections, Mr. Goodstein describes the CERCLA "arranger liability framework" that existed in the late 1990s, including by summarizing certain judicial decisions and identifying certain factors courts considered when deciding whether a sale of materials constituted an arrangement for disposal.

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

SIDLEY



This case concerns whether NCR concealed information from BAT in connection with the signing of the CSA. NCR's liability as an arranger at the Kalamazoo River was litigated separately years ago—and approximately fourteen years after the CSA was executed. Knowing the factors a court in 1999 might have considered in determining arranger liability does not make it more or less likely that NCR fraudulently concealed information from BAT, particularly where NCR and BAT were equally positioned to read the relevant caselaw. Mr. Goodstein does not identify any specialized knowledge he possesses that would help the trier of fact decide what NCR disclosed, what BAT knew, what BAT could have known, or whether NCR had any actionable duty to disclose. Sections 1 and 2 are therefore not helpful expert testimony under Rule 702. *See Highland Cap. Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 473 (S.D.N.Y. 2005) (finding Rule 702's "helpfulness requirement" requires that expert testimony have "a valid connection to the pertinent inquiry") (quoting *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 540 (S.D.N.Y. 2004). At best they are irrelevant legal primers; at worst they will serve to confuse the factfinder about the nature of the case.[1]

***Second***, Section 3 should be excluded because it is a factual narrative, not expert analysis. Mr. Goodstein applies no specialized methodology or expertise to the evidence. Instead, he merely reviews selected documents from the record, summarizes them, and promotes BAT's theory that NCR and its lawyers supposedly "investigated" certain topics prior to the execution of the CSA, and, worse, "were concerned" about them, and "formed the view" that litigation regarding those issues "was likely." Ex. A at 4, 16. This unsupported, and insupportable, factual narrative is far closer to a closing argument than expert testimony. BAT does not need an expert to read documents to the factfinder, arrange them in a chronology, or tell the factfinder what BAT thinks they mean or imply. The documents speak for themselves, fact witnesses may testify about matters within their personal knowledge, and counsel may argue inferences from the record. Rule 702 does not permit BAT to launder that factual narrative through a lawyer-expert.

Courts routinely preclude such factual narratives. In *Andrews v. Metro North Commuter R.R. Co.*, the Second Circuit held that expert testimony must be directed to matters within the witness's specialized knowledge, "not to lay matters which a jury is capable of understanding and deciding without the expert's help." 882 F.2d 705, 708 (2d Cir. 1989). *See also Highland*

[1] To the extent BAT contends that Sections 1 and 2 are helpful because they offer expertise about whether certain facts could satisfy CERCLA legal standards, that argument only confirms the report's inadmissibility. The Second Circuit has held that "as a general rule, an expert's testimony on issues of law is inadmissible." *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991). Courts in this District consistently exclude expert testimony that opines on legal conclusions or interpretations. *See e.g., Highland Cap.*, 379 F. Supp. 2d at 470; *Am. Empire Surplus Lines Ins. Co. v. J.R. Contracting & Env't Consulting, Inc.*, 743 F. Supp. 3d 530, 544 (S.D.N.Y. 2024). To the extent Sections 1 and 2 offer anything more than an irrelevant primer, they do exactly what those cases forbid: instruct on CERCLA arranger-liability law and opine on how a court would decide whether a set of facts creates arranger liability. That is not the role of expert testimony.

SIDLEY



*Cap.*, 379 F. Supp. 2d at 468-69 (excluding an expert's "Facts" section because it "contain[ed] a factual narrative of the case" and addressed "lay matters which a jury is capable of understanding and deciding without the expert's help") (quoting *Andrews*, 882 F.2d at 708); *LinkCo, Inc. v. Fujitsu Ltd.*, 2002 WL 1585551, at *2 (S.D.N.Y. July 16, 2002) (precluding expert testimony based on review of documents, computer files, deposition transcripts, and exhibits because fact witnesses were "far more appropriate" and the expert's "secondhand knowledge" was unnecessary); *Media Sport & Arts s.r.l. v. Kinney Shoe Corp.*, 1999 WL 946354, at *3 (S.D.N.Y. Oct. 19, 1999) (precluding expert testimony based on review of documents and depositions because the expert could not "take the place of" witnesses with actual knowledge); *Taylor v. Evans*, 1997 WL 154010, at *2 (S.D.N.Y. Apr. 1, 1997) (rejecting expert testimony that consisted of "a narrative of the case which a lay juror is equally capable of constructing").

Section 3 is independently improper because it asks the factfinder to adopt conclusions about NCR's and its counsel's knowledge, concerns, and expectations with the imprimatur of an expert's "opinion" on those issues. But an expert may not tell the factfinder what a party knew, intended, believed, or understood. *See In re Platinum-Beechwood Litig.*, 469 F. Supp. 3d 105, 115 (S.D.N.Y. 2020).

***Finally,*** the Court need not wait to resolve these issues until trial, or even until after Mr. Goodstein's deposition and rebuttal expert practice. Courts in this District regularly decide Rule 702 motions when the report itself shows the testimony is inadmissible. *See, e.g., Taylor*, 1997 WL 154010, at *2-3 (noting that delaying a decision on expert preclusion could require the opposing party to secure a rebuttal expert); *Highland Cap.*, 379 F. Supp. 2d at 474-75 (refusing to defer exclusion of expert testimony until shortly before trial). Resolving this issue now will streamline the case, avoid unnecessary expert discovery and rebuttal work, and focus the parties' remaining efforts on admissible evidence.

NCR therefore respectfully requests a pre-motion conference regarding its anticipated motion to strike Mr. Goodstein's report and preclude his testimony and opinions. NCR is prepared to proceed without a conference if the Court determines that a conference is unnecessary. NCR further respectfully requests that the Court stay the June 16, 2026 deposition of Mr. Goodstein, the June 29, 2026 deadline for NCR's rebuttal expert report, and the July 9, 2026 expert-discovery deadline pending resolution of NCR's anticipated motion, or at minimum pending the Court's determination of whether motion practice should proceed.

NCR proposes the following briefing schedule:[2] NCR's opening brief to be submitted within 7 days of the Court's pre-motion determination; BAT's opposition due 14 days thereafter; and NCR's reply due 7 days after BAT's opposition.

---

[2] NCR requested BAT's position on this proposed briefing schedule, but did not receive a response.

Respectfully submitted,

/s/ Zachary Payne

Zachary Payne