Hogan Lovells

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

June 9, 2026

***Via ECF***

Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10027

**Re: *NCR Corporation v. B.A.T Industries p.l.c.*, No. 1:23-cv-01172-JPC**

Dear Judge Aaron:

We write on behalf of Defendant BAT Industries p.l.c. ("BAT") in response to Plaintiff NCR Corporation's ("NCR") June 4, 2026 (Dkt 117) letter-motion to seal and NCR's June 4, 2026 (Dkt 118) letter seeking a conference or briefing schedule on NCR's anticipated motion to strike the Report and preclude the testimony of BAT's expert witness, Mr. Michael Goodstein.

Both of NCR's letters concern Mr. Goodstein's expert Report (the "Report"), which BAT provided to NCR on May 15, 2026. NCR initially requested a deposition date for Mr. Goodstein, which the parties set after conferring. NCR apparently changed its position, and now seeks to avoid that deposition entirely. BAT responds to NCR's letter and letter-motion as follows.

On June 3, 2026, NCR's counsel contacted BAT's counsel via email indicating that it intended to move to strike Mr. Goodstein's Report and to preclude his testimony and thus, sought BAT's position on what the appropriate briefing schedule should be if the Court were to grant leave. NCR's counsel then sent a further email later in the day seeking BAT's position on whether the Report should be filed under seal. Counsel for BAT promptly replied that he was currently unavailable due to depositions but would provide a response the following day. NCR did not wait for that response, and instead filed its June 4 letters unreasonably representing to the Court that it "requested BAT's position on this proposed briefing schedule, but did not receive a response" (Dkt 118 at n.2) and that it "d[id] not wish to wait further for BAT's response." (Dkt 117 at 1).

**Response to June 4, 2026 letter-motion to seal:** As BAT would have communicated directly to NCR had it provided a reasonable timeframe to do so, BAT designated the Report confidential in accordance with the Confidentiality Stipulation (Dkt 50) because the Report contains citations to dozens of NCR-produced documents which NCR has previously designated as confidential. While NCR continues to designate large volumes of similar information as confidential, NCR asserted in its June 4, 2026, letter-motion that it "does not claim confidentiality over Exhibit A[.]" (Dkt 117, at 1). BAT reserves all rights regarding potential inconsistencies in NCR's confidentiality

designations but does not oppose NCR's de-designation of the documents cited in Mr. Goodstein's Report and takes no position on whether the Report should be filed under seal.

**Response to June 4, 2026 pre-motion conference request letter:** NCR also filed a pre-motion conference request on June 4, 2026 concerning its anticipated motion to strike the Report and preclude the testimony of Defendant BAT's expert witness, Michael Goodstein. BAT disagrees with NCR's position and intends to oppose any motion to strike or preclude Mr. Goodstein's testimony. However, BAT does not object to NCR's requested stay of the relevant deposition deadlines pending resolution of NCR's anticipated motion. Given that members of BAT's counsel team are in trials in other cases this month and next, BAT proposes the following briefing schedule: NCR's opening brief to be submitted with 10 days of the Court's pre-motion determination; BAT's opposition due 21 days thereafter; and NCR's reply due 7 days after BAT's opposition.

Respectfully submitted,

*Dennis H. Tracey, III*
Partner