**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NCR CORPORATION,<br><br>*Plaintiff*,<br><br>-against-<br><br>B.A.T INDUSTRIES p.l.c.<br><br>*Defendant*. | Case No. 1:23-cv-1172-JPC-SDA<br><br>**DECLARATION OF DENNIS H. TRACEY, III IN SUPPORT OF DEFENDANT B.A.T INDUSTRIES P.L.C.'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIMS** |

Dennis H. Tracey, III, declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner of Hogan Lovells Cadwalader US LLP, counsel for Defendant B.A.T Industries P.L.C. ("BAT") in the above-captioned matter. I submit this declaration in support of BAT's Motion for Leave to File an Amended Answer and Counterclaims.

2. A true and correct copy of a redline comparing the proposed Amended Answer to Plaintiff's Complaint and Counterclaims (the "Amended Answer and Counterclaims") to BAT's original answer and counterclaims (Dkt. No. 21, hereinafter the "Original Answer and Counterclaims") is attached hereto as Exhibit 1.

3. A true and correct copy of the proposed Amended Answer to Plaintiff's Complaint and Counterclaims is attached hereto as Exhibit 2.

**<u>Discovery in this Case</u>**

4. Over the course of discovery in this case, NCR made 36 productions, including approximately 1.35 million documents consisting of approximately 13.7 million pages.

5. NCR produced over 99% of these documents after November 29, 2024, the deadline to amend the Original Answer and Counterclaims set forth in the Court's scheduling order dated October 30, 2024. Dkt. No. 47.

6. Review and evaluation of these documents has been particularly time-consuming given the nature of the documents. The vast majority of documents produced by NCR were scans of hard copy documents from decades ago. As a result, search terms were not as effective as in cases where the documents consist of primarily emails, PDFs, and other electronic documents. The review process has therefore been more manual, labor intensive, and, importantly for present purposes, time consuming.

7. There have also been multiple discovery disputes that have slowed the pace of discovery. BAT raised a number of concerns with NCR over the course of discovery, resulting in several letters, emails, and telephonic meet and confers between the parties.

8. For example, over the course of discovery in this case, BAT has identified and raised issues relating to the date range NCR utilized when identifying documents to review, NCR's refusal to review its hard copy files in addition to its electronic files, and NCR's claims of privilege over joint defense material and factual investigations material.

9. The parties were able to resolve many of these disputes on their own, resulting in NCR producing many additional documents and revising their privilege log twice, with their most recent privilege log produced on February 24, 2026.

10. But the parties were not able to resolve all discovery disputes without court intervention. With respect to document discovery, BAT moved to compel NCR to expand the date range it applied to its documents and to compel NCR to produce hard copy documents. *See* Dkt. No. 73. Judge Aaron ruled on the motion on April 17, 2025, granting BAT's motion in part and

ordering further discovery of hard copy documents stored at NCR's facilities and expanding the date range for NCR's document review.

11. As a result of the discovery dispute resolution process between the parties, significant discovery in this case was provided late in the discovery process.

12. For example, NCR produced documents on January 20, 2026, and February 18–19, 2026.[1] By the time of the February productions, six of NCR's fact witnesses had already been deposed.

13. The documents produced in early 2026 have proven to be highly probative to the case. Of the 143 exhibits utilized in depositions from NCR's productions, 40 of those were produced in either January or February 2026 and as a result of the disputes between the parties referred to above.

14. In addition to document production, discovery included 17 deposition sessions totaling approximately 81 hours of deposition time, requiring 3,852 pages of deposition transcripts. All of the depositions occurred after the original deadline for amendment of pleadings.

15. BAT filed a motion to compel with respect to depositions as well. *See* Dkt. No. 110. On April 29, 2026, Judge Aaron granted BAT's motion, in part, ordering NCR to designate a 30(b)(6) witness for certain topics. Dkt. No. 114.

16. Pursuant to Judge Aaron's order on BAT's motion to compel, BAT completed its deposition of NCR's 30(b)(6) witness on June 30, 2026.

17. The discovery disputes between the parties are ongoing.

[1] NCR has characterized these productions as being responsive to new document requests. BAT believes that this is a mischaracterization, and that these document productions arose out of BAT's challenges to NCR's privilege claims, as outlined in BAT's summary of the privilege correspondence between the parties during this period, in Exhibit 3 at Appendix A.

18. The parties are currently engaged in a dispute regarding certain documents that appear on NCR's privilege log. BAT's issues with NCR's log are not apparent on the face of the log. BAT was only able to identify the issues after performing an extensive forensic comparison of NCR's privilege log (containing around 1,200 individual privilege claims) against Sidley's billing records (containing around 8,000 individual narrations).

