# EXHIBIT 17

# MEMORANDUM

Commented [DocX971]: ***DocX97 Reports HeaderA-1 text was:***
Sidley & Austin Chicago
***End Of HeaderA-1***

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY WORK PRODUCT**

**TO:** Pamela R. Hanebutt
**FROM:** Evan B. Westerfield
**RE:** Fox River — RMT Conflict of Interest
**DATE:** [date \@ "MMMM d, yyyy"]

I have reviewed the RMT retention agreement (a copy of which is attached) to determine whether it restricts RMT from undertaking the proposed work at the Kalamazoo. The only potentially relevant provisions are paragraph 2 and paragraph 11.2. Neither provides a strong argument that RMT is contractually barred from accepting this other work. Paragraph 2 is explicitly limited to the Fox River. Paragraph 11.2 is a warranty that arguably means only that RMT did not have any other agreements that would restrict its ability to testify at the time of signing. Moreover, it is not clear that the other work at the Kalamazoo would constitute a "restrictive obligation" or that it would materially "impair Consultant's ability to ... give testimony...." (The credibility of their testimony would be impaired, but not their ability to give it.)

It looks like we will likely tell RMT that NCR and API object to their undertaking the proposed work at the Kalamazoo. One reason is the virtually certain positional conflicts, i.e., trying to maximize the partitioning rate for one case (Kalamazoo) while trying to minimize it for the other (Fox), or trying to maximize the amount of NCR paper recycled for one case (Fox) vs. trying to minimize it for the other (Kalamazoo). (RMT will likely say that what is does is science, not advocacy.) Another reason is the likely actual conflict, i.e., NCR and API get sued at the Kalamazoo, and they look to RMT to prepare a mass balance estimation.

We may be able to "soften the blow" by saying: (i) it is not really lost business because once it finds out about RMT's "conflict," Weyerhauser will likely have the same misgivings about having RMT work on the Kalamazoo that NCR and API do; (ii) if your concern is to get business at other PCB-contaminated river sites, you are better off sticking with NCR/API, who will likely be named (though not necessarily found liable) at all these sites; (ii) if your concern is that this matter does not generate sufficient revenues for RMT to justify not taking this other work, commit to putting more people to work on this case (at this point in our game plan, we could put those other resources to work).