19. On August 18, 2026, BAT sent a letter to NCR stating that, based on its forensic analysis, NCR is withholding documents which are not privileged. The letter also argues that NCR is selectively producing documents to advance its litigation position while, at the same time, withholding other documents on the same subject matter. BAT's letter included a list summarizing the results of its forensic analysis. *See* Exhibit 3 at Appendix B.

20. On August 27, 2026, NCR sent a letter in response to BAT's letter dated August 18, 2026, rejecting BAT's position.

21. On September 3, 2026, the parties met and conferred regarding this issue. Following the meet and confer, NCR informed BAT that they will endeavor to respond to BAT's request by the end of the week of September 7, 2026. At the time of filing, BAT has not heard back from NCR on this issue.

**<u>The Proposed Amendments</u>**

22. BAT filed the Original Answer and Counterclaims before discovery in this case began. Accordingly, BAT did not have access to NCR's internal documents at the time the Original Answer and Counterclaims was filed. Nor did BAT have access to these documents by November 29, 2024, the deadline to amend the Original Answer and Counterclaims set forth in the Court's scheduling order dated October 30, 2024.

23. During discovery, BAT gained access to NCR's internal documents, deposed a number of NCR witnesses, and received NCR's privilege logs. These sources of information are the primary basis for BAT's proposed amendments to the Original Complaint and Counterclaims (the "Proposed Amendments"), including but not limited to the following documents referenced in the accompanying Memorandum of Law:

a. The document bates stamped NCRV_00492701, a true and correct copy of which is attached hereto as Exhibit 4.

b. The document bates stamped NCRV_02650313, a true and correct copy of which is attached hereto as Exhibit 5

c. The document bates stamped NCRV_13582717, a true and correct copy of which is attached hereto as Exhibit 6.

d. The document bates stamped NCRV_13582784, a true and correct copy of which is attached hereto as Exhibit 7.

e. The document bates stamped NCRV_13585579, a true and correct copy of which is attached hereto as Exhibit 8.

f. The document bates stamped NCRV_13601949, a true and correct copy of which is attached hereto as Exhibit 9.

g. The document bates stamped NCRV_13602178, a true and correct copy of which is attached hereto as Exhibit 10.

h. The document bates stamped NCRV_13608897, a true and correct copy of which is attached hereto as Exhibit 11.

i. The document bates stamped NCRV_13609046, a true and correct copy of which is attached hereto as Exhibit 12.

j. The document bates stamped NCRV_13609074, a true and correct copy of which is attached hereto as Exhibit 13.

k. The document bates stamped NCRV_13609231, a true and correct copy of which is attached hereto as Exhibit 14.

l. The document bates stamped NCRV_13609262, a true and correct copy of which is attached hereto as Exhibit 15.

m. The document bates stamped NCRV_13610166, a true and correct copy of which is attached hereto as Exhibit 16.

n. The document bates stamped NCRV_13610241, a true and correct copy of which is attached hereto as Exhibit 17.

o. The document bates stamped NCRV_13610987, a true and correct copy of which is attached hereto as Exhibit 18.

p. The document bates stamped NCRV_13610988, a true and correct copy of which is attached hereto as Exhibit 19.

q. The document bates stamped NCRV_13611024, a true and correct copy of which is attached hereto as Exhibit 20.

r. The document bates stamped NCRV_13611059, a true and correct copy of which is attached hereto as Exhibit 21.

s. The document bates stamped NCRV_13611096, a true and correct copy of which is attached hereto as Exhibit 22.

t. The document bates stamped NCRV_13611132, a true and correct copy of which is attached hereto as Exhibit 23.

u. The document bates stamped NCRV_13611171, a true and correct copy of which is attached hereto as Exhibit 24.

v. The document bates stamped NCRV_13611362, a true and correct copy of which is attached hereto as Exhibit 25.

w. The document bates stamped NCRV_13611396, a true and correct copy of which is attached hereto as Exhibit 26.

x. The document bates stamped NCRV_13611443, a true and correct copy of which is attached hereto as Exhibit 27.

y. The document bates stamped NCRV_13611486, a true and correct copy of which is attached hereto as Exhibit 28.

z. The document bates stamped NCRV_13611524, a true and correct copy of which is attached hereto as Exhibit 29.

aa. The document bates stamped NCRV_13611563, a true and correct copy of which is attached hereto as Exhibit 30.

bb. The document bates stamped NCRV_13611603, a true and correct copy of which is attached hereto as Exhibit 31.

cc. The document bates stamped NCRV_13611645, a true and correct copy of which is attached hereto as Exhibit 32.

dd. The document bates stamped NCRV_13611685, a true and correct copy of which is attached hereto as Exhibit 33.

ee. The document bates stamped NCRV_13611719, a true and correct copy of which is attached hereto as Exhibit 34.

ff. The document bates stamped NCRV_13611748, a true and correct copy of which is attached hereto as Exhibit 35.

gg. The document bates stamped NCRV_13611783, a true and correct copy of which is attached hereto as Exhibit 36.

hh. The document bates stamped NCRV_13613275, a true and correct copy of which is attached hereto as Exhibit 37.

ii. The document bates stamped NCRV_13613301, a true and correct copy of which is attached hereto as Exhibit 38.

jj. The document bates stamped NCRV_13613326, a true and correct copy of which is attached hereto as Exhibit 39.

kk. The document bates stamped NCRV_13613350, a true and correct copy of which is attached hereto as Exhibit 40.

ll. The document bates stamped NCRV_13613374, a true and correct copy of which is attached hereto as Exhibit 41.

mm. The document bates stamped NCRV_13613399, a true and correct copy of which is attached hereto as Exhibit 42.

nn. The document bates stamped NCRV_13613425, a true and correct copy of which is attached hereto as Exhibit 43.

24. The Proposed Amendments are also based on the deposition testimony of, among others, NCR and its outside counsel, including:

a. The deposition of Pamela Hanebutt, which took place on January 29, 2026. A true and correct copy of the relevant portions of the transcript of this deposition are attached hereto as Exhibit 44.

b. The deposition of John M. Heyde, which took place on June 30, 2026. A true and correct copy of the relevant portions of the transcript of this deposition are attached hereto as Exhibit 45.

c. The deposition of Jonathan Hoak, which took place on April 21, 2026. A true and correct copy of the relevant portions of the transcript of this deposition are attached hereto as Exhibit 46.

d. The deposition of J. Andrew Schlickman, which took place on February 27, 2026. A true and correct copy of the relevant portions of the transcript of this deposition are attached hereto as Exhibit 47.

e. The deposition of J. Andrew Schlickman, which took place on April 15, 2026. A true and correct copy of the relevant portions of the transcript of this deposition are attached hereto as Exhibit 48.

f. The deposition of Evan B. Westerfield, which took place on February 16, 2026. A true and correct copy of the relevant portions of the transcript of this deposition are attached hereto as Exhibit 49.

25. The Proposed Amendments are also based on certain entries in NCR's most recent privilege log (produced on February 24, 2026). There are approximately 1,200 entries in NCR's privilege log. For ease of reference, attached hereto as Exhibit 50 are the entries from NCR's most recent privilege log that BAT cites in its accompanying Memorandum of Law.

26. The exhibits attached hereto are not an exhaustive list of all of the documents that NCR has produced that support the Proposed Amendments. The Proposed Amendments are based on the entirety of discovery in this case. Only key examples that are expressly referenced in the motion are included due to the volume of documents that support the Proposed Amendments.

27. The motion also refers to the document bates stamped NCRV_00020488, a true and correct copy of which is attached hereto as Exhibit 51.

**BAT Promptly Moved to Amend the Original Answer and Counterclaims**

28. Throughout this case, BAT diligently reviewed the discovery provided to it by NCR.

29. NCR's 30(b)(6) deposition concluded on June 30, 2026. Thereafter, BAT worked diligently on amendments to the pleadings and promptly prepared BAT's Amended Answer and Counterclaims.

30. Since the Proposed Amendments are based on information that was peculiarly within the knowledge of NCR, BAT could not make the Proposed Amendments until it deposed NCR's witnesses, reviewed NCR's voluminous document productions, and completed an extensive forensic analysis comparing the documents NCR produced to the testimony of its own witnesses. This analysis could not be completed until BAT deposed NCR's witnesses because the witnesses' testimony was itself often necessary to understand the significance of particular documents and, in turn, their relationship to the documentary record.

31. On August 18, 2026—49 days after BAT deposed NCR's 30(b)(6) witness—BAT sent NCR clean and redline versions of the Amended Answer and Counterclaims), and asked if NCR would consent to BAT filing the Amended Complaint.

32. On August 24, 2026, NCR responded that it did not consent to the Amended Answer and Counterclaims.

33. On August 27, 2026, the parties agreed to a briefing schedule that required BAT to file the motion by September 10, 2026. Dkt. No. 138. Later that day the Court so ordered the parties' agreement. Dkt. No. 139.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
September 10, 2026

By: */s/ Dennis H. Tracey III*
Dennis H. Tracey III, Esq.